UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASIMIRO JOSE CANHA CAVACO DIAS,<br><br>Plaintiffs,<br><br>v.<br><br>RULA NABIL KHOURY CAVACO DIAS,<br><br>Defendants. | Case No. 24-cv-04471-EMC<br><br>**FURTHER ORDER RE INTERIM ACCESS AND VISITATION**<br><br>Docket No. 66 |

Following oral argument on September 18, 2024, on Petitioner Casimiro Jose Canha Cavaco Dias's Motion for Access Pending Trial, the Court issued a Minute Order, Docket No. 96, authorizing supervised virtual and in-person visitations ("Court-Ordered Supervised Visitations") with I.D., N.D., and C.D. ("the Children"). The Court ordered the Parties to meet and confer and agree upon terms for those visitations. The Parties submitted letter briefs on September 19 and 23, 2024.

The Court subsequently issued an Order on Petitioner's Motion for Access Pending Trial, Docket No. 98, establishing certain terms for supervised access and visitation and ordering the Parties to meet and confer regarding additional conduct orders and issues addressed in the Parties' letters. As the Parties have agreed to the following terms, the Court **ORDERS** that the following conditions shall apply for any virtual or in-person visitations. These conditions apply in addition to the conditions laid out by the Court's prior orders, Docket No. 96 and Docket No. 98.

1. Petitioner must not travel to or enter California without 72 hours' prior written notice to Respondent's counsel for each visit, and Petitioner shall disclose the location where he is staying during each visit to California to Respondent's counsel as Attorneys'

Eyes Only.

    a. Petitioner shall not approach within 100 yards of Ms. Dias and I.D., N.D., and C.D. ("Children"), except as permitted by the Court, Docket Nos. 96, 98, for Court-Ordered Supervised Visitations during the pendency of this Action.

    b. Petitioner will strictly adhere to the Terra Firma's ("Supervisor") guidelines, timing, and other requirements as to all exchanges during Court-Ordered Supervised Visitations.

2. Petitioner shall not have any unsupervised contact with the Children outside Court-Ordered Supervised Visitations. Petitioner shall not contact the Children outside the Court-Ordered Supervised Visitations.

3. Petitioner shall not call, text, email, or otherwise contact Respondent, the Respondent's family, the Children, or the Children's California school through the pendency of the proceeding except as otherwise permitted by the Court. It shall not be a violation of this Order for Petitioner's Counsel to contact witnesses to meet the deadlines and requirements of this trial.

4. The Supervisor has authority to terminate any Court-Ordered Supervised Visitations pursuant to California Rules of Court Standard 5.20, in addition to authority to terminate any Court-Ordered Supervised Visitations pursuant to any prior order issued by this Court, Docket Nos. 96, 98.

5. Court-Ordered Supervised Visitations will be arranged by the Parties' counsel and the Supervisor, and never directly or indirectly by or between Petitioner and Respondent. To the extent possible, the schedule shall be memorialized in written Stipulation and Order to provide for consistency, certainty, and reduce unnecessary fees and conflict.

6. Petitioner shall not contact Ms. Dias except via Our Family Wizard, Docket No. 98. Respondent agrees to provide at least two photos of each Child per week and will provide more if more are taken.

2

7. Petitioner shall not raise his voice, use swear or curse words, or use any abusive language during any Court-Ordered Supervised Visitations. Petitioner agrees to only speak English during the visits.

8. Neither parent shall make attempts to influence any child's view of the dispute or discuss the pending litigation with the Children.

9. Petitioner shall not make threats to, including but not limited to the Children, Respondent, Respondent's family members, and/or Respondent's friends. Petitioner will not make threats relating to the Children's therapist, anyone at the Children's school, or any person or ethnic group.

10. Neither Party shall discuss pending litigation with the Children.

11. Petitioner shall not raise the issue of his relationship with Respondent or ask questions about the Children's relationship with Respondent during any Court-Ordered Supervised Visitations. Neither the Supervisor nor the Children shall be used to gather information about the other Party or caretaker or to transmit documents, information, or personal possessions. Respondent agrees to not prompt any discussion of Respondent during Court-Ordered Supervised Visitations. If the Children discusses or mentions Respondent in relation to relaying information about their day or activities, Petitioner is permitted to ask questions about those activities without referencing Petitioner directly, but Petitioner shall not seek follow-up on anything related to Petitioner.

12. Neither parent shall make any statements to suggest the Children are unsafe with the other parent, that they need to be saved or rescued, that they have been kidnapped or make any statements about efforts to locate the Children following their departure from Armenia pending the disposition of the trial set for October 29, 2024, and further order of this Court.

13. Neither Party shall attempt to influence testimony of the Children's view of the pending dispute.

14. Neither Party shall use profanity or insults when speaking with the Children, including the

word "cockroach" which has particular resonance to all Parties involved.

15. Neither parent shall discuss court proceedings with the Children in any manner. Petitioner will not promise to "fix things" or "stop everything" or otherwise make promises to the Children about the outcome of litigation or resolution of family problems.

16. All Children shall appear for Court-Ordered Supervised Visitations pending further order of the Court. Visitation, the visit will be rescheduled at a time when all three Children can attend. If one of the Children cannot join due to a doctor appointment, or due to sickness and confirmation from the pediatrician is provided, the visit with the other two Children should proceed. On the other hand, a school activity should not prevent the Child from attending a Court-Ordered Supervised Visitation with Petitioner, as visitation between Petitioner and the Children shall take priority.

17. If the Children independently raise issues or topics the Parents have agree not to discuss, Petitioner will attempt to redirect the Children. Petitioner will not imply or suggest to the Children that things will be "worked out" between the parents. If the Children independently raise issues or topics that Petitioner is not allowed to discuss during Court-Ordered Supervised Visitations, he may tell the Children not to worry about that issue or topic and change the subject. He may also explain to the Children that he is not allowed to discuss that issue with the Children at this time.

18. The Supervisor will be present for in person visits and shall supervise remotely during video visits. Respondent may elect to take the Children to Terra Firma's facility for remote visitations.

Additionally, the Court **ORDERS** that the following conditions shall apply for any virtual or in-person visitations. These conditions apply in addition to the conditions laid out by the Court's prior orders, Docket Nos. 96 and 98.

19. Neither party shall make any threat or promise regarding the Children's toys or belongings in Armenia. Petitioner may bring toys with him on supervised visits, and may have

4

stuffies or other favored toys participate in video visits.

20. Prior to the initial Court-Ordered Supervised Visitation by video, and weekly thereafter, Respondent shall share an update on the Children's school classes and extracurricular activities so that Petitioner can talk to them about their activities during court-ordered visitation. The Children may discuss what they did during their activities generally (*i.e.*, "we had soccer practice today;" "we practiced painting in art class"). Petitioner may not ask the Children details about the logistics of those activities, such as who the soccer coach is, where practice takes place, or at what exact times those activities take place.

21. Unless otherwise ordered by the Court, no statements made by the Children during any video or in person visit will be admissible in Court. The supervisor's reports, including any reference to the Children's behavior, demeanor, emotions, or the like, will be admissible in Court. Additionally, because Petitioner is a party to the Hague Petition, Petitioner's statements and behavior during any visitation will be admissible in Court.

22. Petitioner agrees to surrender the permanent United States passports and any other passports for the Children that may be in his possession, custody, or control to the Court.

23. Parties are ordered to meet and confer regarding equivalent access of experts to the Children under Federal Rule of Civil Procedure 35(a). Parties shall issue letters to this Court by **September 27, 2024** regarding the outcome of their efforts. If no agreement is reached, Petitioner may move for access for an Independent Medical Exam of the Children on an expedited basis.

**IT IS SO ORDERED**.

Dated: September 24, 2024

_____
EDWARD M. CHEN
United States District Judge

5