1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 CASIMIRO JOSE CANHA CAVACO                     Case No.  24-cv-04471-EMC
DIAS,
8
Petitioner,
9                                               **ORDER GRANTING IN PART AND
v.                                              DENYING IN PART PETITIONER'S
10                                              MOTION FOR MENTAL
RULA NABIL KHOURY CAVACO DIAS,                  EXAMINATIONS**
11
Respondent.                     Docket No. 109
12

13

14        Currently pending before the Court is Petitioner's motion for mental examinations.

15 Petitioner seeks examinations of each of his three children, as well as an examination of

16 Respondent.

17        The parties agree that the governing rule is Federal Rule of Civil Procedure 35.  Rule 35

18 provides in relevant part as follows: "The court . . . may order a party whose mental or physical

19 condition . . . is in controversy to submit to a physical or mental examination by a suitably

20 licensed or certified examiner.  The court has the same authority to order a party to produce for

21 examination a person who is in its custody or under its legal control."  Fed. R. Civ. P. 35(a)(1).

22        Respondent's mental condition is not in controversy.  Therefore, Petitioner's motion to

23 take a mental examination of Respondent is **DENIED**.

24        The mental conditions of the children are sufficiently in controversy to warrant an IME,

25 and thus the motion is **GRANTED** as to the children.  Respondent has alleged that "returning the

26 children to Armenia would expose them to a grave risk of physical and/or psychological harm that

27 will place them in an intolerable situation."  Answer ¶ 3.  That Respondent's defense of grave risk

28 may arise only if Petitioner establishes that Armenia was the children's habitual residence, *see In*

United States District Court
Northern District of California

United States District Court
Northern District of California

*re ICJ*, 13 F.4th 754, 760 (9th Cir. 2021) (noting that the Hague Convention "recognizes several 'narrow' defenses to, or exceptions from, returning the child to her country of habitual residency," one of which is grave risk), does not mean that the children's mental condition is not in controversy in this case for purposes of taking discovery.  Moreover, that Respondent bears the burden of establishing grave risk does not mean that Petitioner is precluded from exploring in discovery evidence related to grave risk.  And even if "dueling" expert examinations may not be routine or common, there does not appear to be any authority barring such examinations either.  Indeed, a blanket bar would raise due process concerns.

This leaves the question of the time, place, manner, conditions, and scope of the examinations of the children.

(1) The examinations of the children may be taken by the expert designed by Petitioner, Dr. Favaro.  To the extent Respondent argues that Dr. Favaro is not trained in trauma or treating children that have been subject to, or witnesses of, abuse at the hands of their parent, that is an argument that she may make at trial.  Dr. Favaro appears to have experience in child and adolescent psychology such that he is qualified to do mental examinations of the children.

(2) Each child may be examined one time (not two times).  Each examination may last no longer than one hour total.

(3) The parties shall meet and confer as to an appropriate location for the examinations, whether there may be an independent third-party observer for the examinations, and whether the examinations may be recorded.  **The parties are expected to meet and confer in good faith.  If a party fails to do so, they risk being sanctioned.  The parties shall report back on their meet and confer efforts by 9:00 a.m. on October 2, 2024.  If they are unable to reach agreement, each party shall state its last offer of compromise.**

(4) The examinations shall be completed by October 5, 2024, at 5:00 p.m. such that Dr. Favaro may provide a rebuttal report by 9:00 a.m. on October 6, 2024.

(5) The parties shall schedule the examinations so that they do not interfere with

2

1         Petitioner's personal visits with the children.

2         **Counsel are ordered to provide a copy of this order to their clients and to have a**

3 **voice-to-voice meeting with their clients to go over *each* of the terms of this order, including**

4 **the term that there is a risk of sanctions if they conduct themselves unreasonably.**

5         **Counsel are to inform their clients that they and/or their counsel have taken extreme**

6 **positions which the Court views with disfavor and is of no benefit to the clients.  The Court**

7 **expects that pretrial filings will not continue on this path.  Although this trial involves**

8 **sensitive and serious issues, this does not mean that the trial cannot be conducted in a civil**

9 **and reasonable manner.**

10

11         **IT IS SO ORDERED**.

12

13 Dated: October 1, 2024

14

15 _____

16 EDWARD M. CHEN
United States District Judge

*United States District Court*
*Northern District of California*

3