**APPENDIX 1: JOINT WITNESS LIST**
*Dias v. Dias*, 3:24-CV-04471-EMC (N.D. Cal.)

| Offered by | Witness Name | Testimony Type (Live/Remote) | Substance of Testimony (from offering party) | Estimated Length of Testimony (direct examination)[1] | Estimated Length of Testimony (cross examination) | Theories and Conclusions (Experts only) | CV and Expert Report attached (Yes/No) |
|---|---|---|---|---|---|---|---|
| Petitioner | Casimiro Canha Cavaco Dias | Live | Mr. Dias will testify with regard to all facts to establish that the Children were habitually resident in Armenia at the time of the removal to the United States. He will also likely testify as a rebuttal witness to the defenses raised by Respondent, namely the grave risk of harm defense. | 1.5 hours (45 minutes for case in chief and 45 minutes for rebuttal expected) | 1.75 hours | | |
| Petitioner | Dr. Peter Favaro | Live | Dr. Peter Favaro is expected to testify with regard to his expert opinions rebutting the report of Respondent's expert and whether a grave risk of harm is present in returning the Children to Armenia. | 1 hour | 30 minutes | Dr. Favaro's expert rebuttal report criticizes Dr. Petracek expert report for failing to provide balanced and neutral information, conflating her role as a forensic expert with that of a treating therapist, and for presenting speculative and prejudicial opinions as facts without sufficient caveats or guidance. It highlights concerns about her reliance on self-reports and criticized psychological tests, her failure to consider alternative explanations for the children's statements, and the ethical implications of her approach in a forensic setting. | Yes |

---

[1] Respondent also proposes reserving a total of 30 minutes of trial time for arguments: 15 minutes for an opening and 15 minutes for a closing. Respondent also respectfully submits that her case will require at least ten hours of total time (9.5 for witnesses, and .5 for arguments). Petitioner's position is that seven hours of time for each side is sufficient, but to the extent that Respondent is granted ten hours for her case, Petitioner respectfully requests the same amount of time for his case. To the extent that additional time is granted for Petitioner to put on his case, the estimated length of testimony for each witness would be increased proportionally based on the additional time granted.

**APPENDIX 1: JOINT WITNESS LIST**
*Dias v. Dias*, 3:24-CV-04471-EMC (N.D. Cal.)

| Offered by | Witness Name | Testimony Type (Live/Remote) | Substance of Testimony (from offering party) | Estimated Length of Testimony (direct examination)[1] | Estimated Length of Testimony (cross examination) | Theories and Conclusions (Experts only) | CV and Expert Report attached (Yes/No) |
|---|---|---|---|---|---|---|---|
| Petitioner | Dr. Ashkhen Dashyan | Remote | Dr. Ashkhen Dashyan is expected to provide expert testimony regarding Armenian law and the ameliorative measures available in Armenia, as well as to address any testimony or opinions presented by the Respondent's witnesses at the hearing on these matters. | 45 min | 30 minutes | Dr. Dashyan's expert report details the comprehensive protective measures available for victims of violence in Armenia, along with strategies for violence prevention. Armenian law provides three main protective measures: a warning, an emergency intervention order, and a protective order, all of which are supported by domestic authorities who supervise and monitor registered individuals. In addition to these administrative sanctions, victims benefit from the possibility of initiating a criminal case against the perpetrator, which can lead to the detention of the alleged offender as a preventive measure, thereby enhancing protection for the victims. Dr. Dashyan also notes in her rebuttal expert report that if the children wish to live with their mother while maintaining contact with their father, this arrangement can be implemented according to an Armenian court's ruling, with legal consequences for any party that fails to comply with the court's order. | Yes |
| Petitioner | Matheus Emmanual | Remote | Mr. Guerra is a fact witness who is expected to testify with regard to the | 20 minutes | 15 minutes | | |

**APPENDIX 1: JOINT WITNESS LIST**
*Dias v. Dias*, 3:24-CV-04471-EMC (N.D. Cal.)

| Offered by | Witness Name | Testimony Type (Live/Remote) | Substance of Testimony (from offering party) | Estimated Length of Testimony (direct examination)[1] | Estimated Length of Testimony (cross examination) | Theories and Conclusions (Experts only) | CV and Expert Report attached (Yes/No) |
|---|---|---|---|---|---|---|---|
| | Van Tol Guerra | | Children's habitual residence in Armenia and the parties' intentions to remain in Armenia, as well as facts related to the parties' relationship and Petitioner's relationship with the Children. | | | | |
| Petitioner | Pedro Miguel Esteves da Fonseca Corte | Remote | Mr. Corte is a fact witness who is expected to testify with regard to the Children's habitual residence in Armenia and the parties' intentions to remain in Armenia, as well as facts related to the parties' relationship and Petitioner's relationship with the Children. | 20 minutes | 15 minutes | | |
| Petitioner | Maria Elisabete Canha Torres Rodrigues | Remote | Ms. Rodrigues is a fact witness who is expected to testify with regard to the Children's habitual residence in Armenia and the parties' intentions to remain in Armenia, as well as facts related to the parties' relationship and Petitioner's relationship with the Children. | 20 minutes | 15 minutes | | |
| Respondent | Rula Nabil Khoury Cavaco Dias | Live | Ms. Dias will testify to facts establishing that Armenia was not and is not the habitual residence of her children I.D., N.D., and C.D. (collectively, the "Children") at the time of removal and that she and Petitioner did not have the intent to remain in Armenia. Ms. Dias will further testify to facts sufficient to establish the grave risk defense, including but not limited to facts relating to her relationship with | 2 hours (1.5 direct, 30 minutes redirect) | 50 hour | | |

**APPENDIX 1: JOINT WITNESS LIST**
*Dias v. Dias,* 3:24-CV-04471-EMC (N.D. Cal.)

| Offered by | Witness Name | Testimony Type (Live/Remote) | Substance of Testimony (from offering party) | Estimated Length of Testimony (direct examination)[1] | Estimated Length of Testimony (cross examination) | Theories and Conclusions (Experts only) | CV and Expert Report attached (Yes/No) |
|---|---|---|---|---|---|---|---|
| | | | Petitioner, the family's travels around the world throughout the years and the physical and psychological abuse Petitioner inflicted upon herself and upon the Children that resulted in Ms. Dias fleeing Armenia with the Children in fear for her life. | | | | |
| Respondent | Michel Khoury | Live | Mr. Khoury is a fact witness and is expected to testify about facts relating to his relationship with Petitioner, Petitioner's relationship with his sister, and his own relationship with the Children. | 45 minutes | 10 minutes | | |
| Respondent | Jane Khoury | Live | Ms. Khoury is a fact witness in and is expected to testify about facts relating to Petitioner's relationship with her sister, her observations regarding the Children over time, and the parties' intent to leave Armenia and/or intent to remain in Armenia for only a short time. | 45 minutes | 10 minutes | | |
| Respondent | Eva Karam | Remote | Mrs. Khoury is a fact witness and is expected to testify about facts relating to Petitioner's relationship with Respondent and other members of Respondent's family. | 15 minutes | 5 minutes | | |
| Respondent | Agnieszka de Witt | Remote | Mrs. de Witt is a fact witness and is expected to testify about facts relating to Armenia not being the Children's habitual residence, including with respect to the parties' lack of intent to remain in Armenia. | 15 minutes | 5 minutes | | |

**APPENDIX 1: JOINT WITNESS LIST**
*Dias v. Dias*, 3:24-CV-04471-EMC (N.D. Cal.)

| Offered by | Witness Name | Testimony Type (Live/Remote) | Substance of Testimony (from offering party) | Estimated Length of Testimony (direct examination)[1] | Estimated Length of Testimony (cross examination) | Theories and Conclusions (Experts only) | CV and Expert Report attached (Yes/No) |
|---|---|---|---|---|---|---|---|
| Respondent | Julia Iuliia Geslin (Tenata) | Remote | Mrs. Geslin is a fact witness and is expected to testify about facts relating to Petitioner's relationship with Respondent and Petitioner's relationship with the Children, as well as the wellbeing of the Children while the family lived in Jamaica. | 15 minutes | 5 minutes | | |
| Respondent | Dr. Laura Petracek | Live | Dr. Petracek is designated as an expert for Respondent in this case. Dr. Petracek is an expert on domestic violence (physical and psychological) with 30 years of experience on how such violence affects women and children. In the present litigation, she will provide expert testimony on (1) whether in her experience and expert opinion Petitioner committed intimate partner violence against Respondent and the Children; (2) how that domestic violence has psychologically and emotionally harmed the Children; and (3) how further exposure to that type of violence will put the Children at grave risk of harm should they be returned to Petitioner. She will separately testify regarding her analysis and treatment of the Children specifically, I.D., N.D., and C.D., and that in her expert opinion, supported by over 30 years of clinical work, the Children have suffered physical and psychological trauma as a result of living in a home with domestic violence, and would be at grave risk if | 1 hour | 45 minutes | Dr. Petracek is an expert on domestic and intimate partner violence and how such violence (psychological and physical) affects and impacts children. Based on more than 40 years of scientific literature and clinical studies, she concludes that children living in a home with a person who is prone to rage, has committed psychological and mental abuse against their partner and children, suffer from severe trauma responses, including, but not limited to extreme anxiety, PTSD, fear, and OCD.<br><br>Dr. Petracek separately opines, based on her 30 years of clinical experience, and as the children's treating psychologist since May 2024, regarding the effect of intimate partner violence (both physical and psychological) on the subject Children. She has performed objective trauma | Yes |

**APPENDIX 1: JOINT WITNESS LIST**
*Dias v. Dias*, 3:24-CV-04471-EMC (N.D. Cal.)

| Offered by | Witness Name | Testimony Type (Live/ Remote) | Substance of Testimony (from offering party) | Estimated Length of Testimony (direct examination)[1] | Estimated Length of Testimony (cross examination) | Theories and Conclusions (Experts only) | CV and Expert Report attached (Yes/No) |
|---|---|---|---|---|---|---|---|
| | | | they were forced to return to Armenia. She will also provide expert rebuttal testimony as needed to respond to the testimony provided by Petitioner's proffered medical expert, Dr. Favaro. | | | assessments on all three Children and has concluded that the Children have in fact suffered trauma as a result of their time living with Petitioner and both witnessing and experiencing directly Petitioner's the psychological and physical abuse.  Dr. Petracek will further opine that the children have made significant progress in recovering from their trauma since being in the United States, and if forced to return to Armenia, the children would backtrack on their recovery and also almost certainly suffer additional trauma caused by Petitioner's abusive behaviors. | |
| Respondent | Dr. Tamar Shirinian | Remote | Dr. Shirinian is designated as an expert for Respondent in this case. Dr. Shirinian will provide expert testimony on all opinions set forth in her expert report and rebuttal expert report written for this case. In particular, she will provide expert testimony on the criminal justice mechanisms and community structures in Armenia and their failure to provide adequate protection to children living in a home with a parent inflicting physical or psychological harm— especially if the children are not Armenian. Dr. Shirinian will further | 45 minutes | 35 minutes | Dr. Shirinian opines that there are insufficient ameliorative measures in place in Armenia to protect the Children and Respondent from grave risk of harm at the hands of Petitioner, should Petitioner establish that Armenia was the Children's habitual residence and Respondent establish that there is a grave risk of exposure to harm should the Children be forced to return there.  Dr. Shirinian notes that the domestic violence law in place in Armenia is new and | Yes |

**APPENDIX 1: JOINT WITNESS LIST**
*Dias v. Dias,* 3:24-CV-04471-EMC (N.D. Cal.)

| Offered by | Witness Name | Testimony Type (Live/ Remote) | Substance of Testimony (from offering party) | Estimated Length of Testimony (direct examination)[1] | Estimated Length of Testimony (cross examination) | Theories and Conclusions (Experts only) | CV and Expert Report attached (Yes/No) |
|---|---|---|---|---|---|---|---|
| | | | provide expert testimony as needed to respond to the testimony provided by Petitioner's proffered Armenian law expert, Dr. Dashyan. | | | untested, and concludes that the prior iteration of that law was far below international standards for protecting victims of domestic abuse.  In particular, even the policies in place are unlikely to be enforced to the full extent of the law in order to protect victims.  Dr. Shirinian further opines that the cultural norms in Armenia focus primarily on the importance of the nuclear family and discourage outside involvement—including involvement by neighbors, community members, and the police—in what are considered to be private matters. | |