

City of New York, State of New York, County of New York

I, Jacqueline Yorke, hereby certify that the document "**Հավելված 3**" is, to the best of my knowledge and belief, a true and accurate translation from Armenian into English.

Jacqueline Yorke

Sworn to before me this
October 3, 2024

Signature, Notary Public

WENDY POON
Notary Public - State of New York
No. 01PO0000184
Qualified in Queens County
My Commission Expires February 02, 20 2 7

Stamp, Notary Public

  

# [logo:] ARLIS
ARMENIAN LEGAL INFORMATION SYSTEM



| | | | |
|---|---|---|---|
| *Number* | HO-320-N | *Kind* | Official Incorporation |
| *Type* | Law | *Status* | In effect |
| *Source* | Official Bulletin of the Republic of Armenia 12/30/2017/83(1358).1 Article 1347.1 | *Place of Adoption* | Yerevan |
| *Adopting authority* | National Assembly of the Republic of Armenia | *Date of Adoption* | 12/13/.2017 |
| Signatory Authority | President of the Republic of Armenia | Date of undersigning | 12/30/2017 |
| Adopting authority | | Date of Ratification | |
| Effective date | 03/31/2018 | Expiration date | |

⊟ **Notice**
On October 22, 2021, in connection with the filling of thirty autonomous vacant positions in the Anti-Corruption Committee in accordance with Part 2, Article 48, of the "Anti-Corruption Committee" Law, the law "On the Anti-Corruption Committee" and related acts come into full force starting October 23, 2021.
The Law has Final and Transitional provisions See Article 23.

⊞ **Links to other documents**
⊞ **Incorporators and Incorporations**

LAW OF THE REPUBLIC OF ARMENIA ON PREVENTION OF FAMILY AND DOMESTIC VIOLENCE, PROTECTION OF VICTIMS OF FAMILY AND DOMESTIC VIOLENCE

# LAW

## OF THE REPUBLIC OF ARMENIA

Adopted on December, 13, 2017

### ON PREVENTION OF FAMILY AND DOMESTIC VIOLENCE, PROTECTION OF VICTIMS OF FAMILY AND DOMESTIC VIOLENCE
*(title edited on 04/12/24 HO-169-N)*

### CHAPTER 1

### *GENERAL PROVISIONS*

The National Assembly of the Republic of Armenia with a view to:
Ensure special protection to the family as a natural and fundamental unit of society, to form the prevention of family and domestic violence,
Set forth legal mechanisms to prevent family and domestic violence, ensure safety and protection of the victims of family and domestic violence, and guarantee their rights and legitimate interests;
Regulate activities of competent bodies in preventing family and domestic violence and protecting victims of family and domestic violence
Stipulate legal grounds for operation of bodies responsible for provision of psychological, material and social assistance to the victims of family and domestic violence and their social rehabilitation.
*(Preamble amend. on 04/12/24 HO-169-N)*

**Article 1.**               Scope of law

1. This law shall stipulate legal and organizational grounds for prevention of family and domestic violence and protecting victims of family and domestic violence, provide a definition of family and domestic violence and protecting victims of family and domestic violence, set forth the competences of bodies designated to prevent family and domestic violence and protect the victims thereof, identify the types of protective measures, grounds for their use, particularities of legal protection of information about the persons subjected to family and domestic violence.
*(Article 1 amend. on 04/12/24 HO-169-N)*

**Article 2.**        **Principles for prevention and protection of victims of family and domestic violence**

1. Public and local authorities, their officials and nongovernmental organizations in their activities for prevention and protection of victims of family and domestic violence shall adhere to the following principles:
   1)   Primacy of providing safety and protection to victims of family and domestic violence and protecting victims of family and domestic violence;
   2)   Supporting the family as the natural and fundamental unit of society, strengthening traditional values and restoring peace in the family;
   3)   Priority of the child's best interests;
   4)   Guarantee equal rights and prohibit of discrimination;
   5)   access to justice;
   6)   Privacy of information on private and family life;
   7)   with the principles of cooperation between state, local self-government bodies and civil society.
*(Article 2 amend. on 04/12/24 HO-169-N)*

**Article 3.**        **Family and domestic violence and its forms**

*(title amended on 04/12/24 HO-169-N)*

1.   Family and domestic violence is physical, sexual, psychological or economic violence or negligence committed between family members or partners or former family members or former partners, regardless of the circumstances of their cohabitation.
2.   Forms of family and domestic violence:
   1)   **Physical violence** – an act of a physical nature against a person's will, including forcing to undergo medical, as well as psychiatric, interventions, depriving him/her of receiving medical care or obstructing such care, causing physical pain and other acts of violence, intentional infliction of health impairment, unlawful deprivation of liberty, intentional infliction of severe physical pain, as well as murder, serious, moderate or severe harm to health causing light damage, illegal deprivation of liberty, physical influence, causing severe physical pain, leaving in danger, kidnapping a person, stipulated in the Criminal Code of the Republic of Armenia.
   2)   **Sexual violence** – sexual actions against a person's will, including unwanted touching of a person's genitals and body parts, engaging a person in sexual acts with a third person, checking virginity, as well as crimes against sexual freedom and sexual integrity in the sense of the Criminal Code of the Republic of Armenia;
   3)   **Psychological violence** – causing psychological pressure, mental suffering to a person, including regular violation of human dignity, prohibiting or hindering contacts with relatives, friends and relatives, as well as exercising control, exerting pressure with the threat of self-harm or suicide, physical and economic violence, the threat of harm to domestic animals, intentionally performing such actions that cause a person to have a reasonable fear for his or her relative's or partner's or friend's safety or the safety of the person under care, as well as mental influence or severe mental suffering, leading to or tending to suicide, forcing, interfering with abortion (having an abortion) or sterilization;

4)   **Economic violence –** forcing a person into material dependence by depriving the latter of vital means of existence (food, clothing, housing, medicine, hygiene items, allowance or pension defined by law, including salary and other payments equal to it provided for a child), depriving a person of ownership or damaging the property owned by him, unlawfully restricting the rights to possess, dispose or use the property solely or jointly owned by the person, involving them in credit or financial transactions against the will of a person, forcing a person to bequeath or donate funds and property owned by the right of ownership, by restricting the rights of the person to education or free choice of employment;

5)   **Negligence –** intentional failure to provide minimum necessary living conditions (food, clothing, housing, healthcare and medical service, education) to the child by a parent or legal guardian, or minimum necessary living conditions (food, clothing, housing, healthcare and medical service) to incapable or disadvantaged parents by their capable and adult children when the parent or legal guardian or the capable adult children have appropriate information and resources as well as access to relevant services.

*(Article 3 amend., ed., suppl. on 04/12/24 HO-169-N)*

**Article 4.**             **Main terms of the law**

1. For the purposes of this law the following terms shall be used:

1)   Members of the family: regardless of the circumstances of cohabitation – a spouse (including the person in common marriage), former spouse, parent (including stepparent, adopting parent, foster parent), child (including adopted, stepchild or godchild), spouse of the adopting parent, parents of the spouse, grandmother, grandfather, sister, brother (including half-brother and half- sister), sister-in-law, brother-in-law, and son-in-law and daughter-in-law for the spouse's parents.

2)   **Support center** – an organization providing social support to persons subjected to family and domestic violence or allegedly subjected to family and domestic violence, and if necessary to family members of such persons, certified by the authorized body of the state administration system (hereinafter referred to as the Authorized Body);

3)   **Shelter (care center for victims of family and domestic violence)** – a safe temporary accommodation provided to the victims of family and domestic violence and persons under their care in cases stipulated in this law where they receive social services envisaged the Law of the Republic of Armenia;

4)   **Perpetrator of family or domestic violence** – a natural person against whom there is a warning, emergency intervention or protective decision in the manner prescribed in this law;

5)   **Victim of family or domestic violence** – a natural person who sustained family or domestic violence (also the child witnessing domestic violence) as determined by a warning, an emergency intervention or a preventive decision or a judgment of the court that entered into force;

6)   **Person under care** – a child, an elderly person or a person with disability living with the victim of family or domestic violence within the family under the permanent care of the latter;

7)   **Competent police officer** – a police officer of specialized unit for prevention of family or domestic violence and protection of victims of family or domestic violence.

8)   **Rehabilitation program** – comprehensive program for the perpetrator of family and domestic violence within the family aiming to prevent repeated violence through provision of psychological and social assistance, health rehabilitation and abolishment of bad habits (alcohol abuse, drug addiction, abuse of toxic substances, gambling addiction).

9)

10) **partner** - a person with whom there is a relationship, a special love relationship, regardless of the circumstances of cohabitation or having sexual relations with each other.

*(Article 4 amend. 06/26/23 HO-198-N, amend., ed., suppl. on 04/12/24 HO-169-N)*

*(Article 03/22/23 HO - 109 - N the amendment of the law enters into force on the date of entry into force of the Government's decision provided for in Article 2 of the same law)*

*(03/22/23 HO – 109 - N law has a final part and a transitional provision)*
*(06/26/23 HO – 198 - N law has a transitional provision)*

## CHAPTER 2

*PROTECTION MEASURES FOR VICTIMS OF FAMILY AND*
*DOMESTIC VIOLENCE*
*(title amend. 04/12/24 HO-169-N)*

**Article 5.**          **Types of protection measures for victims of family and domestic violence**

*(title amend. 04/12/24 HO-169-N)*

1.    Protection measures for victims of family and domestic violence are:
1)    Warning,
2)    Decision for emergency intervention, and
3)    Protective decision
2.    The decision to apply protection measures shall be well-grounded The protection measures shall be applied following the principles set forth in this law and ensuring the proportionality of intervention. The application of those measures shall not hinder the institution of a criminal case and criminal prosecution stipulated by law.

*(Article 5 amend.04/12/24 HO-169-N)*

**Article 6.**          **Warning**

1.    Warning shall be applied when the case of family and domestic violence was identified for the first time, there is no reasonable suspicion of an imminent threat of recurrence or continuation of violence, and there are no grounds for immediate intervention. The warning decision shall include a notification on applicable legal sanctions in case of continuing or repeated violence. The warning is issued as soon as possible after learning about the case.
2.    A copy of the well-grounded warning decision issued by the police officer shall be served to the family and domestic violence perpetrator against signed acknowledgment. The content of decision shall be communicated to the perpetrator via phone if the latter is absent at the scene of action; The content of decision shall be communicated
to the perpetrator via phone, if impossible, a copy of the decision shall be sent to the perpetrator within 24 hours to the place of registration through official e-mail or registered mail. The warning comes into effect from the moment of making the decision.
3.    The warning decision is subject to appeal in the hierarchical order within one month after the perpetrator of family and domestic violence has received it or its content was communicated to him via phone as well as in the court within deadlines stipulated in the Administrative Procedure Code of the Republic of Armenia.
4.    The police officer shall send a copy of the well-grounded warning decision issued to the support center of the permanent residence of the family and domestic violence perpetrator which shall as soon as possible offer rehabilitation program services to the family and domestic violence perpetrator to prevent new acts of violence.

*(Article 6 suppl. 06/26/23 HO-198-N, amend., edit. 04/12/24 HO-169-N)*
(06/26/23 HO – 198 -N law has a transitional provision)

**Article 7.**          **Emergency intervention order**

1.    An emergency intervention order is made by a competent police officer to protect the life and health of a member of the family if one member of the family, partner, former family member or ex-partner has committed violence against another member of the family and there is a reasonable belief of imminent risk of repeated or continuing violence. An emergency intervention order may also be made if a violent act without elements of offence is committed within one year after receiving a warning.

2.    The validity term of an emergency intervention order is set for 20-25 days. If during the validity term of an emergency intervention order the court examines the application for a protective decision, then it shall be effective until the ruling of the court.

3.    An emergency intervention order may apply the following restraining measures:

1)    to compel the person who committed family and domestic violence to immediately leave the place of residence of the victim of family and domestic violence and prohibit his return there until the expiration of the period defined by the decision;

2)    Prohibit the return of the perpetrator of family and domestic violence to the residence of the victim of family and domestic violence who live separately, and If necessary to the workplace, school, leisure places or residence of the persons under his care:

3)    Prohibit the perpetrator of family and domestic violence to stay from the victim of family and domestic violence (and persons under the victim's care, if necessary) at such a distance that will not raise in the latter a reasonable fear for personal safety. The order to apply this measure shall specify the distance:

4)    To surrender all firearms under his possession until the expiry of the deadline specified in the order. If the perpetrator of family and domestic violence possesses firearms, he shall immediately surrender those firearms to the police officer issuing the order at the time when this restraining order is communicated to him;

5)    Prohibit the perpetrator of family and domestic violence within the family to communicate with or contact the victim of family and domestic violence and persons under her care, if necessary, through phone, mail or other forms of communication.

4.    Restraining order may apply to any or all measures of Part 3 of this article specifying the same or different deadlines for those measures. The decision maker shall follow the principles of this law ensuring the proportionality of restraint when selecting the restraining measures.

5.    If the person under imminent threat is a minor or an incapable person, the competent police officer issuing the order shall send a copy of that order and relevant records to the guardianship and trusteeship body which shall assess the situation and undertake measures stipulated in law and its charter.

6.    If the emergency intervention order is issued against the only legal representative of a minor or incapable person living with the latter then the guardianship and trusteeship body, upon the receipt of a copy of the order but no later than within 24 hours, shall arrange the care of such minors or incapable persons following the procedure set forth by the legislation of the Republic of Armenia based on their best interest.

7.    A well-grounded decision of the competent police officer to issue an emergency intervention order shall become effective once it is served to the perpetrator of violence within the family. A copy of it is handed over to the person who committed family and domestic violence and the person subjected to family and domestic violence with a handwritten signature. if the latter is absent at the scene of action, the content of decision shall be communicated to the perpetrator via phone; if impossible, a copy of the decision shall be sent to the perpetrator via official e-mail or registered mail to the address of registration.

8.    When applying the restraining measure stipulated in Point 1, Section 3 of this article, the competent police officer issuing an emergency intervention order shall stay at the residence of the victim of violence within the family until the perpetrator of violence within the family collects his belongings and leaves the residence of the victim of violence within the family. After the order is in effect, the perpetrator of family and domestic violence may take his belongings from that venue only once and accompanied by a police officer. In cases where a police officer makes a decision to transfer a person subjected to family and domestic violence to a shelter, the competent officer shall not leave until the person subjected to family and domestic violence and persons under his care collect personal belongings from the place of residence.

9.    The competent police officer issuing an emergency intervention order shall immediately submit a copy of the order and relevant records to the chief of his unit.

10.    The perpetrator of family and domestic violence within the family shall refrain from such actions that will lead to nonfulfillment of obligations set forth for the perpetrator of violence within the family in the emergency intervention order. If the perpetrator of violence within the family intentionally and regularly commits such actions, the emergency intervention order may be revoked by the competent police officer issuing it. The same officer may revoke the emergency intervention order if prior to its expiry the court decides to apply protection order.

11.    The Police shall supervise the implementation of the emergency intervention order by the perpetrator of family and domestic violence.

11.1.

12.    The competent police officer issuing an emergency intervention order shall send a copy of the order to the support center at the permanent residence of the victim of family and domestic violence.

**13.**    *(section expired on 04/12/24 HO-169-N)*

14.    Failure to comply with the requirements of the emergency intervention decision by the perpetrator of family and domestic violence creates liability under the law.

15.    The emergency intervention order shall indicate the deadline for its appeal, the appeal body including the court where the order can be challenged, and the legal sanctions for breaching the order. The emergency intervention order can be challenged in the order of hierarchy within five days of notifying the perpetrator of violence within the family, and in the court within the deadline established by the Administrative Procedure Code of the Republic of Armenia. The appeal against the order shall not suspend its implementation. The administrative appeal shall be examined and a resulting decision shall be made within five days of its receipt.

*(Article 7 suppl. 06/26/23 HO-198-N, amend., edit. 04/12/24 HO-169-N)*

*(Article 03/22/23 HO - 109 - N regarding the amendment of the law enters into force on the date of entry into force of the Government's decision provided for in Article 2 of the same law)*

*(03/22/23 HO - 109 - N the law has a final part and a transitional provision)*

*(06/26/23 HO - 198 - N the law has a transitional provision)*

Article 8.                Protection order

1.    The victim or alleged victim of family and domestic violence within the family or the support center with the consent of the latter may submit to the court an application for protection order. If the victim of family and domestic violence is a minor or a person ruled by the court as incapable or with limited capability, the motion for the protection order could be made by close relatives, the legal representative and the guardianship and trusteeship body.

2.    The effectiveness of an emergency intervention order does not exclude the possibility to apply for a protection order.

3.    The protection order is issued to protect the victim of family and domestic violence and persons under the victim's care and prevent new acts of family and domestic violence.

4.    The protection order is issued for a period of 4-12 months and can be extended by the court for up to 6 months twice on the basis of a well-grounded application justifying the need for such extension.

5.    The protection order may apply the following restrictions:

1)    Immediately and forcibly remove the perpetrator of family and domestic violence from the residence of the victim of family and domestic violence and prohibit his return until the deadline established in the order. When establishing the deadline of this measure the court shall take into consideration the possibility and expediency of moving the victim of family and domestic violence and persons under their care to a shelter and availability of other places of residence for the perpetrator of family and domestic violence:

2)    If they live separately, prohibit the perpetrator of family and domestic violence, to visit the workplace, school, leisure places or residence of the victim of family and domestic violence and, if necessary, persons under the victim's care as well as other venues attended by the latter;

3)    Order the perpetrator of family and domestic violence to stay from the victim of family and domestic violence (and persons under their care, if necessary) at such a distance that will not raise in the latter a reasonable fear for personal safety. The order to apply this measure shall specify the distance;

4)   Order the perpetrator of violence within the family to surrender to the Police all firearms under his possession until the expiry of the deadline specified in the order;

5)   Require the perpetrator of family and domestic violence to share with the victim of family and domestic violence the living expenses for their common minor children or adult children with disabilities and persons under their joint care by paying the amount of alimony, envisaged by the Family Code of the Republic of Armenia. The court may require the perpetrator of family and domestic violence to cover other necessary expenses of the victim of family and domestic violence resulting from the violent act;

6)   Prohibit child visitations, if necessary;

7)   Prohibit the perpetrator of family and domestic violence to communicate with or contact the victim of family and domestic violence (and persons under their care, if necessary) through phone, mail or other forms of communication;

8)   Require the perpetrator of family and domestic violence to attend a rehabilitation program.

6.   Restrictions stipulated in the section 5 of this article may apply individually or jointly specifying the same or different deadlines for those measures.

7.   The Civil Procedure Code of the Republic of Armenia shall set forth the application requirements for protection order, the application review procedure, the judicial acts to be adopted by the court, the appeal procedure and the grounds for revoking a protection order. The Law on Advocacy of the Republic of Armenia shall set forth the grounds and procedure for providing a public defender for legal representation of the victim of family and domestic violence within the family in the court.

8.   If the protection order is issued against the only legal representative (or representatives) of a minor or incapable person living with the latter then the court shall instruct the guardianship and trusteeship body to arrange temporary care of such minors or incapable persons in accordance with the legislation of the Republic of Armenia and based on their best interest.

9.   The Police shall supervise the implementation of the protection order by the perpetrator of family and domestic violence. The perpetrator of family and domestic violence may take his belongings from the residence of the victim of family and domestic violence within the family once every two months accompanied by a police officer if the restraining measure stipulated in the section 5, clause 1 of this article is applied. If the perpetrator of family and domestic violence possesses firearms at the time of issuing the order s/he shall immediately and no later than within 10 hours surrender them to the Police if the restraining measure stipulated in the point 4, section 5 of this article is applied. The perpetrator of family and domestic violence may take his belongings from the residence of the victim of family and domestic violence within the family once every two months accompanied by a police officer if the restraining measure stipulated in the point 5 of section 5 is applied, and the Competent Authority shall oversee the implementation of requirement foreseen in clause 8 of the same section.

9.1.

10.   *(section expired on 04/12/24 HO-169-N)*

11.   Failure to comply to requirements of the protection order by the perpetrator of family and domestic violence within the family shall entail liability under the law.

*(Article 8 suppl. 06/26/23 HO-198-N, amend., edit., suppl. 04/12/24 HO-169-N)*
*(Article 03/22/23 HO – 109 – N regarding the amendment of the law enters into force on the date of entry into force of the Government's decision provided for in Article 2 of the same law)*
*(03/22/23 HO – 109 – N the law has a final part and a transitional provision)*
*(06/26/23 HO – 198 – N the law has a transitional provision)*

**Article 9.**            **Termination of an emergency intervention order and protection order due to institution of criminal proceedings**

*(title amend. 04/12/24 HO-169-N)*

1.   If in the scope of criminal investigation of family and domestic violence the perpetrator of family and domestic violence is detained or compulsorily placed in the medical facility, or the protection measures stipulated in the Republic of Armenia Criminal Procedure Code such as personal safety of the protected person, protection of her residence and property, relocation of the protected person to new residence, change of identification documents or change of appearance of the protected person are applied to the victim of family and domestic violence within the family then the restraining measures stipulated in the emergency intervention order and the protection order prohibiting the perpetrator to approach the victim, his/her residence or venues frequently attended by him/her are suspended for the period of the latter measures being effective.

2.    An emergency intervention order may be issued and an application for a protection order may be submitted if in the scope of criminal investigation of violence within the family the perpetrator of violence within the family is not detained or compulsorily placed in the medical facility and the investigation body has not applied the protection measures of the section 1 of this article. If in the scope of criminal investigation of family and domestic violence the perpetrator of family and domestic violence within the family is detained or compulsorily placed in the medical facility and the investigation body has applied the protection measures of the section 1 of this article, an emergency intervention order may be issued and an application for a protection order may be submitted if restraining measures stipulated thereof are not related to prohibiting the perpetrator to approach the victim, her residence or venues frequently attended by her.

*(Article 9 amend., 04/12/24 HO-169-N)*

**Article 10.**              **Conciliation of the perpetrator and the victim of family and domestic violence**


*(Article expired on 04/12/24 HO-169-N)*


**Article 11.**              **Preventive registration and deregistration of the perpetrator of family and domestic violence, monitoring cases of family and domestic violence**


**(title amend. on 04/12/24 HO-169-N)**

1.    The perpetrator family and domestic violence against whom a warning, an emergency intervention order or a protection order is issued as well as an adult with criminal record for family violence shall be registered by the Police for preventive purposes.

1.1.    A social worker from the local center providing social services conducts the monitoring for the prevention of family and domestic violence among the beneficiaries, by means of meetings, calls and other means of communication with persons subjected to violence, in accordance with the procedure established by the Authorized Body.

1.2.    In case of a minor the monitoring shall be carried out by the Police in the manner established by the Minister of Internal Affairs.

2.    The person under preventive registration is deregistered if within one year following the last act of violence within the family new emergency intervention or protection orders are not issued against him/her or he/she is not convicted for such crime.

3.    In the scope of preventive registration the police officer and the social worker from the local center shall have at least monthly meetings with the registered person and the victim of family and domestic violence to raise awareness.

*(Article 11 amend., edit., 06/26/23 HO-198-N, amend., edit., suppl. 04/12/24 HO-169-N)*
*(06/26/23 HO - 198 - N the law has a transitional provision)*

**Article 12.**              **Nonuse of protection measures against minors or incapable persons**

1.  Emergency intervention or protection orders are not issued against a minor or an incapable person.
2.  The juvenile perpetrator of family and domestic violence shall be referred by the Police to relevant community-based or state centers implementing rehabilitation programs following the procedure adopted by the Government for juvenile crime prevention, if there are no elements of crime in his actions.
3.  If the perpetrator of family and domestic violence is an incapable person then relevant provisions of the Law on Psychiatric Assistance of the Republic of Armenia and the Civil Procedure Code of the Republic of Armenia shall apply.

*(Article 12 amend.,04/12/24 HO-169-N)*

## CHAPTER 3

### BODIES AND SPECIAL INSTITUTIONS WITH MANDATE TO PREVENT FAMILY AND DOMESTIC VIOLENCE AND PROTECT VICTIMS OF FAMILY AND DOMESTIC VIOLENCE WITHIN THE FAMILY AND SOURCES OF THEIR FUNDING
*(title amend. on 04/12/24 HO-169-N)*

**Article 13.**          **Bodies and special institutions with mandate to prevent family and domestic violence and protect victims of family and domestic violence**

*(title amend. on 04/12/24 HO-169-N)*

1.  The following entities shall prevent family and domestic violence and protect victims of family and domestic violence as part of their competences:
1)  Authorized body in the field of social issues (hereinafter: Authorized body).
2)  Police;
3)  Executive Authority for education;
4)  Executive Authority for healthcare;
5)  Guardianship and trusteeship bodies;
6)  Special institutions providing support to victims of family and domestic violence:
a. support centers,
b. Shelters.
2.  State and local authorities within the scope of their competences shall support the fight against family and domestic violence and collaborate in this area with the Competent Authority. In this area the aforementioned authorities also participate in creating public awareness and providing social and material assistance to victims of family and domestic violence.
3.  The procedure for detecting the cases of family and domestic violence, referring persons exposed to family and domestic violence, assessing the risk of repeating a case of family and domestic violence, approving the requirements submitted to the activities of the support center, the services provided and the staff and the procedure for the provision of services by the support center, the activities of the shelter, the services provided and the procedure for approving the requirements submitted to the staff and the provision of services by the shelter, the program for the rehabilitation of persons who have committed family and domestic violence is approved by the Government.

*(Article 13 amend.,suppl.04/12/24 HO-169-N)*

**Article 14.**          **Mandate of the Competent Authority in the area of prevention of family and domestic violence and protection of victims of family and domestic violence**

*(title amend. on 04/12/24 HO-169-N)*

1.  In the area of preventing family and domestic violence and protecting victims of family and domestic violence the Competent Authority shall:
1)  develop state strategic measures within the framework of intersectoral strategic documents and ensures their implementation;

2)   develops the procedure for detection of cases of family and domestic violence, referral of persons subjected to family and domestic violence, assessment of the risk of recurrence of a case of family and domestic violence;

3)   Facilitate centralized registration of family violence cases following the procedure established by the Government decree and include information from the Police, Investigative Committee, Special Investigation Service, the Prosecutor's Office and the Republic of Armenia Judicial Department as well as data not registered by them and provided by support centers, guardianship and trusteeship bodies, and the National Competent Executive Authorities for education and healthcare; compile and annually publish relevant case statistics on its official website;

4)   Review root causes, conditions and consequences of family and domestic violence, develop programs to eliminate them;

5)   Following the procedure established by the Republic of Armenia Government license provision of social services to victims of family and domestic violence through the shelters by nonprofit legal entities;

6)   Establish shelters, conclude Government approved sample shelter financing agreements with nonprofit legal entities, oversee the operation of shelters partially or fully financed by the Competent Authority, including control over the use of funds;

7)   Oversee the compliance of shelters and their staff to requirements set forth for them by the Government, supervises compliance with the requirements set by the Government for the operation of the shelter;

8)   Oversee the activities of support centers established by the Government, the services provided and the staff, compliance with the requirements for the provision of services by the support centers;

9)   Arrange regular trainings for staff of support centers and shelters and cooperate in this field with relevant nongovernmental and international organizations;

10)   Regularly publish publicly available list of communication channels (including the phone numbers of a free "Hotline" service for victims of violence within the family that support centers must have) that the victims of family and domestic violence, the members of their family and others can use to immediately contact an employee of the support center or a relevant specialist engaged by the center to receive pro bono necessary help and in case of people with disabilities this help shall also be accessible for them;

11)   Pursuant to the procedure established by the Government open and manage an account for provision of temporary assistance to victims of family and domestic violence. The account is replenished by allocations from the Government budget, donations from natural persons and legal entities and other lawful sources;

12)   Establish the procedure of monitoring among persons who applied to the support center and shelter to prevent family and domestic violence;

13)   organizes the process of training and requalification of social sector specialists working in the fields of prevention of family and domestic violence, as well as support of persons subjected to family and domestic violence, the order of which is determined by the head of the Authorized Body;

14)   Together with the authorities and special structures carrying out the functions of prevention of family and domestic violence and protection of persons subjected to family and domestic violence, develops the program for the rehabilitation of persons having committed family and domestic violence;

15)   Through the unified social service, cooperates with state and local self-government bodies, international and domestic non-governmental organizations, to support and refer to relevant bodies the persons subjected to family and domestic violence, upon necessity, in the process of using social services.

2.   The Family and Domestic Violence Prevention Council attached to the head of the Authorized body makes recommendations to him/her on state strategic measures, legislative reforms, public awareness measures and other issues in the field of family and domestic violence prevention. Council members carry out their activities on a public basis. The Council includes:

1)   representatives of the bodies of the state administration system, the Investigative committee of the Republic of Armenia, the Prosecutor's office;

2)   representatives of non-governmental organizations
3)   representatives of support centers and shelters.
3.   A representative of the Office of the Human Rights Defender is also included in the Council.
4.   The functions of the Council, the order of its formation is defined by the Government, and the individual composition is determined by the Prime Minister of the Republic of Armenia.

*(Article 14 amend. on 24.03.21 HO-160-N, amend., edit., 04/12/24 HO-169-N)*

Article 15.          **Mandate of the Ministry of Internal Affairs in the area of prevention of family and domestic violence and protection of victims of family and domestic violence**

*(title amend. on 04/12/24 HO-169-N)*

1. In the area of preventing family and domestic violence and protecting victims of violence within the family the Police shall:
1)   ensure the training of competent police officers in the field of prevention of family and domestic violence and protection of persons subjected to family and domestic violence, the order of which is determined by the Minister of Internal Affairs;
2)   Specify the procedure for preventive registration as well as the monitoring procedure for prevention of family and domestic violence in the scope of preventive registration and for this purposes meet with the registered persons at least monthly;
3)   3)Explain to individuals who informed the Police about violence against them within the family their rights stipulated by Article 5 of this law and possibility to benefit from available services, refer them to support centers if necessary, make a decision to transfer victims of family and domestic violence and persons under their care to the shelter in cases and following the procedure specified in this law;
4)   Arrange regular trainings on prevention of violence within the family and protection of victims of family and domestic violence for relevant police officers; facilitate participation of its relevant officers in trainings organized by other bodies and organizations;
5)   Issue emergency intervention orders stipulated in article 7 of this law, oversee the implementation of relevant provisions in the emergency intervention and protection orders following the procedure set forth by the Minister of Internal Affairs;
6)   Develop criteria to assess the imminent threat specified in Article 7 of this law and by the Minister of Internal Affairs and organize mandatory training for the relevant police officers to introduce them specific aspects of application of the aforementioned criteria;
7)   Submit statistics it maintains on cases of family and domestic violence to the Competent Authority.

*(Article 15 amend., edit., suppl. on 06/26/23 HO-198-N, 04/12/24 HO-169-N)*
*(Article 03/22/23 HO – 109 - N regarding the amendment of the law enters into force on the date of entry into force of the Government's decision provided for in Article 2 of the same law)*
*(03/22/23 HO – 109 - N the law has a final part and a transitional provision) (06/26/23 HO – 198 - N the law has a transitional provision)*

Article 16.          **Mandate of the National Competent Executive Authority for Education in the area of prevention of family and domestic violence**

*(Title amend. on 04/12/24 HO-169-N)*

1. In the area of preventing family and domestic violence the National Competent Executive Authority for education shall:
1)   Conduct regular trainings for teachers and educators on their role in prevention of family and domestic violence and procedure for notifying relevant authorities about the cases of family and domestic;
2)   Review curricula with a view to prevent family and domestic violence within the family and exclude the encouragement of family and domestic violence in textbooks and teaching materials, include into curricula topics on the nature of family and domestic violence within the family and its impact on family and society, and on values of a traditional family.

*(Article 16 amend., edit. on 04/12/24 HO-169-N)*

Article 17.          **Mandate of the National Competent Executive Authority for Healthcare in the area of protection of persons subjected to family and domestic violence**

*(Title amend. on 04/12/24 HO-169-N)*

1. In the area of preventing family and domestic violence the National Competent Executive Authority for healthcare shall:
1)   provides free and preferential medical care and service for persons subjected to family and domestic violence due to the incident of violence, in order to solve the person's health problems;
2)   conducts periodic trainings in medical institutions for people seeking medical help due to family and

domestic violence, informing them about available psychological and other services, and directing them to support centers.

*(Article 17 amend. on 04/12/24 HO-169-N)*

**Article 18.**         **Mandate of guardianship and trusteeship bodies in the area of prevention of violence within the family and protection of victims of violence within the family**

*(Title amend. on 04/12/24 HO-169-N)*

1. In order to prevent family and domestic violence within the family and victims of protect family and domestic violence within the family the guardianship and trusteeship bodies in the scope of their competences shall:
   1)   Request a protection order from the court in cases stipulated in the law and notify the law enforcement bodies about violence or real threat of family and domestic violence against a minor or a person ruled by the court as incapable or with limited capability;
   2)   Following procedure established by the law and their charter arrange care for children and incapable persons who are left without care as a result of violence within the family.

*(Article 18 amend. on 04/12/24 HO-169-N)*

**Article 19.**         **Support center**

1. Support center shall:
   1)   Inform persons who approached the support center about their rights, available services, protection measures stipulated in the law and procedure to benefit from them in a plain language (in case of people with disabilities in a manner understandable for them);
   2)   Arrange provision of free and necessary psychological and legal assistance and other necessary services to the victims of violence within the family;
   3)   Make a decision to transfer victims of violence within the family and persons under their care to the shelter upon their consent and in cases and following the procedure specified in this law;
   4)   Review root causes and conditions of violence within the family, manage statistics of cases of violence within the family and submit the results to the Competent Authority;
   5)   *(Clause expired on 04/12/24 HO-169-N)*
   6)   Following the procedure established by the Competent Authority arrange the rehabilitation of perpetrators of family and domestic violence, offer the latter relevant assistance and participation in some activities as a part of rehabilitation program as soon as possible after the receipt of a copy of the warning or emergency intervention order;
   7)   *(Clause expired on 04/12/24 HO-169-N)*
   8)   Assist the victims of violence within the family in finding job and receiving social assistance from the state or relevant organizations;
   9)   Upon consent of the person applying to support center and to ensure her safety, check with a relevant unit of the Police the presence of grounds for issuing a warning or an emergency intervention order as well as apply to the court to receive a protection order in cases prescribed in this law:

10)   presents proposals aimed at improving policies related to the prevention of family and domestic violence and services provided to persons affected by family and domestic violence.

*(Article 19 amend., edit., suppl. on 04/12/24 HO-169-N)*

Article 20.          Shelter

1.   The state shall undertake necessary measures to guarantee the existence and operation of shelters. The shelter shall be established by the Competent Authority, a nonprofit organization founded by the local authority or other nonprofit legal entities.

2.   The Competent Authority may conclude an agreement with nonprofit legal entities on establishing a shelter or supporting the operation of an existing shelter by the latter which shall include a procedure for the Competent Authority's control over the activities of that shelter,
    including control over the use of allocated financial resources. The financed nonprofit legal entity is selected through a tender procedure stipulated in the Republic of Armenia legislation.

3.   Relevant entities shall be licensed by the Competent Authority to establish the shelter and the licensing procedure shall be specified by the Government. The Government may provide support to nonprofit legal entities for the establishment and operation of the shelter as stipulated in the legislation.

4.   The shelter shall have necessary amenities, sanitary-hygienic and fire safety conditions that meet the requirements set forth by the legislation of the Republic of Armenia, care and education facilities for children and satisfy other requirements specified by the Government of the Republic of Armenia.

5.   Victims of violence within the family and persons under their care (hereinafter for the purposes of this article referred to as "beneficiaries") may be accommodated at the shelter upon their request if there is a reasonable belief that the violence may repeat or continue. Children shall be accommodated at the shelter at least with one of the parents or another legal representative. Decision to accommodate the person at the shelter can be made by:

1)   The Police if there is a threat to life or health;
2)   Shelter or support center based on assessed need.

6.   Shelter shall:

1)   freely provide to beneficiaries safe living space, psychological, legal and social assistance drawing, if needed, on the relevant specialists, food and clothing as well as space with appropriate furniture and supplies for lessons to children;
2)   arrange referral of beneficiaries to healthcare facilities for medical treatment and assistance, if needed and with the consent of beneficiaries.

7.   The beneficiaries shall be accommodated at the shelter for no longer than 12 months. The shelter shall determine the length of stay as recommended by specialists providing needed assistance and taking into account the presence or absence of threats for their safety, the possibility for them to live alone or with another person and other relevant factors considering the consent of beneficiaries to stay at the shelter as a mandatory condition.

*(Article 20 amend., suppl., on 04/12/24 HO-169-N)*

Article 21.          **Funding sources for special institutions preventing violence within the family**

*(Title amend. on 04/12/24 HO-169-N)*

1. Support centers and shelters shall be financed by their founders, the state budget in cases stipulated by this law and the legislation of the Republic of Armenia, and other sources of financing permitted under the law.

*(Article 21 amend. on 04/12/24 HO-169-N)*

# CHAPTER 4

## LEGAL REGIME FOR PROTECTION AND PROCEDURE FOR DISCLOSURE OF INFORMATION ABOUT VICTIMS OF FAMILY AND DOMESTIC VIOLENCE WITHIN THE FAMILY
### *(Title amend. on 04/12/24 HO-169-N)*

**Article 22.**           **Inviolability of private and family life**

1.    Information about private life obtained by competent authorities in relation to cases of family and domestic violence and/or offenses related to victims or alleged victims of family and domestic violence is confidential. Disclosure of information about a victim or an alleged victim of family and domestic violence without her consent through media or other channels that may lead to her identification is prohibited unless otherwise stipulated in the legislation of the Republic of Armenia.

2.    Police officers, staff of support center and shelter shall not disclose information about the location of victims of violence within the family and persons under their care accommodated at the shelter or other information that may help to find their location.

3.    Breach of the right to inviolability of private or family life shall entail legal liability and the consequent damage to the person shall be compensated as specified in the law.

*(Article 22 suppl. on 06/26/23 HO-198-N, amend. on 04/12/24 HO-198-N)*

*(06/26/23 HO – 198 - N the Law has a transitional provision)*

# CHAPTER 5

## *TRANSITIONAL AND FINAL PROVISIONS*

**Article 23.**           **Final section and transitional provisions**

1.    This law shall come into force one month after the day of its official promulgation except provisions of sections 3 and 4 of this article.

2.    The Government and the bodies stipulated in this law shall adopt legal texts foreseen in this law within three months after its effectiveness. The prime minister shall approve the membership list of the Council at the Competent Authority, and the Head of the Competent Authority shall convoke the first meeting of the Family Violence Prevention Council.

3.    Chapter 2 and section 2 of article 22 of this law shall come into force six months after its official promulgation.

4.    Provisions on services provided by support centers and shelters shall come into force one year after the official promulgation of this law.

5.    Competent authorities referred to in this law shall arrange required trainings on application of protection measures and provision of social services stipulated in this law before the effectiveness of relevant provisions.


**The President of the Republic of Armenia**


S. Sargsysn


December 30, 2017
Yerevan
HO-320-N

   

---

| | |
|---|---|
| *Համարը* ՀՕ-320-Ն | *Տեսակը* Պաշտոնական Ինկորպորացիա |
| *Տիպը* Օրենք | *Կարգավիճակը* Գործում է |
| *Սկզբնաղբյուր* ՀՀՊՏ 2017.12.30/83(1358).1 Հոդ.1347.1 | *Ընդունման վայրը* Երևան |
| *Ընդունող մարմինը* ՀՀ Ազգային ժողով | *Ընդունման ամսաթիվը* 13.12.2017 |
| *Ստորագրող մարմինը* ՀՀ Նախագահ | *Ստորագրման ամսաթիվը* 30.12.2017 |
| *Վավերացնող մարմինը* | *Վավերացման ամսաթիվը* |
| *Ուժի մեջ մտնելու ամսաթիվը* 31.01.2018 | *Ուժի կորցնելու ամսաթիվը* |

⊟ **Ծանուցում**

2021 թ. հոկտեմբերի 22-ին Հանկվլորուցգիոն կոմիտեում երեսուն ինքնավար թափուր պաշտոններ համալրման կապակցությամբ համաձայն «Հանկվլորուցգիոն կոմիտեի մասին» օրենքի 48-րդ հոդվածի 2-րդ մաս 2021 թ. հոկտեմբերի 23-ից «Հանկվլորուցգիոն կոմիտեի մասին» օրենքն ու դրա հետ փոխկապակցված ակտերը ամբողջությամբ ուժի մեջ են մտնում:

Օրենքն ունի եզրափակիչ մաս և անցումային դրույթներ: Տես 23-րդ հոդվածը:

⊞ **Կապեր այլ փաստաթղթերի հետ**

⊞ **Փոփոխողներ և ինկորպորացիաներ**

---

ՀՀ ՕՐԵՆՔԸ ԸՆՏԱՆԵԿԱՆ ԵՎ ԿԵՆՑԱՂԱՅԻՆ ԲՌՆՈՒԹՅԱՆ ԿԱՆԽԱՐԳԵԼՄԱՆ ՈՒ ԸՆՏԱՆԵԿԱՆ ԵՎ ԿԵՆՑԱՂԱՅԻՆ ԲՌՆՈՒԹՅԱՆ ԵՆԹԱՐԿՎԱԾ ԱՆՁԱՆՑ ՊԱՇՏՊԱՆՈՒԹՅԱՆ ՄԱՍԻՆ

---

# ՀԱՅԱՍՏԱՆԻ ՀԱՆՐԱՊԵՏՈՒԹՅԱՆ

# Օ Ր Ե Ն Ք Ը

Ընդունված է 2017 թվականի դեկտեմբերի 13-ին

## ԸՆՏԱՆԵԿԱՆ ԵՎ ԿԵՆՑԱՂԱՅԻՆ ԲՌՆՈՒԹՅԱՆ ԿԱՆԽԱՐԳԵԼՄԱՆ ՈՒ ԸՆՏԱՆԵԿԱՆ ԵՎ ԿԵՆՑԱՂԱՅԻՆ ԲՌՆՈՒԹՅԱՆ ԵՆԹԱՐԿՎԱԾ ԱՆՁԱՆՑ ՊԱՇՏՊԱՆՈՒԹՅԱՆ ՄԱՍԻՆ
### *(վերնագիրը խմբ. 12.04.24 ՀՕ-169-Ն)*

### Գ Լ Ո Ւ Խ 1

### ԸՆԴՀԱՆՈՒՐ ԴՐՈՒՅԹՆԵՐ

Հայաստանի Հանրապետության Ազգային ժողովը, նպատակ ունենալով՝

ապահովել ընտանիքի՝ որպես հասարակության բնական ու հիմնական բջջի հատուկ պաշտպանությունը,

ձևավորել ընտանեկան և կենցաղային բռնության կանխարգելման, ընտանեկան և կենցաղային բռնության ենթարկվածների անվտանգության և պաշտպանության, նրանց իրավունքերի և օրինական շահերի ապահովման համար անհրաժեշտ իրավական կառուցակարգեր,

կանոնակարգել ընտանեկան և կենցաղային բռնության կանխարգելման ու ընտանեկան և կենցաղային բռնության ենթարկված անձանց պաշտպանության ուղղությամբ պատասխանատու մարմինների գործունեությունը,

ապահովել ընտանեկան և կենցաղային բռնության ենթարկվածների հոգեբանական, նյութական և սոցիալական աջակցության տրամադրման և նրանց սոցիալական վերականգնման համար պատասխանատու մարմինների գործունեության համար իրավական հիմքեր, ընդունում է սույն օրենքը:

### *(նախաբանը խմբ. 12.04.24 ՀՕ-169-Ն)*

Հոդված 1.        Օրենքի կարգավորման առարկան


1. Սույն օրենքը կանոնակարգում է ընտանեկան և կենսագրային բռնության կանխարգելման ու ընտանեկան և կենսագրային բռնության ենթարկված անձանց պաշտպանության կազմակերպաիրավական հիմքերը, սահմանում է ընտանեկան և կենսագրային բռնության հասկացությունը, ընտանեկան և կենսագրային բռնության կանխարգելման ու ընտանեկան և կենսագրային բռնության ենթարկված անձանց պաշտպանության բնագավառում իրավասու մարմինների լիազորությունները, պաշտպանության միջոցների տեսակները, դրանց կիրառման հիմքերը, ընտանեկան և կենսագրային բռնության ենթարկված անձանց վերաբերյալ տեղեկությունների իրավական պաշտպանության առանձնահատկությունները:
*(1-ին հոդվածը խմբ. 12.04.24 ՀՕ-169-Ն)*


**Հոդված 2.        Ընտանիքում բռնության կանխարգելման և ընտանիքում բռնության ենթարկված անձանց պաշտպանության սկզբունքները**


1. Պետական և տեղական ինքնակառավարման մարմինները, դրանց պաշտոնատար անձինք և հասարակական կազմակերպությունները ընտանիքում բռնության կանխարգելման և ընտանիքում բռնության ենթարկված անձանց պաշտպանության բնագավառում իրենց գործունեությունն իրականացնելիս առաջնորդվում են`
1) ընտանեկան և կենսագրային բռնության ենթարկված անձանց անվտանգության և պաշտպանության ապահովման առաջնայնության,
2) ընտանիքի՝ որպես հասարակության բնական և հիմնական բջջի աջակցության, ընտանիքում ավանդական արժեքների ամրապնդման և ընտանիքում համերաշխության վերականգնման,
3) երեխայի լավագույն շահերի առաջնահերթության,
4) իրավախախտասարության ապահովման և խտրականության արգելքի,
5) արդարադատատության մատչելիության,
6) մասնավոր և ընտանեկան կյանքի վերաբերյալ տեղեկությունների անձեռնմխելիության,
7) պետական, տեղական ինքնակառավարման մարմինների և քաղաքացիական հասարակության միջև համագործակցության սկզբունքներով:
*(2-րդ հոդվածը փոփ. 12.04.24 ՀՕ-169-Ն)*


Հոդված 3.        Ընտանեկան և կենսագրային բռնությունը և դրա տեսակները

*(վերնագիրը փոփ. 12.04.24 ՀՕ-169-Ն)*

1. Ընտանեկան և կենսագրային բռնությունն է՝ համարվում ֆիզիկական, սեռական, հոգեբանական կամ տնտեսական բռնի արարքը կամ անտեսումը, որը կատարվել է ընտանիքի անդամների կամ զուգընկերների կամ ընտանիքի նախկին անդամների կամ նախկին զուգընկերների միջև՝ անկախ նրանց համատեղ բնակվելու հանգամանքից:
2. Ընտանեկան և կենսագրային բռնության տեսակներն են`
1) **ֆիզիկական բռնություն**՝ անձի կամքին հակառակ՝ ֆիզիկական բնույթի արարքը, ներառյալ՝ բռնկյական, այդ թվում՝ հոգեբուժական բնույթի միջամտություններ ենթարկվելուն պարտադրելը, բժշկական օգնություն ստանալուց զրկելը կամ նման օգնությունը խոչընդոտելը, ֆիզիկական ցավ պատճառելը, ինչպես նաև Հայաստանի Հանրապետության քրեական օրենսգրքի իմաստով՝ սպանությունը, առողջությանը ծանր, միջին ծանրության կամ թեթև վնաս պատճառելը, ազատությունից ապօրինի զրկելը, ֆիզիկական ներգործությունը, ֆիզիկական ուժեղ ցավ պատճառելը, վնասվի մեջ թողնելը, մարդուն առևանգելը:
2) **սեռական բռնություն**՝ անձի կամքին հակառակ սեռական բնույթի գործողությունները, այդ թվում՝ անձի սեռական օրգանների և մարմնի մասերին անցանկալի հպումները, անձին երրորդ անձի հետ սեռական բնույթի գործողություններում ներգրավելը, կյունության ստուգումը, ինչպես նաև Հայաստանի Հանրապետության քրեական օրենսգրքի իմաստով՝ սեռական ազատության և սեռական անձեռնմխելիության դեմ ուղղված հանցագործությունները:
3) **հոգեբանական բռնություն**՝ անձին հոգեբանական ճնշում, հոգեկան տառապանք պատճառելը, ներառյալ անձի ինքնագնահատականի և արժանապատվության պարբերաբար նվաստացումը, հարազատ երեխաների, ընկերների և հարազատների հետ շփումներն արգելելը կամ դրանք խոչընդոտելը, ինչպես նաև վերահսկողություն կիրառելը, ինքնասպանության կամ ինքնասպանության սպառնալիքով ճնշում գործադրելը, ֆիզիկական, տնտեսական բռնություն գործադրելու, տեսանիli կենսանիշների վնասելու սպառնալիքը, դիտավորությամբ այնպիսի գործողություններ կատարելը, որոնք անձի մեջ հիմնավոր վախ են հարուցում իր կամ հարազատի կամ զուգընկերոջ կամ ընկերոջ կամ խնամքի տակ գտնվող անձընագրվում համար, ինչպես նաև Հայաստանի Հանրապետության քրեական օրենսգրքի իմաստով հոգեկան ներգործությունը կամ հոգեկան ուժեղ տառապանք պատճառելը, ինքնասպանությանը հասցնելը կամ հակելը, հոդությ ան արհեստական ընդհատումը (աբորտ կատարելուն) կամ ամլացմանը հարկադրելը, հետսամտելը.

4) **տնտեսական բռնություն`** անձին հարկադրված նյութական կախվածության մեջ դնելը, նրան գույության անհրաժեշտ միջոցներից (անդղց, հացառստից, կացարանից, դեղից, հիգիենիկ պարագաներից, օրենքով սահմանված նպաստից կամ կենսաթոշակից, այդ թվում` երեխայի համար տրամադրվող, աշխատավարձից և դրան հավասարեցված այլ վճարումներից) զրկելը, անձին սեփականության իրավունքով պատկանող կամ նրա կողմից տնօրինվող գույքը վնասելը, սեփականության կամ ընդհանուր սեփականության իրավունքով պատկանող գույքը տնօրինելու, տիրապետելու և օգտագործելու իրավունքներից ç իրավաչափ սահմանափակելը, անձի կամքին հակառակ` նրան վարկավճի կամ ֆինանսական գործարքներում ներգրավելը, անձին սեփականության իրավունքով պատկանող միջոցները և գույքը կտակելուն կամ նվիրաբերելուն հարկադրելը, անձի կրթություն ստանալու կամ աշխատանքի ընդունվելու ագատությանը իրավունքից սահմանափակելը.

5) **անտեսում`** ծնողի կամ այլ օրինական ներկայացուցչի կողմից երեխայի կեցության անհրաժեշտ նվազագույն պայմանները (սնունդ, հագուստ, կացարան, բժշկական օգնություն և սպասարկում, կրթություն), ինչ չափախաս աշխատունակ զավակների կողմից իրենց անաշխատունակ և կարիքավոր ծնողների կեցության անհրաժեշտ նվազագույն պայմանները (սնունդ, հագուստ, կացարան, բժշկական օգնություն և սպասարկում) դիտավորությամբ չբավարարելը, եթե ծնողը կամ այլ օրինական ներկայացուցիչը կամ չափահաս աշխատունակ զավակները տիրապետում են պատշաճ տեղեկատվության և հնարավորությունների, և եթե համապատասխան ծառայություններն նրանց համար հասանելի են:

*(3-րդ հոդվածը փոփ., խմբ., լրաց. 12.04.24 ՀO-169-Ն)*

**Հոդված 4.       Օրենքի հիմնական հասկացությունները**

1. Սույն օրենքում օգտագործվում են հետևյալ հիմնական հասկացությունները.

1) **ընտանիքի անդամներ`** անկախ համատեղ բնակության հանգամանքից` ամուսինը (ևս փաստական ամուսնական հարաբերություններում մեջ գտնվող անձը), ծնողը (ևս խորթ ծնողը, որդեգրողը, խնամատար ծնողը, խնամակալս կամ հոգարարունս), երեխան (ևս որդեգրված, խորթ, հոգեստակ), որդեգրող ամուսինը, ամուսնու ծնողները, տատսը, պապսը, քույրը, եղբայրը (ևս համամայրը կամ համահայրը), ամուսնու քույրը, ամուսնու եղբայրը, ինչպես ևս ամուսնու ծնողների, քրոջ և եղբոր համար` վկաան ն հարսը.

2) **աջակցության կենտրոն`** ընտանեկան ն կենսագրային բռնության կամ ենթարարարա ընտանեկան ն կենսագրային բռնության ենթարրված անձանց, ինչ անհրաժեշտության դեպքում այդ անձանց ընտանիքների անդամներին սոցիալական աջակցություն տրամադրող կազմակերպություն` հավստաագրված պետական կառավարման համակարգի լիազոր մարմնի կողմից (այսուհետ` Լիազոր մարմին).

3) **պաստարան (ընտանեկան ն կենսագրային բռնության ենթարկված անձի հոգածության կենտրոն)`** ընտանեկան ն կենսագրային բռնության ենթարկվածներին ն նրանց խնամքի տակ գտնվող անձանց (այսուհետ` շահառուներ)` սույն օրենքով սահմանված դեպքերում տրամադրվող անվճաանգ ժամանակավոր կացարանի հավստանաագրված Լիազոր մարմնի կողմից, որտեղ շահառուները ստանում են Հայաստանի Հանրապետության օրենդրությամբ նախստեավճած սոցիալական ծառայություններն.

4) **ընտանեկան ն կենսագրային բռնություն գործադրած անձ`** ֆիզիկական անձ, որի նկատմամբ սույն օրենքով սահմանված կարգով կայացվել է նախագզուշացման, անհետաձգելի միջամտության կամ պաշտպանական որոշում.

5) **ընտանեկան ն կենսագրային բռնության ենթարկված անձ`** ֆիզիկական անձ (ևս ընտանիքի ներսում բռնությանը ականատես երեխան), որը, ըստ նախագզուշացման, անհետաձգելի միջամտության, պաշտպանական որոշման կամ դատարանի` օրինական ուժի մեջ մտած դատավճռի, տուժել է ընտանեկան ն կենսագրային բռնությունից.

6) **խնամքի տակ գտնվող անձ`** երեխա, տարեց կամ հաշմանդամության ունեցող անձ, առողջական կամ այլ հանգամանքներով անօգնական վիճակում գտնվող անձ, որը բնակվում է ընտանեկան ն կենսագրային բռնության ենթարկված անձի հետ, ն որի համար մշտապ ես հոգ է տանում վերջինս.

7) **ոստիկանության իրավասու ծառայող`** ոստիկանության` ընտանեկան ն կենսագրային բռնության կանխարգելման ն ընտանեկան ն կենսագրային բռնության ենթարկված անձանց պաշտպանության բնագավառում լիազորությունը ունեցող ծառայող.

8) **ռեաբիլիտացիոն ծրագիր`** համալիր միջոցառումների ծրագիր, որն ուղղված է բռնության գործադրած անձին հոգեբանական ն սոցիալական աջակցության տրամադրման, առողջության վերականգման, վնասակար սովորություններից (ալկոհոլամոլություն, թմրամոլություն, թունամոլություն, խաղամոլություն) ձերբազատում միջոցով նրա կողմից կրկին բռնություն գործադրելու կանխմանը.

9)

10) **զուգընկեր`** անձ, որի հետ առկա են հարաբերություններ, որոնց հատուկ է սիրային կապը` անկախ համատեղ բնակության կամ միմյանց հետ սեռական հարաբերություններ ունենալու հանգամանքից:

*(4-րդ հոդվածը փոփ. 26.06.23 ՀO-198-Ն, փոփ., խմբ., լրաց. 12.04.24 ՀO-169-Ն)*

*(հոդվածը 22.03.23 ՀO-109-Ն օրենքի փոփոխության մասով ուժի մեջ է մտնում նույն օրենքի 2-րդ հոդվածով նախատեսված` Կառավարության որոշումն ուժի մեջ մտնելու օրը)*

*(22.03.23 ՀՕ-109-Ն օրենքի ուժի էգրափակիչ մաս և անցումային դրույթ)*
*(26.06.23 ՀՕ-198-Ն օրենքի ուժի անցումային դրույթ)*

Գ Լ ՈՒ Խ  2

ԸՆՏԱՆԵԿԱՆ ԵՎ ԿԵՆՑԱՂԱՅԻՆ ԲՌՆՈՒԹՅԱՆ ԵՆԹԱՐԿՎԱԾ ԱՆՁԱՆՑ ՊԱՇՏՊԱՆՈՒԹՅԱՆ
ՄԻՋՈՑՆԵՐԸ
*(վերնագիրը փոփ. 12.04.24 ՀՕ-169-Ն)*

**Հոդված 5.**     **Ընտանեկան և կենցաղային բռնության ենթարկված անձանց պաշտպանության**
**միջոցների տեսակները**

*(վերնագիրը փոփ. 12.04.24 ՀՕ-169-Ն)*

1. Ընտանեկան և կենցաղային բռնության ենթարկված անձանց պաշտպանության միջոցներն են՝
1) նախազգուշացումը.
2) անհետաձգելի միջամտության որոշումը.
3) պաշտպանական որոշումը:
2. Պաշտպանության միջոցների կիրառման մասին կայացվում է պատճառաբանված որոշում: Պաշտպանության միջոցները կիրառվում են՝ առաջնորդվելով սույն օրենքով սահմանված սկզբունքներով և ապահովելով միջամտության համապատասխանությունը: Դրանց կիրառումը չի խոչընդոտում օրենքով սահմանված կարգով քրեական վարույթ նախաձեռնելուն և քրեական հետապնդում իրականացնելուն:
*(5-րդ հոդվածի փոփ. 12.04.24 ՀՕ-169-Ն)*

**Հոդված 6.     Նախազգուշացումը**

1. Նախազգուշացումը կիրառվում է այն դեպքերում, երբ ընտանեկան և կենցաղային բռնության դեպքը տեղի է ունեցել առաջին անգամ, առկա չէ հիմնավոր ենթադրություն բռնության կրկնման կամ շարունակական անմիջականորեն սպառնացող վտանգի մասին, և անհետաձգելի միջամտության հիմքերն առկա չեն: Նախազգուշացում կիրառելու մասին որոշումը ներառում է բռնության շարունակական կամ կրկնման դեպքում օրենքով նախատեսված պատասխանատվության միջոցների մասին իրազեկելու: Նախազգուշացումը կիրառվում է դեպքի մասին տեղեկանալուց հետո հնարավորին չափ սեղմ ժամկետում:
2. Նախազգուշացում կիրառելու մասին ոստիկանության իրավասու ծառայողի կայացրած պատճառաբանված որոշման պատճենները ընտանեկան և կենցաղային բռնություն գործադրած անձին հանձնվում է ստորագրությամբ՝ առձեռն: Դեպքի վայրում նրա բացակայության դեպքում որոշման բովանդակությունը նրան պարզաբանվում է հեռախոսակապի միջոցով, իսկ դրա անհնարինության դեպքում որոշման պատճենները 24 ժամվա ընթացքում ուղարկվում է նրա հաշվառման վայր պատշաճ ձևով: Նախազգուշացումն ուժի մեջ է մտնում որոշման կայացման պահից:
3. Նախազգուշացում կիրառելու մասին որոշումը կարող է բողոքարկվել վերադասության կարգով՝ ընտանեկան և կենցաղային բռնություն գործադրած անձին հանձնվելուց կամ դրա բովանդակությունը նրան հեռախոսակապի միջոցով պարզաբանվելուց հետո՝ մեկամսյա ժամկետում, ինչպես նաև դատական կարգով՝ Հայաստանի Հանրապետության վարչական դատավարության օրենսգրքով սահմանված ժամկետներում:
4. Նախազգուշացում կիրառելու մասին պատճառաբանված որոշման պատճենները այն կայացրած ոստիկանության իրավասու ծառայողն ուղարկում է Լիազոր մարմնին, որը հնարավորին չափ սեղմ ժամկետում՝ ընտանեկան և կենցաղային բռնություն գործադրած անձին առաջարկում է ռեաբիլիտացիոն ծրագրով նախատեսված ծառայություններ բռնության նոր դրսևորումները կանխարգելելու նպատակով:
*(6-րդ հոդվածը լրաց. 26.06.23 ՀՕ-198-Ն, փոփ., խմբ. 12.04.24 ՀՕ-169-Ն)*
*(26.06.23 ՀՕ-198-Ն օրենքի ուժի անցումային դրույթ)*

**Հոդված 7.     Անհետաձգելի միջամտության որոշումը**

1. Եթե ընտանիքի մեկ անդամը, զույգընկերը, ընտանիքի նախկին անդամը կամ նախկին զույգընկերը մյուսի նկատմամբ բռնություն է կիրառել, և առկա է հիմնավոր ենթադրություն բռնության կրկնման կամ շարունակական անմիջականորեն սպառնացող վտանգի մասին, ապա ընտանիքի մյուս անդամի, զույգընկերը, ընտանիքի նախկին անդամի կամ նախկին զույգընկերը կյանքի և առողջության ապահովման նպատակով ոստիկանության իրավասու ծառայողն անհապաղ կայացնում է անհետաձգելի միջամտության որոշում: Անհետաձգելի միջամտության որոշում

կարող է կայացվել նաև այն դեպքում, երբ նախաազդուշագումն ստանալուց հետո՝ մեկ տարվա ընթացքում, անձը կատարել է այսպիսի բռնի արարք, որը չի պարունակում հանցագազցի հատկանիշներ:

2. Անհետաձգելի միջամտության որոշման գործողության ժամկետը սահմանվում է 20-25 օր: Եթե անհետաձգելի որոշման գործողության ընթացքում դատարանը քննում է պաշտպանական որոշման դիմում, ապա այն ուժի մեջ է մնում մինչև դատարանի կողմից որոշում կայացվելը:

3. Անհետաձգելի միջամտության որոշմամբ կարող են կիրառվել հետևյալ սահմանափակումները:

1) հարկադրել ընտանեկան և կենցաղային բռնություն գործադրած անձին անհապաղ հեռանալ ընտանեկան և կենցաղային բռնության ենթարկվածի բնակության տարածքից և արգելել այդոտեղ նրա վերադարձը մինչև որոշմամբ սահմանված ժամկետի լրանալը.

2) արգելել ընտանեկան և կենցաղային բռնություն գործադրած անձին այցելել իր հետ համատեղ բնակելի տարածքում չբնակվող՝ ընտանեկան և կենցաղային բռնության ենթարկվածին, ինչ անհրաժեշտության դեպքում՝ նաև նրա խնամքի տակ գտնվող անձանց՝ նրանց աշխատանքի, ուսման, հանգստի, բնակվելու կամ այլ վայրեր.

3) արգելել ընտանեկան և կենցաղային բռնություն գործադրած անձին այնպիսի հեռախոսության այլելի մոտենալ ընտանեկան և կենցաղային բռնության ենթարկվածին (անհրաժեշտության դեպքում՝ նաև նրա խնամքի տակ գտնվող անձանց), որն ընտանեկան և կենցաղային բռնության ենթարկված անձի մեջ ողջամտորեն հիմնավոր վախ կհարուցի իր անձնական անվտանգության սպառնացող վտանգի մասին: Այս սահմանափակումը կիրառելիս որոշմամբ սահմանվում է հեռավորության կոնկրետ չափը.

4) մինչև որոշմամբ սահմանված ժամկետի լրանալն ի պահ վերցնել բռնություն գործադրած անձի տիրապետման տակ գտնվող զենքը: Այս սահմանափակումը կիրառելիս որոշման մասին իրազեկելու պահին ընտանեկան և կենցաղային բռնության գործածրած անձի տիրապետման տակ զենք լինելու դեպքում նա այն անհապաղ հանձնում է որոշումը կայացրած ոստիկանության իրավասու ծառայողին.

5) արգելել ընտանեկան և կենցաղային բռնություն գործադրած անձին հետախոսային, նամակագրական կամ կապի այլ միջոցներով հաղորդակցվել ընտանեկան և կենցաղային բռնության ենթարկվածի, ինչ անհրաժեշտության դեպքում՝ նաև նրա խնամքի տակ գտնվող անձանց հետ:

4. Սույն հոդվածի 3-րդ մասով նախատեսված սահմանափակումները կարող են կիրառվել առանձին կամ համակցությամբ մեջ՝ նշելով դրանց կատարման համար մինևույն կամ տարբեր ժամկետներ: Սահմանափակման միջոցների ընտրելիս որոշում կայացնողին առաջնորդվում է սույն օրենքով սահմանված սկզբունքներով՝ ապահովելով սահմանափակուման համաչափությունը:

5. Եթե անմիջականորեն սպառնացող վտանգի տակ գտնվողին անչափահաս կամ անգործունակ անձ է, ապա որոշումը կայացրած ոստիկանության իրավասու ծառայողն այդ որոշման պատճենը և համապատասխանաբան արձանագրությունն անհապաղ ուղարկում է խնամակալության և հոգաբարձության մարմին, որը, գնահատելով իրավիճակը, ձեռնարկում է օրենքով և իր կանոնադրությամբ նախատեսված գործողություններ:

6. Եթե անհետաձգելի միջամտության որոշումը կիրառվում է անչափահաս կամ անգործունակ անձի հետ համատեղ բնակվող միակ օրինական ներկայացուցցի նկատմամբ, ապա երեխաների և անգործունակ անձանց ժամանակավոր խնամքը կազմակերպում է խնամակալության և հոգաբարձության մարմինը՝ որոշման պատճենն ստանալուց հետո՝ հնարավորին չափ սեղմ ժամկետում, բայց ոչ ավելի, քան 24 ժամում՝ Հայաստանի Հանրապետության օրենսդրությամբ սահմանված կարգով՝ առաջնորդվելով երախայ շահերով:

7. Անհետաձգելի միջամտության որոշում կիրառելու մասին ոստիկանության իրավասու ծառայողի կայացրած պատճառաբանված որոշումն ուժի մեջ է մտնում որոշման կայացացման պահից: Դրա պատճենն ընտանեկան և կենցաղային բռնություն գործադրած անձին ու ընտանեկան և կենցաղային բռնության ենթարկված անձին հանձնվում է ստորագրությամբ՝ առձեռն: Դեպքի վայրում նրա բացակայության դեպքում որոշման բովանդակությունը նրան պարզաբանվելուվ է հեռախոսակապալ միջոցով, ինչ դրա անհնարինության դեպքում որոշման պատճենը 24 ժամվա ընթացքում ուղարկվում է նրա հաշվառման վայր պաշտոնական էլեկտրոնային փոստի կամ պաշտվիրված փոստի միջոցով:

8. Սույն հոդվածի 3-րդ մաս 1-ին կետով նախատեսված սահմանափակումը կիրառելիս ոստիկանության իրավասու ծառայողը չի հեռանում մինչև ընտանեկան և կենցաղային բռնություն գործադրած անձի կողմից առաջին անհրաժեշտության իրերը հավաքելը ու ընտանեկան և կենցաղային բռնության ենթարկվածի բնակության տարածքից հեռանալը: Ընտանեկան և կենցաղային բռնություն գործադրած անձի կարող է որոշումն ուժի մեջ մտնելուց հետո իր անձնական իրերն այդ վայրեից վերցնել միայն մեկ անգամ՝ ոստիկանության իրավասու ծառայողի ուղեկցությամբ: Այն դեպքերում, երբ ոստիկանության ծառայողը որոշում է կայացնում ընտանեկան և կենցաղային բռնության ենթարկված անձին ապաստարան տեղափոխելու մասին, իրավասու ծառայողը չի հեռանում մինչև ընտանեկան և կենցաղային բռնության ենթարկված անձի և նրա խնամքի տակ գտնվող անձանց կողմից բնակության վայրից անձնական իրերը հավաքելը:

9. Անհետաձգելի միջամտության որոշում կայացնող ոստիկանության իրավասու ծառայողը որոշման պատճենն և համապատասխան արձանագրությունն անհապաղ ներկայացնում է իր ստորաբաժանման ղեկավարին:

10. Ընտանեկան և կենցաղային բռնության ենթարկված անձը պարտավոր է ձեռնպահ մնալ այնպիսի գործողություններ կատարելուց, որոնք ուղղված են ընտանեկան և կենցաղային բռնության գործածրած անձի կողմից անհետաձգելի միջամտության որոշմամբ իր վրա դրված պարտականությունների չկատարմանը: Ընտանեկան և

կենսաթղային բռունցքի ենթարկված անձի կողմից դիտավորությամբ պարբերաբար նման գործողություններ կատարելու դեպքում անհետաձգելի միջամտության որոշումը կարող է վերացնել այն կայացրած ոստիկանության իրավասու ծառայողը: Անհետաձգելի միջամտության որոշումն նույն անձի կողմից վերացվում է միևնույն դրա ժամկետի լրանալը դատարանի կողմից պաշտպանական որոշում կայացվելու դեպքում:

11. Անհետաձգելի միջամտության որոշումն ընտանեկան և կենսաթղային բռունցքի գործադրած անձի կողմից կատարվելու նկատմամբ հսկողություն է իրականացվում ոստիկանությունը:

11.1.

12. Անհետաձգելի միջամտության որոշման պատճէնն այն կայացրած ոստիկանության իրավասու ծառայողն ուղարկում է ընտանեկան և կենսաթղային բռունցքի ենթարկված անձի մշտական բնակության վայրի աջակցության կենսորոն:

13. *(մաս ուժը կորցրել է 12.04.24 ՀՕ-169-Ն)*

14. Անհետաձգելի միջամտության որոշման պահանջների ընտանեկան և կենսաթղային բռունցքու գործադրած անձի կողմից չկատարելը առաջացնում է օրենքով նախատեսված պատասխանատվությունը:

15. Անհետաձգելի միջամտության որոշման մեջ նշվում են դրա բողոքարկման ժամկետը և մարմինը, ներառյալ՝ դատարանը, որին որոշումը կարող է բողոքարկվել, ինչպես նաև այն խախտելու համար օրենքով նախատեսված պատասխանատվության միջոցները: Անհետաձգելի միջամտության որոշումը կարող է բողոքարկվել վերաքատության կարգով՝ ընտանեկան և կենսաթղային բռունցքու գործադրած անձին դրա մասին իրազեկելուց հետո՝ հնգօրյա ժամկետում, ինչպես նաև դատարանի կարգով՝ Հայաստանի Հանրապետության վարչական դատավարության օրենսգրքով սահմանված ժամկետներում: Որոշման դեմ բողոք բերելը չի կասեցնում որոշման կատարումը: Վարչական բողոքը քննվում և դրա հիմնան վրա որոշում է կայացվում այն ստանալուց հետո՝ հնգօրյա ժամկետում:

*(7-րդ հոդվածը լրաց. 26.06.23 ՀՕ-198-Ն, փոփ., խմբ., լրաց. 12.04.24 ՀՕ-169-Ն)*
*(հոդվածը 22.03.23 ՀՕ-109-Ն օրենքի փոփոխության մասով ուժի մեջ է մտնում նույն օրենքի 2-րդ հոդվածով նախատեսված՝ Կառավարության որոշումն ուժի մեջ մտնելու օրը)*
*(22.03.23 ՀՕ-109-Ն օրենքի ունի եզրափակիչ մաս և անցումային դրույթ)*
*(26.06.23 ՀՕ-198-Ն օրենքն ունի անցումային դրույթ)*

Հոդված 8.      Պաշտպանական որոշումը

1. Պաշտպանական որոշման համար դատարան կարող է դիմել ընտանեկան և կենսաթղային բռունցքի ենթարկված կամ ենթադրաբար ենթարկված անձը կամ նրա համաձայնությամբ՝ աջակցության կենսորոնը: Եթե ընտանեկան և կենսաթղային բռունցքի ենթարկվածն անկախիասա կամ դատական կարգով անգործունակ կամ սահմանափակ գործունակ ճանաչված անձ է, ապա պաշտպանական որոշման համար դատարան կարող են դիմել նրա մերձավոր ազգականները, օրինական ներկայացուցիչն և իննանկալպարության ու հոգաբարձություն մարմինը:

2. Անհետաձգելի միջամտության որոշման ուժի մեջ լինելը չի բացառում պաշտպանական որոշման համար դիմելու հնարավորությունը:

3. Պաշտպանական որոշումը կայացվում է ընտանեկան և կենսաթղային բռունցքի ենթարկվածի և նրա խնամքի տակ գտնվող անձանց պաշտպանելու և ընտանեկան և կենսաթղային բռունցքի նոր դրսևորումները կանխարգելելու նպատակով:

4. Պաշտպանական որոշումը կայացվում է 4-12 ամիս ժամկետով, և այն կարող է դրա անհրաժեշտությունը հիմնավորող համապատասխան դիմումի հիման վրա դատարանի պատճառաբանված որոշմամբ երկարաձգվել միևնույն վեց ամիս ժամկետով:

5. Պաշտպանական որոշմամբ կարող են կիրառվել հետևյալ սահմանափակումները.

1) հարկադրել ընտանեկան և կենսաթղային բռունցքու գործադրած անձին անհապաղ հեռանալ ընտանեկան և կենսաթղային բռունցքի ենթարկվածի բնակության վայրից և արգելել այդտեղ նրա վերադարձը միևն որոշմամբ սահմանված ժամկետի լրանալը: Այս սահմանափակման ժամկետը սահմանելիս դատարանը հաշվի է առնում ընտանեկան և կենսաթղային բռունցքի ենթարկված անձին և նրա խնամքի տակ գտնվող անձանց ապաստարան տեղափոխելու հնարավորությունը և նպատակահարմարությունը, ընտանեկան և կենսաթղային բռունցքու գործադրած անձի համար բնակության այլ վայրերի, այդ թվում՝ ժամանակավոր կացարանի մատչելիությունը:

2) արգելել ընտանեկան և կենսաթղային բռունցքու գործադրած անձին այցելել իր հետ համատեղ բնակելի տարածքում չբնակվող՝ ընտանեկան և կենսաթղային բռունցքի ենթարկվածին, իսկ անհրաժեշտության դեպքում՝ նաև նրա խնամքի տակ գտնվող անձանց՝ նրանց աշխատանքի, ուսման, հանգստի, բնակվելու կամ այլ վայրեր:

3) արգելել ընտանեկան և կենսաթղային բռունցքու գործադրած անձին այնպիսի հեռավորությունից ավելի մոտենալ ընտանեկան և կենսաթղային բռունցքի ենթարկվածին (անհրաժեշտության դեպքում՝ նաև նրա խնամքի տակ գտնվող անձանց), որն ընտանեկան և կենսաթղային բռունցքի ենթարկված անձի մեջ ոչջամտօրեն հիմնավոր վախ կհարուցի իր անձնական անվտանգության սպառնացող վտանգի մասին: Այս սահմանափակումը կիրառելիս որոշմամբ սահմանվում է հեռավորության կոնկրետ չափը:

4) մինչև որոշմամբ սահմանված ժամկետի լրանալը բողոքատուն գործադրված անձի տիրապետման տակ եղած զենքն ի պահ հանձնել ոստիկանությունը.

5) ընտանեկան և կենցաղային բռնության գործադրված անձի վրա պարտականություն դնել՝ ընտանեկան և կենցաղային բռնության ենթարկված(ի) հետ կիսելու իրենց համատեղ անշախախան կամ չախախան անաշխատումնակ երեխաներին, ինչպես նաև իրենց համատեղ խնամքի տակ գտնվող անձանց խնամքի ծախսերը՝ Հայաստանի Հանրապետությության ընտանեկան օրենսգրքով սահմանված ալիմենտային պարտավորությունների համար վճարման ենթակա գումարի չափով: Դատարանը կարող է ընտանեկան և կենցաղային բռնության գործադրված անձի վրա պարտականություն դնել հոգալու ընտանեկան և կենցաղային բռնության ենթարկված այլ անհրաժեշտ ծախսերը, որոնք ծագել են գործադրված բռնության պատճառով.

6) անհրաժեշտության դեպքում արգելել երեխաների հետ տեսակցությունները.

7) արգելել ընտանեկան և կենցաղային բռնություն գործադրված անձին հետախուզային, նամակագրական կամ կապի այլ միջոցներով հաղորդակցվել ընտանեկան և կենցաղային բռնության ենթարկվածի, իսկ անհրաժեշտության դեպքում՝ նաև նրա խնամքի տակ գտնվող անձանց հետ.

8) ընտանեկան և կենցաղային բռնության գործադրված անձի վրա դնել պարտականություն անցնելու ռեաբիլիտացիոն ծրագրեր:

6. Սույն հոդվածի 5-րդ մասով նախատեսված սահմանափակումները կարող են կիրառվել առանձին կամ համակցության մեջ՝ նշելով դրանց կատարման համար մինմույն կամ տարբեր ժամկետներ:

7. Պաշտպանական որոշման դիմումին ներկայացվող պահանջները, դրանք քննելու կարգը, դատարանի կողմից ընդունվող ակտերը, դրանք բողոքարկելու կարգը և պաշտպանական որոշման դատարանի հիմքերը նախատեսվում են Հայաստանի Հանրապետության քաղաքացիական դատավարության օրենսգրքով: Ընտանեկան և կենցաղային բռնության ենթարկված դատավարին ներկայացացուցչություն համար հանրային պաշտպանի տրամադրելու հիմքերը և կարգը նախատեսվում են «Փաստաբանության մասին» Հայաստանի Հանրապետության օրենքով:

8. Եթե ընտանեկան և կենցաղային բռնության ենթարկված անչափահաս կամ անգործունակ անձ է, և պաշտպանական որոշումը կիրառվում է նրա հետ համատեղ բնակվող միակ օրինական ներկայացացուցչ (կամ ներկայացացուցիչների) նկատմամբ, ապա դատարանը խնամակալության և հոգաբարձության մարմնին հանձնարարում է լուծել երեխայի կամ անգործունակ անձի ժամանակավոր խնամքի հարցը Հայաստանի Հանրապետության օրենսդրությամբ համապատասխանան՝ առաջնորդվելով նրանց շահերով:

9. Պաշտպանական որոշումն ընտանեկան և կենցաղային բռնության գործադրված անձի կողմից կատարվելու նկատմամբ հսկողությունն է իրականացնում ոստիկանությունը: Սույն հոդվածի 5-րդ մաս 1-ին կետով նախատեսված սահմանափակումը կիրառելիս ընտանեկան և կենցաղային բռնության գործադրված անձը կարող է ընտանեկան և կենցաղային բռնության ենթարկված բնակության վայրից բր իրերը վերցնել երկու ամիսը մեկ անգամ՝ ոստիկանության իրավասու ծառայողի ուղեկցությամբ: Սույն հոդվածի 5-րդ մաս 4-րդ կետով նախատեսված սահմանափակումը կիրառելիս որոշման կայացման պահին ընտանեկան և կենցաղային բռնության գործադրված անձի տիրապետման տակ զենք լինելու դեպքում նա այն անհապաղ, բայց ոչ ուշ, քան 10 ժամվա ընթացքում հանձնում է ոստիկանությունին: Հայաստանի Հանրապետության արդադարապետության նախարարության դատական ակտերի հարկադիր կատարման ծառայությունն ապահովում է սույն հոդվածի 5-րդ մաս 5-րդ կետով նախատեսված պարտականության կատարումը, իսկ Լիազոր մարմինը հետևում է նույն մաս 8-րդ կետով նախատեսված պարտականության կատարումը:

9.1.

10. *(մաս ուժը կորցրել է 12.04.24 ՀՕ-169-Ն)*

11. Պաշտպանական որոշման պահանջների ընտանեկան և կենցաղային բռնություն գործադրված անձի կողմից չկատարելն առաջացնում է օրենքով նախատեսված պատասխանատվություն:

*(8-րդ հոդվածը լրաց. 26.06.23 ՀՕ-198-Ն, փոփ., խմբ., լրաց. 12.04.24 ՀՕ-169-Ն)*

*(հոդվածը 22.03.23 ՀՕ-109-Ն օրենքի փոփոխության մասով ուժի մեջ է մտնում նույն օրենքի 2-րդ հոդվածով նախատեսված՝ Կառավարության որոշումն ուժի մեջ մտնելու օրը)*

*(22.03.23 ՀՕ-109-Ն օրենքն ունի էջրափակիչ մաս և անցումային դրույթ)*

*(26.06.23 ՀՕ-198-Ն օրենքն ունի անցումային դրույթ)*

Հոդված 9.        Անհետաձգելի միջամտության և պաշտպանական որոշումների գործողության դադարումը՝ կապված քրեական վարույթի հետ

*(վերնագիրը խմբ. 12.04.24 ՀՕ-169-Ն)*

1. Ընտանեկան և կենցաղային բռնության փաստով նախաձեռնված քրեական վարույթի շրջանակում ընտանեկան և կենցաղային բռնություն գործադրված անձի նկատմամբ կալանքը որպես խափանման միջոց ընտրվելու, անձի նկատմամբ բժշկական հսկողությունը որպես անվտանգության միջոց կիրառելու կամ ընտանեկան և կենցաղային բռնության ենթարկված անձի նկատմամբ Հայաստանի Հանրապետության քրեական դատավարության օրենսգրքով նախատեսված՝ պաշտպանող անձին մոտենալու կամ նրա հետ շփուվը սահմանափակելու, պաշտպանավող անձի ինքնությունը հաստատող տվյալները գաղտնիհացնելու, պաշտպանավող անձի, նրա բնակարանի և գույքի նկատմամբ հսկողություն

իրականացնելու, պաշտպանվող անձին անհատական պաշտպանության միջոց տրամադրելու, պաշտպանվող անձին բնակության այլ վայր փոխադրում սպասմ ելու, պաշտպանվող անձի ինքնության հաստատատող փաստաթղթերը փոխարինելու կամ պաշտպանվող անձի արտաքինը փոխելու, պաշտպանվող անձի աշխատանքի, ծառայության կամ ուսման վայրը փոխելու, դատական նիստերի դահլիճ ից հեռացնելու կամ դռնփակ դատական նիստ անցկացնելու, դատարանում պաշտպանվող անձի հարցաքննությունը հատուկ կարգով կազմակերպելու հատուկ պաշտպանության միջոցներ կիրառվելու դեպքերում` համապատասխան միջոցների ժամկետում ժամկետում, դադարում է անհետասգելի միջամտության և պաշտպանական որոշումներով նախատեսված այն սահմանափակումների գործողությունը, որոնք կապված են անձին, նրա բնակության կամ հաճախակի գտնվելու վայրերին մոտենալու արգելքի հետ:

2. Ընստանելական և կենցաղային բռնության փաստով բ ռենական վարույթ նախաձեռնելով հետո անհետասցելի միջամտության որոշում կարող է կայացվել, կամ պաշտպանական որոշման համար դիմում կարող է ներկայացվել, եթե ընստանեկան և կենցաղային բռնության գործածարած անձի նկատմամբ կալանքը որպես խափանման միջոց չի ընտրվել, նրա նկատմամբ բժշկական հսկողությունը որպես անվտանգության միջոց կիրառելու մասին որոշում չի կայացվել, և վարույթն իրավասանագնը մարմինը չի կիրառել, սույն հողվածի 1-ին մասով ն2ված հատուկ պաշտպանության միջոցները: Եթե ընստանեկան և կենցաղային բռնություն գործածարած անձի նկատմամբ ընտրվել է կալանքը որպես խափանման միջոց, նրա նկատմամբ կայացվել է բժշկական հսկողությունը որպես անվտանգության միջոց կիրառելու մասին որոշում, և վարույթն իրավասանագնը մարմինը կիրառել է սույն հողվածի 1-ին մասով ն2ված հատուկ պաշտպանության միջոցները, ապա անհետասցելի միջամտության որոշում կարող է կայացվել, կամ պաշտպանական որոշման համար դիմում կարող է ներկայացվել, եթե դրանցով նախատեսվող սահմանափակումը կապված չէ անձին, նրա բնակության կամ հաճախակի գտնվելու վայրերին մոտենալու արգելքի հետ:

*(9-րդ հողվածը խմբ. 12.04.24 ՀՕ-169-Ն)*


**Հողված 10.    Ընստանիքում բռնության ենթարկված և ընստանիքում բռնություն գործածարած անձանց հաշտեցումը**


*(հողվածն ուժը կորցրել է 12.04.24 ՀՕ-169-Ն)*


**Հողված 11.    Ընստանեկան և կենցաղային բռնություն գործածարած անձին կանխարգելիչ հաշվառման վերցնելը և հաշվառումից հանելը, ընստանեկան և կենցաղային բռնության դեպքերի մշտադիտարկումը**


*(վերնագիրը խմբ. 12.04.24 ՀՕ-169-Ն)*


1. Ընստանեկան և կենցաղային բռնություն գործածարած անձը, որի նկատմամբ կայացվել է նախազգուշացման, անհետասցել ի միջամտության կամ պաշտպանական որոշում, ինչպես նաև ընստանեկան և կենցաղային բռնության հետ կապված հանցանքի համար դատավճռություն ունեցող անձը ոստիկանության կողմից վերցվում են կանխարգելիչ հաշվառման:

1.1. Աջակցության կենտրոնը դիմած շահառուների 2рт/շանում ընստանեկան և կենցաղային բռնությունը կանխարգելելու նկատմամբ մշտադիտարկումն իրավասանագնում է աջակցության կենտրոնն սոցիալական աշխատողը` բռնության ենթարկված անձանց հետ հանդիպումների, զանգերի և հաղորդակցման այլ միջոցների կիրառմամբ` Լիազոր մարմնի սահմանած կարգով:

1.2. Կանխարգելիչ հաշվառում 2ртанում անն2ахпаш անձի կողմից ընստանեկան և կենցաղային բռնություն գործածարձելը կանխարգելելու նկատմամբ մշտադիտարկումն իրավասանցում է ոստիկանությունը` ներքին գործերի նախարարի սահմանած կարգով:

2. Կանխարգելիչ հաշվառում վերցված անձը հանվում է հաշվառումից, եթե ընստանեկան և կենցաղային բռնության վերջին արարքից հետո` մեկ տարվա ընթացքում, այդ անձի նկատմամբ չի կայացվել նոր անհետասցելի միջամտության կամ պաշտպանական որոշում կամ համապատասխան հանցագործության համար մեղադրական դատավճ2ит:

3. Ոստիկանության իրավատ ծառայող կանխարգելիչ հաշվառման 2ртանапум ամսական առնվազն մեկ հանդիպում է ունենում հաշվառման վերցված ու ընստանեկան և կենցաղային բռնության ենթարկված անձանց հետ և իրավասանցում բացատրական աշխատանքներ:

*(11-րդ հողվածը լրաց., փոփ. 26.06.23 ՀՕ-198-Ն, փոփ., խմբ., լրաց. 12.04.24 ՀՕ-169-Ն)*
*(26.06.23 ՀՕ-198-Ն օրենքն ունի անցումային դրույթ)*


**Հողված 12.    Անչափահաս կամ անգործունակ անձի նկատմամբ պաշտպանության միջոցներ չկիրառելը**

1. Անկախաս կամ անգործունակ անձի նկատմամբ անհետաձգելի միջամտության կամ պաշտպանական որոշումներ չեն կայացվում:

2. Ընտանեկան և կենցաղային բռնության գործադրած անկախաս անձը, եթե նրա արարքում բացակայում են հանցակազմի հատկանիշներ, ապա ոստիկանության կողմից ուղղորդվում է վերականգնողական ծրագրերի իրականացման համապատասխան համալիրպային և պետական կենտրոններ` անկախահասների հանցակրության կանխարգելման բնագավառում Կառավարության սահմանած կարգի համաձայն:

3. Անգործունակ անձի կողմից ընտանեկան և կենցաղային բռնություն գործադրվելու դեպքում գործում են «Հոգեբուժական օգնության և սպասարկման մասին» Հայաստանի Հանրապետության օրենքի և Հայաստանի Հանրապետության քաղաքացիական դատավարության օրենսգրքի համապատասխանան դրույթները:

*(12-րդ հոդվածը փոփ. 12.04.24 ՀO-169-Ն)*

## Գ Լ Ո Ւ Խ  3

### ԸՆՏԱՆԵԿԱՆ ԵՎ ԿԵՆՑԱՂԱՅԻՆ ԲՌՆՈՒԹՅԱՆ ԿԱՆԽԱՐԳԵԼՄԱՆ ԵՎ ԸՆՏԱՆԵԿԱՆ ԵՎ ԿԵՆՑԱՂԱՅԻՆ ԲՌՆՈՒԹՅԱՆ ԵՆԹԱՐԿՎԱԾ ԱՆՁԱՆՑ ՊԱՇՏՊԱՆՈՒԹՅԱՆ ԳՈՐԾԱՌՈՒՅԹՆԵՐ ԻՐԱԿԱՆԱՑՆՈՂ ՄԱՐՄԻՆՆԵՐԸ, ՀԱՏՈՒԿ ԿԱՌՈՒՅՑՆԵՐԸ ԵՎ ԴՐԱՆՑ ՖԻՆԱՆՍԱՎՈՐՄԱՆ ԱՂԲՅՈՒՐՆԵՐԸ
*(վերնագիրը փոփ. 12.04.24 ՀO-169-Ն)*

**Հոդված 13.**     **Ընտանեկան և կենցաղային բռնության կանխարգելման և ընտանեկան և կենցաղային բռնության ենթարկված անձանց պաշտպանության գործառույթներ իրականացնող մարմինները և հատուկ կառույցները**

*(վերնագիրը փոփ. 12.04.24 ՀO-169-Ն)*

1. Ընտանեկան և կենցաղային բռնության կանխարգելումը և ընտանեկան և կենցաղային բռնության ենթարկված անձանց պաշտպանությունն իրենց գործառույթների շրջանակներում իրականացնում են`
1) սոցիալական հարցերի ոլորտում Լիազոր մարմինը (այսուհետ` Լիազոր մարմին).
2) ոստիկանությունը.
3) կրթության ոլորտի Լիազոր մարմինը.
4) առողջապահության ոլորտի Լիազոր մարմինը.
5) խնամակալության և հոգաբարձության մարմինները.
6) ընտանեկան և կենցաղային բռնության ենթարկվածներին աջակցություն ցույց տվող հատուկ կառույցները`
ա. աջակցության կենտրոնները,
բ. ապաստարանները:
2. Պետական և տեղական ինքնակառավարման մարմիններն իրենց լիազորությունների շրջանակներում աջակցում են ընտանեկան և կենցաղային բռնության դեմ պայքարին և այդ բնագավառում համագործակցում են Լիազոր մարմնի հետ: Նշված մարմինները նաև մասնակցում են նշված բնագավառում հանրության իրավունքների իրազեկմանը, ընտանեկան և կենցաղային բռնության ենթարկվածներին սոցիալական և նյութական աջակցություն ցուցաբերելուն ուղղված միջոցառումների իրականացմանը:
3. Ընտանեկան և կենցաղային բռնության դեպքերի հայտնաբերման, ընտանեկան և կենցաղային բռնության ենթարկված անձանց ուղղորդման, ընտանեկան և կենցաղային բռնության դեպքի կրկնման ռիսկի գնահատման կարգը, աջակցության կենտրոնի գործունեությունը, մատուցվող ծառայությունների և անձնակազմին ներկայացվող պահանջները հաստատում է աջակցության կենտրոնի կողմից ծառայությունների մատուցման կարգը, ապաստարանի գործունեությանը, մատուցվող ծառայությունների և անձնակազմին ներկայացվող պահանջները հաստատում և ապաստարանի կողմից ծառայությունների մատուցման կարգը, ընտանեկան և կենցաղային բռնություն գործադրած անձանց ռեաբիլիտացման ծրագիրը հաստատում է Կառավարությունը:
*(13-րդ հոդվածը փոփ., լրաց. 12.04.24 ՀO-169-Ն)*

**Հոդված 14.**     **Լիազոր մարմնի լիազորություններն ընտանեկան և կենցաղային բռնության կանխարգելման և ընտանեկան և կենցաղային բռնության ենթարկված անձանց պաշտպանության բնագավառում**

*(վերնագիրը փոփ. 12.04.24 ՀO-169-Ն)*

1. Ընտանեկան և կենցաղային բռնության կանխարգելման ու ընտանեկան և կենցաղային բռնության ենթարկված անձանց պաշտպանության բնագավառում Լիազոր մարմինը`
1) միջոլորտային ռազմավարական փաստաթղթերի շրջանակում մշակում է պետական ռազմավարական

միջոցառումներ և ապահովում է դրանց իրականացումը.

2) մշակում է ընտանեկան և կենցաղային բռնության դեպքերի հայտնաբերման, ընտանեկան և կենցաղային բռնության ենթարկված անձանց ուղղորդման, ընտանեկան և կենցաղային բռնության դեպքի կրկնման ռիսկի գնահատման կարգը.

3) իրականացնում է ընտանեկան և կենցաղային բռնության դեպքերի կենտրոնացված հաշվառում՝ Կառավարության որոշմամբ սահմանված կարգով՝ ընդգրկելով ինչպես ոստիկանության, քննչական կոմիտեի և Հայաստանի Հանրապետության դատական դեպարտամենտի, այնպես էլ վերջիններիս չգրանցած աջակցության կենտրոնների և ապաստարանների տրամադրած տվյալները, դրանց ընթացքի վերաբերյալ վիճակագրության վարում, ինչպես նաև այդ վիճակագրության ամենամյա հրապարակում իր պաշտոնական կայքում.

4) ուսումնասիրում է ընտանեկան և կենցաղային բռնության պատճառները, պայմանները և հետևանքները, մշակում դրանց հաղթահարմանն ուղղված պետական ծրագրեր.

5) իրականացնում է ընտանեկան և կենցաղային բռնության ենթարկվածներին սոցիալական ծառայություններ տրամադրող աջակցության կենտրոնների և ապաստարանների հավաստագրումը՝ Կառավարության սահմանած կարգով.

6) ոչ առևտրային իրավաբանական անձանց հետ կնքում է ապաստարանի և աջակցության կենտրոնի ֆինանսավորման պայմանագիր՝ Կառավարության սահմանած պայմանագրի օրինակելի ձևի հիման վրա, և վերահսկողություն իրականացնում իր կողմից մասնակի կամ ամբողջապես ֆինանսավորվող ապաստարանների և աջակցության կենտրոնների գործունեության նկատմամբ նաև ֆինանսական միջոցների օգտագործման մասով.

7) վերահսկում է Կառավարության սահմանած ապաստարանի գործունեությանը, մասունցվող ծառայություններին և անձնակազմին, ապաստարանին կողմից ծառայությունների մատունցման ներկայացվող պահանջների պահպանումը.

8) վերահսկում է Կառավարության սահմանած աջակցության կենտրոնին գործունեությանը, մասունցվող ծառայություններին և անձնակազմին, աջակցության կենտրոնների կողմից ծառայությունների մատունցմանը ներկայացվող պահանջների պահպանումը.

9) պարբերաբար կազմակերպում է աջակցության կենտրոնների և ապաստարանների աշխատակիցների վերապատրաստում, այդ թվում՝ ոլորտի հասարակական և միջազգային կազմակերպությունների հետ համագործակցությամբ.

10) հանրության համար հասանելի կերպով տարեկան առնվազն մեկ անգամ հրապարակում է կայքի այն միջոցների ցանկը (ներառյալ՝ ընտանեկան և կենցաղային բռնության ենթարկվածների համար նախատեսված անվճար «Թեժ գիծ» ծառայության հեռախոսահամարները, որոնց աջակցության կենտրոնները և ապաստարանները պարունավդր են ունենա), որոնցով ընտանեկան և կենցաղային բռնության ենթարկվածները, նրանց ընտանիքի անդամները և այլ անձինք կարող են անհապաղ կապ հաստատել աջակցության կենտրոններին և ապաստարաններին աշխատանքային կամ ենտանիքի ներգրաված համապատասխան մասնագետի հետ և ստանալու անհրաժեշտ ունեստունց, իսկ հաշմանդամության ունեցող անձանց դեպքում՝ նաև նրանց համար մատչելի օգնությունը.

11) ընտանեկան և կենցաղային բռնության ենթարկվածներին ժամանակավոր աջակցություն ցուցաբերելու նպատակով բացում է ընտանեկան և կենցաղային բռնության ենթարկվածների աջակցության հաշվեհամար և տնօրինում այն Կառավարության սահմանած կարգով. Հաշվեհամարի միջոցները ձևավորվում են պետական բյուջեի հատկացումներից, ֆիզիկական և իրավաբանական անձանց ներդրումներից և օրենքով չարգելված այլ աղբյուրներից ստացվող միջոցներից.

12) ընտանեկան և կենցաղային բռնությունը կանխարգելելու նպատակով աջակցման կենտրոնն և ապաստարան դիմած անձանց շրջանում սահմանում է մշտադիտարկման կարգը.

13) կազմակերպում է ընտանեկան և կենցաղային բռնության կանխարգելման, ինչպես նաև ընտանեկան և կենցաղային բռնության ենթարկված անձանց աջակցության բնագավառներում աշխատող սոցիալական ոլորտի մասնագետների վերապատրաստման և վերատրականվորման գործընթացը, որի կարգը սահմանում է Լիազոր մարմնի ղեկավարը.

14) ընտանեկան և կենցաղային բռնության կանխարգելման ու ընտանեկան և կենցաղային բռնության ենթարկված անձանց պաշտպանության գործառույթներ իրականացնող մարմիններին և հատուկ կառուցները հետ մշակում է ընտանեկան և կենցաղային բռնություն գործառված անձանց ռեաբիլիտացման ծրագիրը.

15) Միասնական սոցիալական ծառայության և միջոցով համացործակցում է պետական և տեղական ինքնակառավարման մարմիններ, միջազգային և ներպետական հասարակական կազմակերպությունների հետ՝ ընտանեկան և կենցաղային բռնության ենթարկված անձանց՝ ըստ անհրաժեշտության, սոցիալական ծառայություններից օգտվելու գործընթացում աջակցելու և համապատասխան մարմիններ ուղղորդելու համար:

2. Լիազոր մարմնի ղեկավարի կից գործում է Ընտանեկան և կենցաղային բռնության կանխարգելման խորհուրդը, որը նրան առաջարկություններ է ներկայացնում ընտանեկան և կենցաղային բռնության կանխարգելման բնագավառում պետական ռազմավարական միջոցառումների, օրենսդրական բարեփոխումների, հանրության իրազեկման միջոցառումների և այլ հարցերի վերաբերյալ: Խորհրդի անդամներն իրենց գործունեությունն իրականացնում են հասարակական հիմունքներով: Խորհրդի կազմում ընդգրկվում են՝

1) պետական կառավարման համակարգի մարմիների, Հայաստանի Հանրապետության քննչական կոմիտեի, դատախազության ներկայացուցիչներ.

2) հասարակական կազմակերպությունների ներկայացուցիչներ.

3) աջակցության կենտրոններն և ապաստարանների ներկայացուցիչներ:

3. Խորհրդի կազմում ընդգրկվում է նաև Մարդու իրավունքների պաշտպանն աշխատակազմի մեկ ներկայացուցիչ:

4. Խորհրդի գործառույթները, ձևավորման կարգը սահմանում է Կառավարությունը, իսկ անհատական կազմը` Հայաստանի Հանրապետության վարչապետը:

*(14-րդ հոդվածը փոփ. 24.03.21 ՀՕ-160-Ն, փոփ., խմբ. 12.04.24 ՀՕ-169-Ն)*

## Հոդված 15.  Ներքին գործերի նախարարության լիազորություններն ընտանեկան և կենցաղային բռնության կանխարգելման ու ընտանեկան և կենցաղային բռնության ենթարկված անձանց պաշտպանության բնագավառում

*(վերնագիրը խմբ. 12.04.24 ՀՕ-169-Ն)*

1. Ընտանեկան և կենցաղային բռնության կանխարգելման ու ընտանեկան և կենցաղային բռնության ենթարկված անձանց պաշտպանության բնագավառում ներքին գործերի նախարարությունը`

1) ապահովում է ընտանեկան և կենցաղային բռնության կանխարգելման ու ընտանեկան և կենցաղային բռնության ենթարկված անձանց պաշտպանության բնագավառում ոստիկանության իրավասու ծառայողների վերապատրաստումը, որի կարգը սահմանում է ներքին գործերի նախարարը.

2) սահմանում է կանխարգելիչ հաշվառման վերցնելու կարգը, ինչպես նաև կանխարգելիչ հաշվառման շրջանակում ընտանեկան և կենցաղային բռնություն գործադողերը կանխարգելելու նպատակով ամսական առնվազն մեկ հանդիպում ունենալու հաշվառված անձանց հետ.

3) իրենց ենկատմամբ ընտանեկան և կենցաղային բռնություն կիրառված լինելու մասին հաղորդումը ոստիկանություն դիմած անձանց իրազեկում է սույն օրենքի 5-րդ հոդվածով սահմանված պաշտպանության միջոցների մասին, պարզաբանում է նրանց իրավունքները և հասանելի ծառայությունների օգտվելու հնարավորությունը, անհրաժեշտության դեպքում նրանց ուղղորդում է աջակցության կենտրոններ, ինչպես նաև սույն օրենքով նախատեսված դեպքերում է կարգով որոշում է կայացնում ընտանեկան և կենցաղային բռնության ենթարկվածներին և նրանց խնամքի տակ գտնվող անձանց ապաստարանում տեղավորելու մասին.

4) կազմակերպում է ոստիկանության իրավասու ծառայողների` ընտանեկան և կենցաղային բռնության կանխարգելման և ընտանեկան և կենցաղային բռնության ենթարկված անձանց պաշտպանության վերաբերյալ պարբերական վերապատրաստումներ, ինչպես նաև ապահովում է այլ մարմինների և կազմակերպությունների կողմից կազմակերպվող վերապատրաստումներին նրանց մասնակցությունը.

5) կայացնում է սույն օրենքի 7-րդ հոդվածով նախատեսված անհետաձգելի միջամտության որոշումներ, ինչպես նաև հսկողություն է իրականացնում անհետաձգելի միջամտության և պաշտպանական որոշումների համապատասխան պահանջների կատարման նկատմամբ` ներքին գործերի նախարարի սահմանած կարգին համապատասխան.

6) կիրառում է սույն օրենքի 7-րդ հոդվածով նախատեսված և ներքին գործերի նախարարի կողմից սահմանված` անմիջականորեն սպառնացող վտանգի գնահատման չափորոշիչները և կազմակերպում ոստիկանության իրավասու ծառայողների պարտադիր վերապատրաստումները հիշյալ չափորոշիչների կիրառման առանձնահատկություններին ծանոթացնելու նպատակով.

7) լիազոր մարմնին տրամադրում է ընտանեկան և կենցաղային բռնության դեպքերի վերաբերյալ իր վարած վիճակագրությունը:

*(15-րդ հոդվածը փոփ., խմբ., լրաց. 26.06.23 ՀՕ-198-Ն, 12.04.24 ՀՕ-169-Ն)*

*(հոդվածը 22.03.23 ՀՕ-109-Ն օրենքի փոփոխության մասով ուժի մեջ է մտնում նույն օրենքի 2-րդ հոդվածով նախատեսված` Կառավարության որոշման ուժի մեջ մտնելու օրը)*

*(22.03.23 ՀՕ-109-Ն օրենքն ունի եզրափակիչ մաս և անցումային դրույթ)*

*(26.06.23 ՀՕ-198-Ն օրենքն ունի անցումային դրույթ)*

## Հոդված 16.  Կրթության ոլորտի լիազոր մարմնի լիազորություններն ընտանեկան և կենցաղային բռնության կանխարգելման բնագավառում

*(վերնագիրը խմբ. 12.04.24 ՀՕ-169-Ն)*

1. Ընտանեկան և կենցաղային բռնության կանխարգելման բնագավառում Կրթության ոլորտի լիազոր մարմինը`

1) ուսուցիչների և դասախոսների հետ պարբերաբար անցկացնում է ընտանեկան և կենցաղային բռնության կանխարգելման բնագավառում նրանց դերի, ընտանեկան և կենցաղային բռնության դեպքերի մասին իրավասու մարմիններին հայտնելու կարգի վերաբերյալ վերապատրաստումներ.

2) ընտանեկան և կենցաղային բռնության կանխարգելման նպատակով վերանայում է կրթական ծրագրերը և բացառում ընտանեկան և կենցաղային բռնության խրախուսման դրսևորումները դասագրքերում և կրթական նյութերում, ինչպես նաև կրթական ծրագրերում ընդգրկում է նյութեր ընտանեկան և կենցաղային բռնության բնույթի, ընտանիքի և

հանրության վրա դրա ազդեցության և ապահովական ընտանեկան և կենսաթոշակային արժեքների մասին:
*(16-րդ հոդվածը փոփ., խմբ. 12.04.24 ՀО-169-Ն)*

### Հոդված 17.   Առողջապահության ոլորտի Լիազոր մարմնի լիազորություններն ընտանեկան և կենսաթոշակային բռնության ենթարկված անձանց պաշտպանության բնագավառում

*(վերնագիրը խմբ. 12.04.24 ՀО-169-Ն)*

1. Ընտանեկան և կենսաթոշակային բռնության ենթարկված անձանց պաշտպանության բնագավառում առողջապահության ոլորտի Լիազոր մարմինը՝

1) ապահովում է ընտանեկան և կենսաթոշակային բռնության ենթարկված անձանց համար անվճար և արտոնյալ պայմաններով բժշկական օգնություն և սպասարկում բռնության դեպքով պայմանավորված՝ անձն առողջական խնդիրների լուծման նպատակով.

2) բժշկական հաստատություններում պարբերական վերապատրաստումներ է իրականացնում ընտանեկան և կենսաթոշակային բռնության պատճառով բժշկական օգնություն դիմած անձանց համար՝ հասանելի հոգեբանական և այլ ծառայությունների մասին տեղեկացնելու, նրանց աջակցության կենտրոններ ուղղորդելու վերաբերյալ:
*(17-րդ հոդվածը խմբ. 12.04.24 ՀО-169-Ն)*

### Հոդված 18.   Խնամակալության և հոգաբարձության մարմինների լիազորություններն ընտանեկան և կենսաթոշակային բռնության կանխարգելման և ընտանեկան և կենսաթոշակային բռնության ենթարկված անձանց պաշտպանության բնագավառում

*(վերնագիրը փոփ. 12.04.24 ՀО-169-Ն)*

1. Ընտանեկան և կենսաթոշակային բռնության կանխարգելման և ընտանեկան և կենսաթոշակային բռնության ենթարկված անձանց պաշտպանության նպատակով խնամակալության և հոգաբարձության մարմինները իրենց լիազորությունների շրջանակներում՝

1) օրենքով նախատեսված դեպքերում դիմում են դատարան՝ պաշտպանական որոշման համար, ինչպես նաև հաղորդում են ներկայացնում իրավապահ մարմիններ՝ անհատահաս կամ դատական կարգով անգործունակ կամ սահմանափակ գործունակ ճանաչված անձանց նկատմամբ գործադրվող՝ ընտանեկան և կենսաթոշակային բռնության կամ դրա իրական սպառնալիքի մասին.

2) օրենքով և իրենց կանոնադրությամբ սահմանված կարգով կազմակերպում են ընտանեկան և կենսաթոշակային բռնության պատճառով առանց խնամքի մնացած երեխաների և անգործունակ անձանց խնամքը:
*(18-րդ հոդվածը փոփ. 12.04.24 ՀО-169-Ն)*

### Հոդված 19.   Աջակցության կենտրոնը

1. Աջակցության կենտրոնը՝

1) աջակցության կենտրոնն դիմած անձանց նրանց համար հասկանալի լեզվով, իսկ հաշմանդամություն ունեցող անձանց դեպքում համար մատչելի եղանակով տեղեկացնում է նրանց իրավունքների, հասանելի ծառայությունների և օրենքով նախատեսված պաշտպանության միջոցների և դրանցից օգտվելու կարգի մասին.

2) կազմակերպում է ընտանեկան և կենսաթոշակային բռնության ենթարկվածներին անհրաժեշտ և անհատույց հոգեբանական և իրավաբանական օգնության և այլ անհրաժեշտ սոցիալական ծառայությունների տրամադրումը.

3) սույն օրենքով նախատեսված դեպքերում և կարգով որոշում է կայացնում ընտանեկան և կենսաթոշակային բռնության ենթարկվածներին և նրանց խնամքի տակ գտնվող անձանց ապաստաումում տեղավորելու մասին՝ նրանց համաձայնությամբ.

4) ուսումնասիրում է ընտանեկան և կենսաթոշակային բռնության պատճառներն ու պայմանները, վարում ընտանեկան և կենսաթոշակային բռնության դեպքերի վերաբերյալ վիճակագրություն և արդյունքները ներկայացնում Լիազոր մարմին.

5) *(կետն ուժը կորցրել է 12.04.24 ՀО-169-Ն)*

6) նախազգուշացմ ան և անհետաձգելի միջամտության որոշումների պատճեններն ստանալուց հետո ողջամիտ ժամկետում ընտանեկան և կենսաթոշակային բռնության ենթարկվածին առաջարկում է սույն օրենքով նախատեսված աջակցությունների տրամադրում.

7) *(կետն ուժը կորցրել է 12.04.24 ՀО-169-Ն)*

8) ընտանեկան և կենսաթոշակային բռնության ենթարկվածներին աջակցում է աշխատանքի տեղավորման և պետությունից կամ համայնքատատուն կազմակերպություններից սոցիալական աջակցություն ստանալու հարցերում.

9) աջակցության կենտրոնի դիմած անձի համաձայնությամբ նրա անվտանգությունն ապահովելու նպատակով դիմում է ոստիկանության համապատասխան ստորաբաժանում՝ նախազգուշացման կամ անհետաձգելի

միջամտության որոշում կայացնելու հիմքերի առկայություն ստուգելու համար, ինչպես նաև սույն օրենքով նախատեսված դեպքում դիմում է դատարան՝ պաշտպանական որոշում կայացնելու դիմումով.

10) ներկայացնում է ընտանեկան և կենցաղային բռնության կանխարգելման վերաբերող քաղաքականության ու ընտանեկան և կենցաղային բռնությունից տուժած անձանց մատուցվող ծառայությունների բարելավման ուղղված առաջարկներ:

*(19-րդ հոդվածը փոփ., խմբ., լրաց. 12.04.24 ՀO-169-Ն)*

Հոդված 20.    Ապաստարանը

1. Պետություն անհրաժեշտ միջոցներ է ձեռնարկում ապաստարանների առկայությունը և գործունեությունն ապահովելու ուղղությամբ: Ապաստարանը հիմնադրվում է Լիազոր մարմնի, տեղական ինքնակառավարման մարմնի հիմնած ոչ առևտրային կազմակերպության կամ այլ ոչ առևտրային իրավաբանական անձանց կողմից:

2. Լիազոր մարմինը ոչ առևտրային իրավաբանական անձանց հետ կարող է կնքել նրանց կողմից ապաստարանի հիմնադրման կամ արդեն հիմնադրված ապաստարանի գործունեության աջակցման մասին պայմանագիր, որը պետք է պարունակվի նաև այդ ապաստարանի գործունեության նկատմամբ Լիազոր մարմնի հսկողություն իրականացնելու կարգը, այդ թվում՝ տրամադրված ֆինանսական միջոցների օգտագործման նկատմամբ: Ֆինանսավորվող ոչ առևտրային իրավաբանական անձն ընտրվում է Հայաստանի Հանրապետության օրենսդրությամբ սահմանված կարգով անցկացվող մրցույթով:

3. Ապաստարան հիմնադրելու համար համապատասխանն կազմակերպությունների պետք է ստանան Լիազոր մարմնի կողմից տրամադրվող հավաստագրում, որի տրամադրման կարգը սահմանում է Կառավարությունը: Կառավարությունը կարող է օրենսդրությամբ սահմանված կարգով աջակցություն տրամադրել ոչ առևտրային իրավաբանական անձանց՝ ապաստարանն ստեղծելու և դրա գործունեությունն ապահովելու համար:

4. Ապաստարանը պետք է ապահովված լինի Հայաստանի Հանրապետության օրենսդրությամբ սահմանված պահանջները բավարարող կոմունալ, սանիտարահիգիենիկ և հակահրդեհային անվտանգության անհրաժեշտ պայմաններով և համապատասխան անվտանգության համակարգով, երեխաների համար՝ նաև խնամքի և կրթության պայմաններով, հաշմանդամություն ունեցող անձանց համար մատչելի պայմաններով և համապատասխանն Հայաստանի Հանրապետության կառավարության սահմանած այլ չափանիշներին:

5. Շահառուները կարող են ապաստարանում տեղավորվել, եթե առկա է բռնության կրկնման կամ շարունակական վտանգի վերաբերյալ հիմնավոր ենթադրություն: Ապաստարանում չեն կարող տեղավորվել երեխաներ՝ առանց առնվազն մեկ ծնողի կամ այլ օրինական ներկայացուցչի: Անձինք ապաստարանում տեղավորելու վերաբերյալ որոշում կարող են կայացնել՝

1) ոստիկանությունը՝ կյանքին և առողջությանն սպառնացող վտանգի դեպքում.

2) ապաստարանը կամ աջակցության կենտրոնը՝ գնահատված կարիքի հիմանն վրա:

6. Ապաստարանը՝

1) շահառուներին անհատույց տրամադրում է ապահով բնակելի տարածք, հոգեբանական և իրավաբանական օգնություն, սոցիալական աջակցություն՝ անհրաժեշտության դեպքում ներգրավելով համապատասխանն մասնագետներին, ինչպես նաև ապահովում է սնունդ և հագուստով, իսկ երեխաներին՝ նաև դաստիարակչության անհրաժեշտ կահավորմամբ և պիտույքներով տարածքություն:

2) անհրաժեշտության դեպքում և շահառուների համաձայնությամբ կազմակերպում է նրանց կողմից առողջապահական հաստատություններ դիմելը՝ բժշկական օգնություն և սպասարկում ստանալու համար:

7. Շահառուների ապաստարանում տեղավորվում են ոչ ավելի, քան 12 ամում/ Ապաստարանում գտնվելու ժամկետում որոշում է ապաստարանը՝ շահառուներին համապատասխանն օգնություն ցույց տվող մասնագետների առաջարկությամբ՝ հաշվի առնելով նրանց անվտանգության համար սպառնալիքների առկայությունը կամ բացակայությունը, նրանց՝ ինքնուրույն կամ այլ անձի հետ համատեղ բնակվելու հնարավորությունը և այլ վերաբերելի հանգամանքներ՝ որպես պարտադիր պայման դիտելով ապաստարանում մնալու՝ շահառուների համաձայնությունը:

*(20-րդ հոդվածը խմբ., լրաց. 12.04.24 ՀO-169-Ն)*

Հոդված 21.    Ընտանեկան և կենցաղային բռնությունը կանխարգելող հատուկ կառույցների ֆինանսավորման աղբյուրները

*(վերնագիրը փոփ. 12.04.24 ՀO-169-Ն)*

1. Աջակցության կենտրոնների և ապաստարանների ֆինանսավորումն իրականացվում է դրանց հիմնադիրների միջոցներից, սույն օրենքով և Հայաստանի Հանրապետության օրենսդրությամբ սահմանված դեպքերում պետական բյուջեի, ինչպես նաև օրենքով չարգելված ֆինանսավորման այլ աղբյուրների հաշվին:

*(21-րդ հոդվածը փոփ. 12.04.24 ՀO-169-Ն)*

Գ Լ Ո Ւ Խ  4

*ԸՆՏԱՆԵԿԱՆ ԵՎ ԿԵՆՑԱՂԱՅԻՆ ԲՆՈՒՅԹԱՆ ԵՆԹԱՐԿՎԱԾՆԵՐԻ ՎԵՐԱԲԵՐՅԱԼ
ՏԵՂԵԿԱՏՎՈՒԹՅԱՆ ՊԱՇՏՊԱՆՄԱՆ ԻՐԱՎԱԿԱՆ ՌԵԺԻՄԸ ԵՎ ԴՐԱ ՏՐԱՄԱԴՐՄԱՆ ԿԱՐԳԸ*
*(վերնագիրը խմբ. 12.04.24 ՀՕ-169-Ն)*

**Հոդված 22.     Մասնավոր և ընտանեկան կյանքի անձեռնմխելիությունը**

1. Իրավասու մարմինների կողմից ընտանեկան և կենցաղային բնույթի դեպքերի և(կամ) ընտանեկան և կենցաղային բնույթի ենթարկվածներին կամ ենթադրաբար ընտանեկան և կենցաղային բնույթի ենթարկվածներին առնչվող հանցագործության դեպքերի վերաբերյալ ստացված մասնավոր կյանքի տվյալները գաղտնի են։ Արգելվում է առանց ընտանեկան և կենցաղային բնույթի ենթարկվածի կամ ենթադրաբար ընտանեկան և կենցաղային բնույթի ենթարկվածի համաձայնության զանգվածային լրատվության միջոցներով կամ այլ եղանակով նրանց վերաբերյալ այնպիսի տեղեկություն հրապարակումը, որը թույլ կտա բացահայտել նրանց ինքնությունը, եթե այլ բան նախատեսված չէ Հայաստանի Հանրապետության օրենսդրությամբ։

2. Ոստիկանության իրավասու ծառայողներին, աջակցության կենտրոնի և ապաստարանի աշխատակիցներին արգելվում է հրապարակել ապաստարանում տեղավորված` ընտանեկան և կենցաղային բնույթի ենթարկվածների և նրանց խնամքի տակ գտնվող անձանց գտնվելու վայրը կամ այլ տեղեկություն, որի միջոցով հնարավոր է հայտնաբերել նրանց գտնվելու վայրը։

3. Մասնավոր կամ ընտանեկան կյանքի անձեռնմխելիության իրավունքի խախտումն առաջացնում է օրենքով նախատեսված պատասխանատվություն, իսկ դրա հետևանքով անձին պատճառված վնասը ենթակա է հատուցման` օրենքով սահմանված կարգով։

*(22-րդ հոդվածը լրաց. 26.06.23 ՀՕ-198-Ն, փոփ. 12.04.24 ՀՕ-169-Ն)*
*(26.06.23 ՀՕ-198-Ն օրենքն ուժի անցումային դրույթ)*

Գ Լ Ո Ւ Խ  5

*ԱՆՑՈՒՄԱՅԻՆ ԵՎ ԵԶՐԱՓԱԿԻՉ ԴՐՈՒՅԹՆԵՐ*

**Հոդված 23.     Եզրափակիչ մաս և անցումային դրույթներ**

1. Սույն օրենքն ուժի մեջ է մտնում պաշտոնական հրապարակմանը հաջորդող օրվանից մեկ ամիս հետո, բացառությամբ սույն հոդվածի 3-րդ և 4-րդ մասերով նախատեսված դրույթների։

2. Սույն օրենքն ուժի մեջ մտնելուց հետո` երեք ամսվա ընթացքում, Կառավարությունը և սույն օրենքով նախատեսված մարմինները ընդունում են սույն օրենքով նախատեսված ակտերը։ Վարչապետը հաստատում է Լիազոր մարմնին առընթեր խորհրդի անհատական կազմը, իսկ Լիազոր մարմնի դեկավարը հրավիրում է Ընտանիքում բնույթի կանխարգելման խորհրդի առաջին նիստը։

3. Սույն օրենքի 2-րդ գլուխը, ինչպես նաև 22-րդ հոդվածի 2-րդ մասն ուժի մեջ են մտնում պաշտոնական հրապարակմանը հաջորդող օրվանից վեց ամիս հետո։

4. Աջակցության կենտրոնների և ապաստարանների կողմից մատուցվող ծառայությունների վերաբերյալ դրույթներն ուժի մեջ են մտնում սույն օրենքի պաշտոնական հրապարակմանը հաջորդող օրվանից մեկ տարի հետո։

5. Սույն օրենքով պատասխանատու մարմինների ապահովում են սույն օրենքով նախատեսված պաշտոպանության միջոցների կիրառման և սոցիալական ծառայությունների տրամադրման անհրաժեշտ վերապատրաստումները մինչ համապատասխան դրույթների ուժի մեջ մտնելը։


Հայաստանի Հանրապետության
Նախագահ

Ս. Սարգսյան


2017 թ. դեկտեմբերի 30
Երևան
ՀՕ-320-Ն