Outlook

## RE: Dias v. Dias – Petitioner Document Production (Case No. 3:24-CV-04471-EMC)

**From** Hesse, Danielle <DHesse@gibsondunn.com>

**Date** Tue 10/1/2024 6:01 PM

**To**   Richard Min <rmin@gkmrlaw.com>; Waddick, Nicole <NWaddick@gibsondunn.com>; kelly@drsfamilylaw.com <kelly@drsfamilylaw.com>; maria@drsfamilylaw.com <maria@drsfamilylaw.com>

**Cc**   *** Diasrespondent <Diasrespondent@gibsondunn.com>; Camilla Redmond <credmond@gkmrlaw.com>

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Thank you for confirming, Richard.  We are concerned by the spoliation that has occurred here.  Of course, with respect to the messages sent once litigation was filed, and indeed, once the children were in the United States, we believe Petitioner had an obligation to preserve those messages. We also believe it is possible that, after his duty to preserve evidence arose, Petitioner went back to messages sent earlier in time and deleted messages.  In order to assess the scope of the spoliation and the prejudice to Respondent, please have your client provide a declaration with the following information:

1. The date that Mr. Dias first anticipated litigation of any kind (including in Armenia) relating to Mrs. Dias
2. The date that Mr. Dias first contacted his counsel in Armenia (we are not seeking any attorney-client privileged information about his communications—only the date of first contact)
3. The date that Mr. Dias first anticipated filing a Hague Petition
4. The date that Mr. Dias first contacted counsel for the Hague Petition (we are not seeking any attorney-client privileged information about his communications—only the date of first contact)
5. For each message that Mr. Dias deleted between himself and Respondent:
   1. The date (or approximate date) the message was deleted;
   2. The reason why Mr. Dias deleted the message;
   3. A description of efforts to recover the message, including the status of those efforts;
   4. If the message has been recovered, please provide the substance of that message ASAP.

We understand that there were also messages deleted between Mr. Dias and other members of Respondent's family.  As we understand that we are already seeking a lot of information, we will not request information regarding those messages at this time; however, should any of those messages be recovered, we expect that they will be produced immediately.

Due to the streamlined nature of discovery in this case, please provide this information by 5 PM PT Friday; if your client will need more time to collect this information, please let us know as soon as you can and provide us an estimate of when we can expect this information.  If we do not receive this information, or if the information provided does not adequately address our concerns about the prejudice to Respondent, we will plan to file a motion seeking an adverse inference regarding all deleted messages sent to Petitioner.

Additionally, we understand that Petitioner has represented to the Court that he has a "fixed-term contract in Armenia" that is "scheduled to last five (5) years, from December 2023 through 2028."  Dkt. 109 at 2.  His "Letter of Fixed-Term Appointment," dated November 20, 2023, states in paragraph 3 that "This fixed-term appointment is for a limited duration from 22-NOV-2023 to 21-NOV-2024 (inclusive). The probationary period does not apply to staff members appointed to WHO on interagency transfer from PAHO whose appointments have already been confirmed under PAHO. This appointment, irrespective of the length of service, gives no right to, and carries no expectation of, renewal or

conversion to any other type of appointment with the WHO. It will come to an end automatically on the agreed period of service unless an offer of extension is made and accepted. The expiration of the appointment does not warrant the payment of any termination indemnity. This fixed-term appointment may be terminated prior to its expiry date. Please refer to Article IX of the Staff Regulations and Section 10 of the Staff Rules regarding separation from the service of the Organization." We have not received any additional contracts or documents from Petitioner that support his contract lasting through 2028. Please provide whatever documentation Petitioner is relying upon to support this contention. Additionally, if there has been a change in Petitioner's employment status, please let us know, as that is highly relevant to a core issue of this case.

Best,
Danielle

**Danielle Hesse**
Associate Attorney

T: +1 213.229.7827 | M: +1 818.292.4227
DHesse@gibsondunn.com

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197

---

**From:** Richard Min <rmin@gkmrlaw.com>
**Sent:** Monday, September 30, 2024 8:03 AM
**To:** Hesse, Danielle <DHesse@gibsondunn.com>; Waddick, Nicole <NWaddick@gibsondunn.com>; kelly@drsfamilylaw.com; maria@drsfamilylaw.com
**Cc:** *** Diasrespondent <Diasrespondent@gibsondunn.com>; Camilla Redmond <credmond@gkmrlaw.com>
**Subject:** RE: Dias v. Dias – Petitioner Document Production (Case No. 3:24-CV-04471-EMC)

Sorry, let me clarify. Some of the deleted messages pre-date the commencement of litigation. I did not mean to suggest that they were deleted before or after.

**Richard Min|Green Kaminer Min & Rockmore LLP**
420 Lexington Ave. Ste. 2821|New York, NY 10170
O: 212.681.6400|D: 212.257.1944|F: 212.681.6999
rmin@gkmrlaw.com|www.gkmrlaw.com
Fellow of the International Academy of Family Lawyers

**ATTENTION:**
This electronic message transmission contains information from a law firm which may be confidential or privileged. This information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. You should delete the message and attachments without printing, copying, forwarding or saving them. If you have received this electronic transmission in error, please notify the sender immediately. Disclosure under IRS Circular 230: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and may not be used, for the purpose of avoiding tax-related penalties under federal, state or local tax law or promoting, marketing or recommending to another party any transaction or matter addressed therein.

**From:** Hesse, Danielle <DHesse@gibsondunn.com>
**Sent:** Sunday, September 29, 2024 9:25 PM
**To:** Richard Min <rmin@gkmrlaw.com>; Waddick, Nicole <NWaddick@gibsondunn.com>; kelly@drsfamilylaw.com; maria@drsfamilylaw.com
**Cc:** *** Diasrespondent <Diasrespondent@gibsondunn.com>; Camilla Redmond <credmond@gkmrlaw.com>
**Subject:** RE: Dias v. Dias – Petitioner Document Production (Case No. 3:24-CV-04471-EMC)

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Counsel:

We understand you to be saying that some of the spoliation occurred before litigation began.  Please let us know which messages were deleted before vs. after litigation was anticipated, and how you know when each message was deleted.  We view this position as highly problematic given the timeline of this case, including that many of the deleted messages were sent after Respondent left Armenia.

Additionally, thank you for flagging the issue with that document.  Bates No. DIAS-RESP_0000059 is privileged, and we are clawing it back.  Please delete any and all versions of the document and please confirm when you have done so.  We will reproduce the document.

Thanks,
Danielle

**Danielle Hesse**
Associate Attorney

T: +1 213.229.7827 | M: +1 818.292.4227
DHesse@gibsondunn.com

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197

**From:** Richard Min <rmin@gkmrlaw.com>
**Sent:** Sunday, September 29, 2024 1:19 PM
**To:** Waddick, Nicole <NWaddick@gibsondunn.com>; kelly@drsfamilylaw.com; maria@drsfamilylaw.com
**Cc:** *** Diasrespondent <Diasrespondent@gibsondunn.com>; Camilla Redmond <credmond@gkmrlaw.com>
**Subject:** RE: Dias v. Dias – Petitioner Document Production (Case No. 3:24-CV-04471-EMC)

Dear Counsel,

We are unaware of any obligation to provide translations of native language documents along with our discovery responses.  Of course, to the extent we intend to use any such document as an exhibit we will provide certified translations of same.

With respect to the deleted text messages, our client is attempting to recover those messages but it should be noted that many of the messages were deleted prior to any litigation.  We of course would contest any attempt to draw a negative inference from the deletion of messages which is not uncommon using the WhatsApp function.  However, if the retrieval attempts are successful, we will promptly share the messages once they are made available to us.

Lastly, we appreciate you bringing the highlighted portions of one of the documents to our attention. It has just now come to our attention that a document produced by Respondent had some comments that we believe were left inadvertently (See DIAS-RESP-0000059). We will let you know if we come by any other documents with similar comments.