Outlook

### RE: Dias v. Dias - Ms. Dashyan Documents

| | |
|---|---|
| **From** | Richard Min <rmin@gkmrlaw.com> |
| **Date** | Fri 10/11/2024 12:44 PM |
| **To** | Davis, Thad A. <TDavis@gibsondunn.com> |
| **Cc** | Flores Conklin, Rommy <RFloresConklin@gibsondunn.com>; Cheung, Aaron J. <ACheung@gibsondunn.com>; Michael Banuchis <MBanuchis@gkmrlaw.com>; kelly@drsfamilylaw.com <kelly@drsfamilylaw.com>; maria@drsfamilylaw.com <maria@drsfamilylaw.com>; Camilla Redmond <credmond@gkmrlaw.com>; *** Diasrespondent <Diasrespondent@gibsondunn.com> |

Well then rather than state simple Notice was sufficient, perhaps this should have been the response provided. Again, failing to see how this issue is even relevant to this case, I dispute your representations and characterizations of the error in statement but will proceed accordingly as discussed.

_____

**Richard Min|Green Kaminer Min & Rockmore LLP**
rmin@gkmrlaw.com|www.gkmrlaw.com
Fellow of the International Academy of Family Lawyers

Manhattan Office:
420 Lexington Ave. Ste. 2821|New York, NY 10170
T: 212.681.6400|D: 212.257.1944

Long Island Office:
600 Old Country Rd. Ste. 410|Garden City, NY 11530
T: 516.858.2115

_____

**ATTENTION:**
This electronic message transmission contains information from a law firm which may be confidential or privileged.  This information is intended to be for the use of the individual or entity named above.  If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.  You should delete the message and attachments without printing, copying, forwarding or saving them.  If you have received this electronic transmission in error, please notify the sender immediately.
Disclosure under IRS Circular 230: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and may not be used, for the purpose of avoiding tax-related penalties under federal, state or local tax law or promoting, marketing or recommending to another party any transaction or matter addressed therein.

**From:** Davis, Thad A. <TDavis@gibsondunn.com>
**Sent:** Friday, October 11, 2024 12:39 PM
**To:** Richard Min <rmin@gkmrlaw.com>
**Cc:** Flores Conklin, Rommy <RFloresConklin@gibsondunn.com>; Cheung, Aaron J. <ACheung@gibsondunn.com>; Michael Banuchis <MBanuchis@gkmrlaw.com>; kelly@drsfamilylaw.com; maria@drsfamilylaw.com; Camilla Redmond <credmond@gkmrlaw.com>; *** Diasrespondent <Diasrespondent@gibsondunn.com>
**Subject:** Re: Dias v. Dias - Ms. Dashyan Documents

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Richard — that may have been the call where Camilla (strangely) left me (lead counsel) off the invite.

But regardless, you will need to move for leave to amend. And explain to the Court the need for the amendment, ie, that respondent and her counsel caught petitioner in an attempt to deceive respondent and the Court, including in a verified petition signed under penalty of perjury. A stipulation is not appropriate as we are not blessing your and your client's conduct, especially if you and he continue to state things inaccurately, for example misleadingly suggesting the notice provision somehow has if missed as a consequence an automatic extension (it does not). And not moving for leave to amend we view as trying to sneak this whole issue past the Court.

**Thad A. Davis**
Partner

T: +1 415.393.8251 M: +1 415 730 5434
TDavis@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

On 11/10/2024, at 12:18, Richard Min <rmin@gkmrlaw.com> wrote:

We did discuss it and on a call I don't think you were part of, I stated that to amend we will need to stipulate since my automatic right to amend the petition has passed and the response was that I can simply file a Notice and then I clarified that I would file a Notice listed what the changes should be incorporated. I don't mind filing an amended petition but again I believe we will need a stipulation providing permission from you to amend which my understanding was your firm did not want to do. Please clarify and advise on this.

As to your suggestion that the paragraph is misleading feel free to point out how. Your client may disagree with what is represented but I don't see it as misleading in any way.

_____
**Richard Min|Green Kaminer Min & Rockmore LLP**
rmin@gkmrlaw.com|www.gkmrlaw.com
Fellow of the International Academy of Family Lawyers

Manhattan Office:
420 Lexington Ave. Ste. 2821|New York, NY 10170
T: 212.681.6400|D: 212.257.1944

Long Island Office:
600 Old Country Rd. Ste. 410|Garden City, NY 11530
T: 516.858.2115

_____
**ATTENTION:**
This electronic message transmission contains information from a law firm which may be confidential or privileged.  This information is intended to be for the use of the individual or entity named above.  If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.  You should delete the message and attachments without printing, copying, forwarding or saving them.  If you have received this electronic transmission in error, please notify the sender immediately.

Disclosure under IRS Circular 230: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and may not be used, for the purpose of avoiding tax-related penalties under federal, state or local tax law or promoting, marketing or recommending to another party any transaction or matter addressed therein.

**From:** Davis, Thad A. <TDavis@gibsondunn.com>
**Sent:** Friday, October 11, 2024 12:13 PM
**To:** Richard Min <rmin@gkmrlaw.com>
**Cc:** Flores Conklin, Rommy <RFloresConklin@gibsondunn.com>; Cheung, Aaron J. <ACheung@gibsondunn.com>; Michael Banuchis <MBanuchis@gkmrlaw.com>; kelly@drsfamilylaw.com; maria@drsfamilylaw.com; Camilla Redmond <credmond@gkmrlaw.com>; *** Diasrespondent <Diasrespondent@gibsondunn.com>
**Subject:** Re: Dias v. Dias - Ms. Dashyan Documents

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Richard — we literally discussed notice and filing amended pleadings and complaint . You will need to do that, ie, file an amended petition and smended pleadings with the Court to fulfill your duties here. Your language as proposed (and not incorporating our edits) is still misleading though.

**Thad A. Davis**
Partner

T: +1 415.393.8251 M: +1 415 730 5434
TDavis@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

On 11/10/2024, at 11:50, Richard Min <rmin@gkmrlaw.com> wrote:

_____

To clarify and as we discussed on our call, the idea was to file to a Notice that listed which documents/paragraphs were to be amended and the language to which it would be amended to.  I was not preparing revised pleadings nor was that my understanding of what was discussed or expected. Please confirm.  As to the status of that, we sent you our of courtesy our proposed language.  You sent back proposed edits.  We are discussing that internally with a client who is 8 hours ahead and while we are engaged in other matters and will revert back with either our agreement to your suggested edits or further edits.  I have no problem with us simply filing with the language we proposed but to the extent we are trying to accommodate your suggested edits, your complaints on this seem a bit confusing especially when we already stiped to some language in the joint pretrial statement.  But if you feel like you need to file a motion with the court on this topic, that is your decision to make.

_____
**Richard Min|Green Kaminer Min & Rockmore LLP**
rmin@gkmrlaw.com|www.gkmrlaw.com
Fellow of the International Academy of Family Lawyers

Manhattan Office:
420 Lexington Ave. Ste. 2821|New York, NY 10170
T: 212.681.6400|D: 212.257.1944

Long Island Office:

600 Old Country Rd. Ste. 410|Garden City, NY 11530
T: 516.858.2115
_____

**ATTENTION:**
This electronic message transmission contains information from a law firm which may be confidential or privileged.  This information is intended to be for the use of the individual or entity named above.  If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.  You should delete the message and attachments without printing, copying, forwarding or saving them.  If you have received this electronic transmission in error, please notify the sender immediately.
Disclosure under IRS Circular 230: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and may not be used, for the purpose of avoiding tax-related penalties under federal, state or local tax law or promoting, marketing or recommending to another party any transaction or matter addressed therein.

---

**From:** Davis, Thad A. <TDavis@gibsondunn.com>
**Sent:** Friday, October 11, 2024 11:05 AM
**To:** Richard Min <rmin@gkmrlaw.com>
**Cc:** Flores Conklin, Rommy <RFloresConklin@gibsondunn.com>; Cheung, Aaron J. <ACheung@gibsondunn.com>; Michael Banuchis <MBanuchis@gkmrlaw.com>; kelly@drsfamilylaw.com; maria@drsfamilylaw.com; Camilla Redmond <credmond@gkmrlaw.com>; *** Diasrespondent <Diasrespondent@gibsondunn.com>
**Subject:** Re: Dias v. Dias - Ms. Dashyan Documents

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Richard — we still await the revised false pleadings and verified complaint per our comments as well as declaration from your client about his successful spoliation campaign. Given the shortness of time and the impasse we will move the Court today on the three issues and perhaps the passports as well depending on Camilla's response. Thanks. Respondent reserves all rights.


**Thad A. Davis**
Partner

T: +1 415.393.8251 M: +1 415 730 5434
TDavis@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

On 11/10/2024, at 10:40, Richard Min <rmin@gkmrlaw.com> wrote:


Thad, without responding to your various unnecessary and inaccurate representations, I will discuss the below internally and revert back our response in due course.  I was in court yesterday and am on trial this afternoon so I hope to get back to you after that.  We do reject the proposal about a rebuttable presumption to be clear however.


_____
**Richard Min|Green Kaminer Min & Rockmore LLP**
rmin@gkmrlaw.com|www.gkmrlaw.com
Fellow of the International Academy of Family Lawyers

Manhattan Office:
420 Lexington Ave. Ste. 2821|New York, NY 10170
T: 212.681.6400|D: 212.257.1944

Long Island Office:
600 Old Country Rd. Ste. 410|Garden City, NY 11530
T: 516.858.2115
_____

**ATTENTION:**
This electronic message transmission contains information from a law firm which may be confidential or privileged.  This information is intended to be for the use of the individual or entity named above.  If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.  You should delete the message and attachments without printing, copying, forwarding or saving them.  If you have received this electronic transmission in error, please notify the sender immediately.
Disclosure under IRS Circular 230: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and may not be used, for the purpose of avoiding tax-related penalties under federal, state or local tax law or promoting, marketing or recommending to another party any transaction or matter addressed therein.

**From:** Davis, Thad A. <TDavis@gibsondunn.com>
**Sent:** Thursday, October 10, 2024 10:11 AM
**To:** Richard Min <rmin@gkmrlaw.com>
**Cc:** Flores Conklin, Rommy <RFloresConklin@gibsondunn.com>; Cheung, Aaron J. <ACheung@gibsondunn.com>; Michael Banuchis <MBanuchis@gkmrlaw.com>; kelly@drsfamilylaw.com; maria@drsfamilylaw.com; Camilla Redmond <credmond@gkmrlaw.com>; *** Diasrespondent <Diasrespondent@gibsondunn.com>
**Subject:** Re: Dias v. Dias - Ms. Dashyan Documents

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good morning Richard and team,

Thank you for the meet confer yesterday which was productive. Unfortunately the situation appears to have worsened in some ways. We do thank you for providing some employment discovery, which was highly probative of your client's continuous lack of intent to stay in Armenia and job search anywhere but Armenia even as and after the children fled.

On the false verified complaint and pleadings, we await your response on our edits to your proposed revisions. However, we remain concerned petitioner will continue to dissemble, prevaricate and offer false contentions at trial and we in turn will consume our limited trial time combatting those, further prejudicing respondent who has already been forced to discover and try and remedy the false pleadings at the eleventh hour.

We therefore propose as a solution the following:

1. A rebuttable presumption that petitioners employment in Armenia is temporary and does not support a habitual residence finding as to Armenia.

With regard to petitioner's spoliation, we await your client's declaration as to what, when, why and how he destroyed evidence and has failed to recover it. But from your comments we gather he doesn't know what and we will never know the scope and scale of the spoliation. So in addition to being past midnite figuratively as we hurtle toward trial and despite respondent's best efforts to uncover and address these issues, the prejudice is impossible to avoid.

For this issue we propose the following:

1. A rebuttable presumption that the grave risk defense has been established and the destroyed evidence supports that presumption.

On the expert issue, we heard your comments and as a further attempt at compromise propose the following:

1. Petitioner provides a privilege log of communications or work product shared between petitioner and your Armenian law expert (and as we discovered his counsel) by Saturday October 12 in English;

2. We will provide you at the same time a list of areas of the report where we believe conduct and communication of the expert as petitioner's lawyer is at issue;

3. We will then meet and confer about producing communications from the log that correspond with those areas.

Please let us know if these are acceptable thanks.

**Thad A. Davis**
Partner

T: +1 415.393.8251 M: +1 415 730 5434
TDavis@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

On 09/10/2024, at 18:00, Richard Min <rmin@gkmrlaw.com> wrote:

Ok, we will review, discuss and get back to you on this.

**Richard Min|Green Kaminer Min & Rockmore LLP**
420 Lexington Ave. Ste. 2821|New York, NY 10170
O: 212.681.6400|D: 212.257.1944|F: 212.681.6999
rmin@gkmrlaw.com|www.gkmrlaw.com
Fellow of the International Academy of Family Lawyers

**ATTENTION:**
This electronic message transmission contains information from a law firm which may be confidential or privileged.  This information is intended to be for the use of the individual or entity named above.  If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.  You should delete the message and attachments without printing, copying, forwarding or saving them.  If you have received this electronic transmission in error, please notify the sender immediately. Disclosure under IRS Circular 230: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and may not be used, for the purpose of avoiding tax-related penalties under federal, state or local tax law or promoting, marketing or recommending to another party any transaction or matter addressed therein.

**From:** Flores Conklin, Rommy <RFloresConklin@gibsondunn.com>
**Sent:** Wednesday, October 9, 2024 3:18 PM
**To:** Richard Min <rmin@gkmrlaw.com>; Davis, Thad A. <TDavis@gibsondunn.com>
**Cc:** Cheung, Aaron J. <ACheung@gibsondunn.com>; Michael Banuchis <MBanuchis@gkmrlaw.com>; kelly@drsfamilylaw.com; maria@drsfamilylaw.com; Camilla Redmond <credmond@gkmrlaw.com>; ***

Diasrespondent <Diasrespondent@gibsondunn.com>
**Subject:** RE: Dias v. Dias - Ms. Dashyan Documents

| | |
|---|---|
| CAUTION: | This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe. |

Richard,

Thank you for the productive meet and confer earlier today as to multiple issues, including return of the Children's passports and the joint statement to the Court. We still believe, however, that the below changes to the filings still go beyond allegation and continues to misrepresent Petitioner's work status to the Court. Below are our suggested edits. We reserve all rights.

\*\*
"Petitioner received a fixed-term contract for his position in Armenia on November 20th, set to run from November 22, 2023 and is set to expire on ~~to~~ November 21, 2024 per WHO Staff Guideline 1040.1, with the possibility of renewal but no expectation in writing of it. This role ~~is~~ was listed as ~~considered~~ longer-term. ~~, and given that the~~ Petitioner has served with the World Health Organization for 15 years—often having his previous appointments or renewals follow the conclusion of one-year fixed-term contracts—~~he has~~ the expectation was that his assignment in Armenia was to last several years. To that end, the parties discussed staying in Armenia for up to five years. Mr. Dias continues to serve in his WHO position and has not received any notice of termination, which must be given to fixed-term staff members at least three months before their termination date. Failure to give notice is not specified as creating an expectation of extension or renewal."
\*\*

Thanks,
Rommy

**Rommy Flores Conklin**
Associate Attorney

T: +1 213.229.7966 | M: +1 213.335.1672
RFloresConklin@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197

---

**From:** Richard Min <rmin@gkmrlaw.com>
**Sent:** Wednesday, October 9, 2024 11:56 AM
**To:** Davis, Thad A. <TDavis@gibsondunn.com>
**Cc:** Cheung, Aaron J. <ACheung@gibsondunn.com>; Michael Banuchis <MBanuchis@gkmrlaw.com>; kelly@drsfamilylaw.com; maria@drsfamilylaw.com; Camilla Redmond <credmond@gkmrlaw.com>; \*\*\* Diasrespondent <Diasrespondent@gibsondunn.com>
**Subject:** RE: Dias v. Dias - Ms. Dashyan Documents

Thad,

Am providing the language we discussed and also a list of what I believe needs to be noticed for amendment. Of course, as discussed, the interrogatories won't be noticed and will be re-sent.

"Petitioner received a fixed-term contract for his position in Armenia on November 20th, set to run from November 22, 2023, to November 21, 2024, with the possibility of renewal. This role is considered longer-term, and given that the Petitioner has served with the World Health Organization for 15 years—often having his previous appointments or renewals follow the conclusion of one-year fixed-term contracts—the expectation was that his assignment in Armenia was to last several years. To that end, the parties discussed staying in Armenia for up to five years. Mr. Dias continues to serve in his WHO position and has not received any notice of termination, which must be given to fixed-term staff members at least three months before their termination date."
<image001.png>


_____
**Richard Min|Green Kaminer Min & Rockmore LLP**
rmin@gkmrlaw.com|www.gkmrlaw.com
Fellow of the International Academy of Family Lawyers

Manhattan Office:
420 Lexington Ave. Ste. 2821|New York, NY 10170
T: 212.681.6400|D: 212.257.1944

Long Island Office:
600 Old Country Rd. Ste. 410|Garden City, NY 11530
T: 516.858.2115

_____
**ATTENTION:**
This electronic message transmission contains information from a law firm which may be confidential or privileged.  This information is intended to be for the use of the individual or entity named above.  If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.  You should delete the message and attachments without printing, copying, forwarding or saving them.  If you have received this electronic transmission in error, please notify the sender immediately.
Disclosure under IRS Circular 230: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and may not be used, for the purpose of avoiding tax-related penalties under federal, state or local tax law or promoting, marketing or recommending to another party any transaction or matter addressed therein.

**From:** Davis, Thad A. <TDavis@gibsondunn.com>
**Sent:** Wednesday, October 9, 2024 11:54 AM
**To:** Richard Min <rmin@gkmrlaw.com>
**Cc:** Cheung, Aaron J. <ACheung@gibsondunn.com>; Michael Banuchis <MBanuchis@gkmrlaw.com>; kelly@drsfamilylaw.com; maria@drsfamilylaw.com; Camilla Redmond <credmond@gkmrlaw.com>; *** Diasrespondent <Diasrespondent@gibsondunn.com>
**Subject:** Re: Dias v. Dias - Ms. Dashyan Documents

| CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe. |
|---|

Richard,

We disagree as inter alia the purported expert put at issue instances and events where she was an advocate for petitioner  in support of her supposed expert contentions here.

To help guide the discussion on this and the other outstanding issues where we await deliverables some proposals below (and if you need more time to digest we can speak further later):

Given a corrected verified complaint and amended pleadings have not been forthcoming, and we are prejudiced in our briefing due today and trial preparation, we propose the following:

1. Stipulation Petitioner's WHO contract for Armenia was for one year only and has not been renewed.

2. Respondent able to comment adversely on the pleadings that state otherwise, including the verified complaint under penalty of perjury.

Given the supposedly restored, previously deleted materials still are not produced, and Petitioner's declaration regarding his spoliation and remediation efforts still is forthcoming, and ongoing prejudice to briefing due today and trial preparations, Respondent proposes the following:

1. Presumption all deleted materials support grave risk finding.

2. Respondent free to add to exhibits from any restored materials and Petitioner not entitled to use any of those materials except on rebuttal of grave risk.

Given Petitioner failed to produce records reflecting his frantic job search outside Armenia, despite discovery requests, and employment documents reflecting his legal residence in Portugal, we propose the following:

1. A presumption that Petitioner was actively seeking to leave Armenia immediately, and

2. A stipulation that Portugal is Petitioner's declared legal residence.

Given you have refused to produce materials going to your expert's (Petitioner's Armenian counsel) bias, and ongoing prejudice to our briefing and trial preparation, Respondent proposes as follows:

1. Expert report stricken to the extent speaks of Armenian proceeding.

2. If expert nonetheless testifies as to the Armenian proceeding, a presumption that the privileged materials confirm the expert's bias.

3. Alternatively produce the materials in question by noon Eastern Friday 10/11.

In a final attempt to explain the importance here, ie, waiver of privilege and our entitlement to the materials under the case law we have provided, imagine the privileged materials reflect Petitioner's admissions of violence, the lawyer explaining to petitioner the weaknesses in the Armenian domestic violence response, or Petitioner and his counsel's knowledge of ineffective police response, or bribery of police as part of the Armenian legal process. All these would show bias in the report. Petitioner cannot have it both ways and Respondent doesn't have to take Petitioner's word for it.

We look forward to discussing. And reserve all rights. Thanks.

**Thad A. Davis**
Partner

T: +1 415.393.8251 M: +1 415 730 5434
TDavis@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

On 09/10/2024, at 10:46, Richard Min <rmin@gkmrlaw.com> wrote:

Aaron,

I think the sticking point is that no privileged issues were raised in the expert report and thus no waiver has been made.

Regards,
_____

**Richard Min|Green Kaminer Min & Rockmore LLP**
rmin@gkmrlaw.com|www.gkmrlaw.com
Fellow of the International Academy of Family Lawyers

Manhattan Office:
420 Lexington Ave. Ste. 2821|New York, NY 10170
T: 212.681.6400|D: 212.257.1944

Long Island Office:
600 Old Country Rd. Ste. 410|Garden City, NY 11530
T: 516.858.2115
_____

**ATTENTION:**
This electronic message transmission contains information from a law firm which may be confidential or privileged.  This information is intended to be for the use of the individual or entity named above.  If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.  You should delete the message and attachments without printing, copying, forwarding or saving them.  If you have received this electronic transmission in error, please notify the sender immediately.
Disclosure under IRS Circular 230: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and may not be used, for the purpose of avoiding tax-related penalties under federal, state or local tax law or promoting, marketing or recommending to another party any transaction or matter addressed therein.

---

**From:** Cheung, Aaron J. <ACheung@gibsondunn.com>
**Sent:** Tuesday, October 8, 2024 11:57 AM
**To:** Richard Min <rmin@gkmrlaw.com>; Michael Banuchis <MBanuchis@gkmrlaw.com>; kelly@drsfamilylaw.com; maria@drsfamilylaw.com; Camilla Redmond <credmond@gkmrlaw.com>
**Cc:** *** Diasrespondent <Diasrespondent@gibsondunn.com>
**Subject:** RE: Dias v. Dias - Ms. Dashyan Documents

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Richard,

We understand your position, but we do not think your position is supported by the law.  As stated, Ms. Dashyan's expert report references and makes an opinion concerning the Armenian proceedings.  Ms. Dashyan represented Petitioner in those proceedings and thus has information concerning those proceedings that we do not have.  We are allowed to fully explore that information, including any information that may indicate a lack of independence or bias on her part.  You state that Ms. Dashyan relied on information that both sides have access to, but you do not exclude that she also relied on privileged information.  Regardless of this, the law makes clear that any otherwise privileged documents concerning topics raised by an expert has been waived.  *See QST Energy, Inc. v. Mervyn's*, 2001 U.S. Dist. LEXIS 23266, at *13 (N.D. Cal. May 14, 2001) ("Defendants cannot have it both ways.  Contrary to their assertion in their Expert Witness List that Kehrein's [in-house counsel's] testimony is limited to her opinions regarding the LFA and the correctness of Kupperberg's [outside expert's] calculations, Kehrein's testimony will likely disclose a significant portion of the confidential communications regarding Defendants' damages.  Therefore, Defendants waived any attorney-client privilege that may have attached to Kehrein's communications regarding Defendants' damages.").

On the sanctions issue—we are not seeking sanctions, but we need to reserve our rights and proposed a structure as compromise as we did on the trial date . We apologize if this was unclear or misunderstood. We had a very cordial meet and confer this morning, and we hope to continue to do so.

Best,
Aaron


**Aaron J. Cheung**
Associate Attorney

T: +1 415.393.4601 | M: +1 628.999.5700
ACheung@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

---

**From:** Richard Min <rmin@gkmrlaw.com>
**Sent:** Monday, October 7, 2024 2:38 PM
**To:** Cheung, Aaron J. <ACheung@gibsondunn.com>; Michael Banuchis <MBanuchis@gkmrlaw.com>; kelly@drsfamilylaw.com; maria@drsfamilylaw.com; Camilla Redmond <credmond@gkmrlaw.com>
**Cc:** *** Diasrespondent <Diasrespondent@gibsondunn.com>
**Subject:** RE: Dias v. Dias - Mr. Dashyan Documents

---

Your email is further proof that I believe you misunderstand the applicable principles. You are arguing that our expert should be able to rely on a Armenian finding that requires no attorney-client privilege but is memorialized in a document that both sides have access to independently. This seems quite nonsensical and is not information that is the product of attorney-client privilege.

Further, perhaps the Court's admonishment of litigation tactics wasn't clear enough but your threats of sanctions are quite unwarranted and unprofessional. We are happy to threaten sanctions too if you want to file a frivolous motion on this topic. However, I am confident that we are all working under very extreme deadlines and are doing our best to accommodate each other's issue or concerns.

Again, respectfully, we disagree with your reading of the caselaw and its application to the circumstances of this case as we've explained. Your email response does nothing to combat our reasoning and actually supports our contention that you are misunderstanding the principles in the caselaw. However, should you feel the need to file for any relief, please let us know so we can formally respond with our position. We are happy to meet and confer on this issue again if deemed helpful.

---

**Richard Min|Green Kaminer Min & Rockmore LLP**
420 Lexington Ave. Ste. 2821|New York, NY 10170
O: 212.681.6400|D: 212.257.1944|F: 212.681.6999
rmin@gkmrlaw.com|www.gkmrlaw.com
Fellow of the International Academy of Family Lawyers

---

**ATTENTION:**
This electronic message transmission contains information from a law firm which may be confidential or privileged. This information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. You should delete the message and attachments without printing, copying, forwarding or saving them. If you have received this electronic transmission in error, please notify the sender immediately.

Disclosure under IRS Circular 230: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and may not be used, for the purpose of avoiding tax-related penalties under federal, state or local tax law or promoting, marketing or recommending to another party any transaction or matter addressed therein.

---

**From:** Cheung, Aaron J. <ACheung@gibsondunn.com>
**Sent:** Monday, October 7, 2024 4:52 PM
**To:** Richard Min <rmin@gkmrlaw.com>; Michael Banuchis <MBanuchis@gkmrlaw.com>; kelly@drsfamilylaw.com; maria@drsfamilylaw.com; Camilla Redmond <credmond@gkmrlaw.com>
**Cc:** *** Diasrespondent <Diasrespondent@gibsondunn.com>
**Subject:** RE: Dias v. Dias - Mr. Dashyan Documents

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Richard,

We have a minor correction to our email below in red.

Best,
Aaron


**Aaron J. Cheung**
Associate Attorney

T: +1 415.393.4601 | M: +1 628.999.5700
ACheung@gibsondunn.com

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

---

**From:** Cheung, Aaron J. <ACheung@gibsondunn.com>
**Sent:** Monday, October 7, 2024 1:43 PM
**To:** Richard Min <rmin@gkmrlaw.com>; Michael Banuchis <MBanuchis@gkmrlaw.com>; kelly@drsfamilylaw.com; maria@drsfamilylaw.com; Camilla Redmond <credmond@gkmrlaw.com>
**Cc:** *** Diasrespondent <Diasrespondent@gibsondunn.com>
**Subject:** RE: Dias v. Dias - Mr. Dashyan Documents

Richard,

Given that you cited the Armenian case dismissal before the Court as recently as Friday to seek an extension, we do not understand how you can now claim that the matters are unrelated.  Note that Ms. Dashyan mentions this "unrelated" litigation in the expert report she submitted in the instant case.

If you do not believe it is relevant, please prepare an amended expert report removing any references to the proceeding.  Please confirm then the litigation in Armenia, and the dismissal of the case against your client on procedural grounds, will then not be cited by Petitioner, his current attorneys, and that that portion of Ms. Dashyan's report will be struck from the record given your admission below that you do not contend the case is ~~not~~ relevant to the merits of the instant case.  Should Petitioner seek to use the Armenia case at trial to impeach the grave risk defense *or* to support Petitioner's contentions regarding and potential ameliorative measures in Armenia, we will move to strike the testimony and seek sanctions.

Do you agree that Petitioner will either immediately produce all documents and communications between petitioner and Ms. Dashyan related to the Armenian litigation or that Petitioner waived the right to contend that the Armenian litigation, including any findings by the courts there, are unrelated to the instant litigation.  If you agree to the latter, the agreement would need to be without prejudice to Respondent citing the proceedings or any incident in Armenia for her defense, unrebutted.  Additionally, Respondent will be permitted to use such materials to impeach Ms. Dashyan, including by inquiring about Ms. Dashyan's prior and/or concurrent representation and relationship to Petitioner, as we suspect those communications will contradict communications of you and your client to the Court.

Thanks,


**Aaron J. Cheung**
Associate Attorney

T: +1 415.393.4601 | M: +1 628.999.5700
ACheung@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

---

**From:** Richard Min <rmin@gkmrlaw.com>
**Sent:** Monday, October 7, 2024 1:02 PM
**To:** Cheung, Aaron J. <ACheung@gibsondunn.com>; Michael Banuchis <MBanuchis@gkmrlaw.com>; kelly@drsfamilylaw.com; maria@drsfamilylaw.com; Camilla Redmond <credmond@gkmrlaw.com>
**Cc:** *** Diasrespondent <Diasrespondent@gibsondunn.com>
**Subject:** RE: Dias v. Dias - Mr. Dashyan Documents

_____

Also, the reports simply refer to the procedural history in Armenia, all based on the documents we both list on our exhibit lists.  Nothing there indicates attorney-client privilege.


_____
**Richard Min|Green Kaminer Min & Rockmore LLP**
rmin@gkmrlaw.com|www.gkmrlaw.com
Fellow of the International Academy of Family Lawyers

Manhattan Office:
420 Lexington Ave. Ste. 2821|New York, NY 10170
T: 212.681.6400|D: 212.257.1944

Long Island Office:
600 Old Country Rd. Ste. 410|Garden City, NY 11530
T: 516.858.2115
_____

**ATTENTION:**
This electronic message transmission contains information from a law firm which may be confidential or privileged.  This information is intended to be for the use of the individual or entity named above.  If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.  You should delete the message and attachments without printing, copying, forwarding or saving them.  If you have received this electronic transmission in error, please notify the sender immediately.
Disclosure under IRS Circular 230: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not

intended or written to be used, and may not be used, for the purpose of avoiding tax-related penalties under federal, state or local tax law or promoting, marketing or recommending to another party any transaction or matter addressed therein.

**From:** Richard Min
**Sent:** Monday, October 7, 2024 3:43 PM
**To:** Cheung, Aaron J. <ACheung@gibsondunn.com>; Michael Banuchis <MBanuchis@gkmrlaw.com>; kelly@drsfamilylaw.com; maria@drsfamilylaw.com; Camilla Redmond <credmond@gkmrlaw.com>
**Cc:** *** Diasrespondent <Diasrespondent@gibsondunn.com>
**Subject:** RE: Dias v. Dias - Mr. Dashyan Documents

Respectfully we disagree.  We will, of course, look at these cases, but the cases we have found all speak to the same or similar issue.  If a party calls their attorney to act as an expert, then privilege is waived to the extent it was material in the expert's opinion or used as a basis.  Here, that would be Casimiro's attorneys in this case, not in an unrelated case in Armenia.  None of the cases we have reviewed so far support such a contention.  You seeking all privileged communications between Casimiro and his Armenian counsel simply because they are acting as an expert here is overbroad and unwarranted.

_____
**Richard Min|Green Kaminer Min & Rockmore LLP**
rmin@gkmrlaw.com|www.gkmrlaw.com
Fellow of the International Academy of Family Lawyers

Manhattan Office:
420 Lexington Ave. Ste. 2821|New York, NY 10170
T: 212.681.6400|D: 212.257.1944

Long Island Office:
600 Old Country Rd. Ste. 410|Garden City, NY 11530
T: 516.858.2115

_____
**ATTENTION:**
This electronic message transmission contains information from a law firm which may be confidential or privileged.  This information is intended to be for the use of the individual or entity named above.  If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.  You should delete the message and attachments without printing, copying, forwarding or saving them.  If you have received this electronic transmission in error, please notify the sender immediately.
Disclosure under IRS Circular 230: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and may not be used, for the purpose of avoiding tax-related penalties under federal, state or local tax law or promoting, marketing or recommending to another party any transaction or matter addressed therein.

**From:** Cheung, Aaron J. <ACheung@gibsondunn.com>
**Sent:** Monday, October 7, 2024 3:23 PM
**To:** Richard Min <rmin@gkmrlaw.com>; Michael Banuchis <MBanuchis@gkmrlaw.com>; kelly@drsfamilylaw.com; maria@drsfamilylaw.com; Camilla Redmond <credmond@gkmrlaw.com>
**Cc:** *** Diasrespondent <Diasrespondent@gibsondunn.com>
**Subject:** RE: Dias v. Dias - Mr. Dashyan Documents

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Richard,

We hope that we can come to an agreement here.  As noted, Ms. Dashyan's expert report contains opinions and information relating to the proceeding in Armenia.  *See e.g.*, A. Dashyan Report at ¶ 54-57.  Those proceedings are independently relevant to this litigation, but Petitioner has put Ms. Dashyan's work product at issue by opining on the aforementioned topics and on ameliorative measures.  To help speed you along and avoid motion practice, below are some additional cases finding an at-issue waiver when a party submits its attorney as an expert witness.  We look forward to hearing from you later today.

1. *Aspex Eyewear, Inc. v. E'Lite Optik, Inc.*, 276 F. Supp. 2d 1084, 1094-96 (D. Nev. 2003) (finding waiver when a party "designated its former litigation counsel as an expert witness" and ordering production for the attorney's file on the "subject matter of the asserted defense, that is, evidence relating to willfulness, infringement, validity, and/or enforceability of the Patents-in-suit").
2. *Vaughan Furniture Co. v. Featureline Mfg.*, 156 F.R.D. 123, 128 (M.D.N.C. 1994) ("A party waives the opinion work product protection of its attorney by naming its attorney as an expert witness.  This clearly signals the party's intent to make offensive or defensive use of such opinions.  In so doing, the party waives work product protection to the extent that the opinions relate to the subject matter of the opinions about which the expert will testify at trial.")
3. *In re Witt*, 2010 Bankr. LEXIS 2685, at *5-6 (E.D.N.C. Aug. 10, 2010) ("If it becomes apparent that [the attorney expert] will testify as an expert, than [sic] the court will consider all documents containing opinion work-product to be disclosed.")
4. *Dion v. Nationwide Mut. Ins. Co.*, 185 F.R.D. 288, 295-96 (D. Mont. 1998) ("The court concludes that Nationwide, upon naming its attorney as an expert witness, assumed the risk that any subsequent invocation of the attorney-client privilege would be abrogated.  Accordingly the court concludes that the communications between Meismer and Nationwide, up until that point in time at which the claim for underinsured motorist benefits was settled, should be made available to [the plaintiff].")
5. *QST Energy, Inc. v. Mervyn's*, 2001 U.S. Dist. LEXIS 23266, at *13 (N.D. Cal. May 14, 2001) ("Defendants cannot have it both ways.  Contrary to their assertion in their Expert Witness List that Kehrein's [in-house counsel's] testimony is limited to her opinions regarding the LFA and the correctness of Kupperberg's [outside expert's] calculations, Kehrein's testimony will likely disclose a significant portion of the confidential communications regarding Defendants' damages.  Therefore, Defendants waived any attorney-client privilege that may have attached to Kehrein's communications regarding Defendants' damages.").

Best,
Aaron


**Aaron J. Cheung**
Associate Attorney

T: +1 415.393.4601 | M: +1 628.999.5700
ACheung@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

---

**From:** Cheung, Aaron J. <ACheung@gibsondunn.com>
**Sent:** Monday, October 7, 2024 8:52 AM
**To:** Richard Min <rmin@gkmrlaw.com>; Michael Banuchis <MBanuchis@gkmrlaw.com>; kelly@drsfamilylaw.com;

maria@drsfamilylaw.com; Camilla Redmond <credmond@gkmrlaw.com>
**Cc:** *** Diasrespondent <Diasrespondent@gibsondunn.com>
**Subject:** RE: Dias v. Dias - Mr. Dashyan Documents

Hi Richard,

11:00 a.m. PT works for us.  I'll update the calendar.  Thanks.

Best,
Aaron

**Aaron J. Cheung**
Associate Attorney

T: +1 415.393.4601 | M: +1 628.999.5700
ACheung@gibsondunn.com

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

---

**From:** Richard Min <rmin@gkmrlaw.com>
**Sent:** Monday, October 7, 2024 7:53 AM
**To:** Cheung, Aaron J. <ACheung@gibsondunn.com>; Michael Banuchis <MBanuchis@gkmrlaw.com>; kelly@drsfamilylaw.com; maria@drsfamilylaw.com; Camilla Redmond <credmond@gkmrlaw.com>
**Cc:** *** Diasrespondent <Diasrespondent@gibsondunn.com>
**Subject:** RE: Dias v. Dias - Mr. Dashyan Documents

Are you free at 11am PT?

_____
**Richard Min|Green Kaminer Min & Rockmore LLP**
rmin@gkmrlaw.com|www.gkmrlaw.com
Fellow of the International Academy of Family Lawyers

Manhattan Office:
420 Lexington Ave. Ste. 2821|New York, NY 10170
T: 212.681.6400|D: 212.257.1944

Long Island Office:
600 Old Country Rd. Ste. 410|Garden City, NY 11530
T: 516.858.2115
_____

**ATTENTION:**
This electronic message transmission contains information from a law firm which may be confidential or privileged.  This information is intended to be for the use of the individual or entity named above.  If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.  You should delete the message and attachments without printing, copying, forwarding or saving them.  If you have received this electronic transmission in error, please notify the sender immediately.
Disclosure under IRS Circular 230: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and may not be used, for the purpose of avoiding tax-related penalties

under federal, state or local tax law or promoting, marketing or recommending to another party any transaction or matter addressed therein.

**From:** Richard Min <rmin@gkmrlaw.com>
**Sent:** Monday, October 7, 2024 10:16 AM
**To:** Cheung, Aaron J. <ACheung@gibsondunn.com>; Michael Banuchis <MBanuchis@gkmrlaw.com>; kelly@drsfamilylaw.com; maria@drsfamilylaw.com; Camilla Redmond <credmond@gkmrlaw.com>
**Cc:** *** Diasrespondent <Diasrespondent@gibsondunn.com>
**Subject:** Re: Dias v. Dias - Mr. Dashyan Documents

Can we meet later in the day?

**From:** Cheung, Aaron J. <ACheung@gibsondunn.com>
**Sent:** Sunday, October 6, 2024 6:52:00 PM
**To:** Richard Min <rmin@gkmrlaw.com>; Michael Banuchis <MBanuchis@gkmrlaw.com>; kelly@drsfamilylaw.com <kelly@drsfamilylaw.com>; maria@drsfamilylaw.com <maria@drsfamilylaw.com>; Camilla Redmond <credmond@gkmrlaw.com>
**Cc:** *** Diasrespondent <Diasrespondent@gibsondunn.com>
**Subject:** RE: Dias v. Dias - Mr. Dashyan Documents

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Richard,

We are available to meet at 9:00 a.m. PT. Does that work for you?

Best,
Aaron

**Aaron J. Cheung**
Associate Attorney

T: +1 415.393.4601 | M: +1 628.999.5700
ACheung@gibsondunn.com

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

**From:** Richard Min <rmin@gkmrlaw.com>
**Sent:** Sunday, October 6, 2024 7:48 AM
**To:** Cheung, Aaron J. <ACheung@gibsondunn.com>; Michael Banuchis <MBanuchis@gkmrlaw.com>; kelly@drsfamilylaw.com; maria@drsfamilylaw.com; Camilla Redmond <credmond@gkmrlaw.com>
**Cc:** *** Diasrespondent <Diasrespondent@gibsondunn.com>
**Subject:** RE: Dias v. Dias - Mr. Dashyan Documents

Let's schedule a meet and confer to discuss tomorrow. What works for you?

**Richard Min|Green Kaminer Min & Rockmore LLP**
420 Lexington Ave. Ste. 2821|New York, NY 10170
O: 212.681.6400|D: 212.257.1944|F: 212.681.6999
rmin@gkmrlaw.com|www.gkmrlaw.com
Fellow of the International Academy of Family Lawyers

**ATTENTION:**
This electronic message transmission contains information from a law firm which may be confidential or privileged.  This information is intended to be for the use of the individual or entity named above.  If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited.  You should delete the message and attachments without printing, copying, forwarding or saving them.  If you have received this electronic transmission in error, please notify the sender immediately. Disclosure under IRS Circular 230: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and may not be used, for the purpose of avoiding tax-related penalties under federal, state or local tax law or promoting, marketing or recommending to another party any transaction or matter addressed therein.

**From:** Cheung, Aaron J. <ACheung@gibsondunn.com>
**Sent:** Saturday, October 5, 2024 6:07 PM
**To:** Richard Min <rmin@gkmrlaw.com>; Michael Banuchis <MBanuchis@gkmrlaw.com>; kelly@drsfamilylaw.com; maria@drsfamilylaw.com; Camilla Redmond <credmond@gkmrlaw.com>
**Cc:** *** Diasrespondent <Diasrespondent@gibsondunn.com>
**Subject:** Dias v. Dias - Mr. Dashyan Documents

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Counsel,

We have reviewed Petitioner's production and have not seen any documents and correspondences with or from Mr. Dashyan.  As you know, Petitioner submitted an expert report from Mr. Dashyan.  By doing so, Petitioner has waived privilege on Mr. Dashyan's documents that are relevant to this litigation.  *See Rutgard v. Haynes*, 185 F.R.D. 596, 600-01 (S.D. Cal. 1999) ("Additionally, Plaintiff has waived the attorney-client privilege between himself and [his attorney] by indicating the intent to use [the attorney] as a witness.").  Please produce all documents from Mr. Dashyan's files that are responsive to Respondent Rula Nabil Khoury Cavaco Dias's Request for Production of Documents or confirm that you have searched Mr. Dashyan's files and produced responsive documents by Monday, October 7.  If Petitioner is asserting any privilege objections, please let us know when you are available to meet and confer on Monday, October 7.

Best,
Aaron


**Aaron J. Cheung**
Associate Attorney

T: +1 415.393.4601 | M: +1 628.999.5700
ACheung@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center Suite 2600, San Francisco, CA 94111-3715

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.