Kelly J. Shindell DeLacey
DeLacey, Riebel & Shindell, LLP
180 Montgomery Street, Suite 1900
San Francisco, CA 94104
Telephone: 415-528-7000
Fax: (415) 528-7001
Email: kelly@drsfamilylaw.com

Richard Min (admitted *pro hac vice*)
Green Kaminer Min & Rockmore LLP
420 Lexington Avenue, Suite 2821
New York, NY 10170
Telephone: (212) 681-6400
Facsimile: (212) 681-6999

*Attorneys for Petitioner*
*CASIMIRO JOSE CANHA CAVACO DIAS*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of I.D., N.D., and C.D.: <br><br> CASIMIRO JOSE CANHA CAVACO DIAS <br><br> Petitioner, <br><br> and <br><br> RULA NABIL KHOURY CAVACO DIAS <br> Respondent. | Case No.  3:24-cv-04471-EMC <br><br> **PETITIONER'S RESPONSES AND OBJECTIONS TO RESPONDENT'S REQUEST FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Casimiro Jose Canha Cavaco Dias ("Petitioner" or "Mr. Dias"), by and through the undersigned counsel, hereby submit these responses and objections to Rula Nabil Khoury Cavaco Dias's ("Respondent" or "Ms. Dias") Request for Production of Documents.

## PRELIMINARY STATEMENT

1. Petitioner has not completed his investigation related to this action and has not completed preparation for trial. These responses reflect the current state of Petitioner's knowledge, understanding and belief with respect to the matters addressed in the Respondent's Request for Production. These responses are neither intended as, nor shall in any way be deemed, as an admission or representation that further information or documents do not exist. Pursuant to Fed. R. Civ. P. 26, Petitioner reserves the right to modify or supplement its responses with such pertinent information as it may subsequently discover. Furthermore, these responses are given without prejudice to Petitioner's right to use or rely on at any time, including trial, subsequently discovered information or documents, or information or documents omitted from these answers as a result of, among other things, mistake, error, oversight or inadvertence. Petitioner declines to produce multiple copies of documents and each document which is produced and identified as responsive to any request is also produced pursuant to any other to any other request to which it is or may be responsive. Petitioner declines to produce and send documents to Respondent which were already produced by Petitioner or by Respondent herself in the course of this proceeding.

2. The fact that Petitioner responds to any Document Request shall not be construed as a waiver of all or any part of the objections interposed by Petitioner to any Document Request.

3. Nothing contained herein is intended to be, nor shall in any way be construed as, a waiver of any attorney-client privilege, work-product protection, right to privacy, or any other applicable privilege, immunity, or protection. Any inadvertent inspection and subsequent production of any privileged information shall not constitute a waiver of any of the rights or privileges of Petitioner, and Petitioner reserves the right to demand the return of any such document and all copies thereof. To the extent that any Document Request may be construed as calling for disclosure of documents or information protected by any privilege, immunity, or protection, a continuing objection is hereby interposed.

4. Petitioner's response to a specific Document Request should not be construed as an admission that Petitioner accepts or admits the existence of any documents, evidence, fact and/or thing, and/or the validity of any legal argument, set forth in or assumed by such Document Request.

5. The fact that Petitioner produces documents in response to a Document Request does not mean that any of these documents constitute admissible evidence.

6. Petitioner has not completed his investigation of the facts relating to this case and has not completed preparation for trial. The following responses are based upon information presently available to Petitioner and are made without prejudice to the right to utilize subsequently discovered facts, witnesses, documents or things, or legal arguments. Petitioner specifically reserves the right to supplement these responses and to do so to the extent required or permitted under the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

7. Petitioner's specific objections to each discovery demand are in addition to the general limitations and objections set forth in this section. These limitations and objections form a part of the response to each demand and are set forth here to avoid the duplication and repetition of restating them for each response. The absence of a reference to a general objection should not be construed as a waiver of the general objection as to the specific request.

8. Petitioner objects to any and all Document Requests, Definitions, and/or Instructions to the extend they purport to impose obligations greater than those imposed by the Federal Rules of Civil Procedure and/or Local Rules of the United States District Court for the Northern District of California. Petitioner will respond to the demand in accordance with the requirements of the FRCP or the rules of this Court.

9. Petitioner objects to the Document Request to the extent that they are vague, ambiguous, cumulative, duplicative, overbroad, unduly burdensome, based on incorrect factual

assumptions or otherwise unclear as to the precise information sought, and to the extent that they seek factual information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. To the extent that a demand is vague or ambiguous, Petitioner has responded to the best of his ability but has not attempted to speculate as to the meaning thereof.

10. Petitioner objects to any and all Document Requests to the extent that they seek documents, information or materials that are or were readily available to the Respondent.

11. Petitioner objects to the demands to the extent that they seek information or materials not in Petitioner's possession, custody, or control, or to the extent that they require Petitioner to search for information in places or from sources other than where such information is kept in the ordinary course of business. Petitioner further objects to these demands to the extent that they seek identification of documents or information that are no longer in existence.

12. Petitioner objects to the demands to the extent that they define Petitioner to include third parties that have not appeared in this action or purport to require Petitioner to search for or produce information solely in the possession, custody, or control of third parties.

13. Petitioner objects to any Document Request that, by its terms, is (1) unduly burdensome in scope; (2) calls for Respondent to speculate as to the information in which might come within the scope of the Document Request; (3) calls for the production of privileged or confidential material and (4) purports or attempts to impose obligation beyond those set forth in the Federal Rules of Civil Procedure.

14. Petitioner objects to the Document Request to the extent they are duplicative of each other. To the extent that documents Petitioner proposes to produce are responsive to more than one Interrogatory or Document Request, Petitioner will list such documents only once, and her failure to describe the documents on multiple occasions shall not be construed as an admission that such documents are not responsive to other Interrogatories or Document Requests.

15. Petitioner objects to any and all Document Request to the extent they are argumentative and/or assume or suggest the existence of any fact or circumstance that is (or may in the future be) in dispute in this litigation.

16. Petitioner objects to any Document Request to the extent it is compound and/or attempts to treat discrete subparts of a Document Request as a single Document Request.

17. Petitioner objects to each Document Request to the extent that it seeks information which is unduly burdensome to obtain and the extent that it is not reasonably calculated to lead to the discovery of admissible evidence, including the request for the identification of "all" documents or "each" and "every" document when all relevant facts can be obtained from fewer than "all" documents or "each" and "every" document.

18. Insofar as Petitioner has responded to a demand to which it has objected, Petitioner reserves the right to maintain such objection and such objection is not waived in any respect by the provision of a response.

19. To the extent the Petitioner responds to any demand, Petitioner does so without conceding the relevancy or materiality of such information or the subject matter of the applicable demand and without prejudice to Petitioner's right to object to further discovery on such subject matter or to object to the admissibility of any such information at the time of hearing or trial. By reserving such right, Petitioner does not intend to assume a duty to amend these responses other than as required by the FRCP.

**SPECIFIC RESPONSES AND OBJECTIONS**

**REQUEST FOR PRODUCTION NO. 1:**
All DOCUMENTS and COMMUNICATIONS identified or referenced in YOUR initial disclosures dated September 5, 2024, or in YOUR responses to any Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Petitioner incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, Petitioner produces at Folder #1 responsive non-privileged documents and communications referenced in Petitioner's initial disclosures or Answers to Interrogatories that can be identified through a reasonable, good-faith search.

**REQUEST FOR PRODUCTION NO. 2:**

All COMMUNICATIONS between YOU and each and every witness identified in YOUR initial disclosures dated September 5, 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Petitioner incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Petitioner specifically objects to this Request on the grounds that it is not limited by any time frame and, as written, could be understood to require the production of documents, recordings, or information regardless of when they were created or whether they are relevant or proportional to the needs of the case. This Request is vague, ambiguous, overbroad, and unduly burdensome.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, Petitioner produces at Folder #2 responsive documents that can be identified through a reasonable, good-faith search.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS and COMMUNICATIONS that relate to or reference the physical health, mental health, or YOUR relationship with YOUR CHILDREN from January 1, 2019 to the present, including but not limited to COMMUNICATIONS with individuals connected to YOUR CHILDREN'S school.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Petitioner incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Petitioner specifically objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all documents and communications" concerning the subject matter of the

request. Petitioner further objects to this Request as vague and ambiguous because it is not clear what documents are referred to that relate to the Petitioner's relationship with his children. Petitioner further objects to this Request to the extent that it seeks documents, records, or information available to Respondent from other sources that are more convenient, less burdensome, or less expensive, including Respondent herself. Petitioner further objects to this request as it seeks "communications" with individuals connected to the Children's school, but which school in particular has not been specified and what types of communications have not been specified.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, Petitioner produces at Folder # 3 responsive documents that relate to the physical and mental health of the children, as well as emails he has sent to individuals that work at the Child Unique School in California, and other documents that can be identified through a reasonable, good-faith search.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS and COMMUNICATIONS that relate to or reference the physical health, mental health, or YOUR treatment in any way of RESPONDENT from January 1, 2019 to the present, including but not limited to the list of rules YOU required RESPONDENT to write out to govern her own behavior.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Petitioner incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Petitioner specifically objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks copies of "all documents and communications" concerning the subject matter of the request. Petitioner further objects to this Request to the extent that it seeks documents and communications that are not in the possession, custody, and control of Petitioner. Petitioner further objects to this Request to the extent that it seeks documents, records, or information available to Respondent from other sources that are more convenient, less burdensome, or less expensive, including Respondent herself.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, Petitioner produces at Folder # 4 responsive documents that he has that relate to the physical and mental health of the Respondent,

and other documents and communications that can be identified through a reasonable, good-faith search.

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS that relate to or refer to members of RESPONDENT'S family, including but not limited to Jane Khoury, Michel Khoury, Maggie Khoury, and Nabil Khoury.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Petitioner incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Petitioner specifically objects to this Request on the grounds that it is not limited by any time frame and, as written, could be understood to require the production of communications regardless of the time they were sent or whether they are relevant to this case. This Request is vague, ambiguous, overbroad, and unduly burdensome. In responding to this Request, Petitioner will only produce communications with the aforementioned family members from a reasonably and relevant time period.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, Petitioner produces at Folder #5 responsive documents containing communications with members of Respondent's family that can be identified through a reasonable, good-faith search.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS that relate to or reference any investigation, inquiry, or warning related to YOU or YOUR conduct that is or has ever been conducted by any governmental or nongovernmental entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Petitioner incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Petitioner specifically objects to this Request on the grounds that it is not limited by any time frame and, as written, could be understood to require the production of communications regardless of the time they were sent or whether they are relevant to this case. This Request is vague, ambiguous, overbroad, and unduly burdensome.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, Petitioner produces at Folder #6 responsive documents that can be identified through a reasonable, good-faith search.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS sufficient to identify each and every primary residence where YOUR CHILDREN have lived since they were born and the time frames that YOUR CHILDREN resided in each primary residence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Petitioner incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, Petitioner produces at Folder #7 responsive documents that can be identified through a reasonable, good-faith search.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS that relate to YOUR contention that YOU and/or YOUR CHILDREN maintained or intended to maintain habitual residence in Armenia, including any and all past or present employment contracts in Armenia.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Petitioner incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response.

Subject to and without waiving the General Objections, Petitioner produces at Folder #8 responsive documents that can be identified through a reasonable, good-faith search.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS and COMMUNICATIONS relating to the allegations that YOU inflicted physical, mental, and/or emotional harm on RESPONDENT and/or YOUR CHILDREN at any time from January 2024 through April 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Petitioner incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response.

Subject to and without waiving the General Objections, Petitioner produces at Folder #9 responsive documents that can be identified through a reasonable, good-faith search.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS and COMMUNICATIONS that relate to YOUR contention that YOU actually exercised custody rights over YOUR CHILDREN in April 2024.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Petitioner has no documents responsive to this request.

Dated: September 25, 2024

Respectfully submitted,

*/s/ Kelly J. Shindell DeLacey*

Kelly J. Shindell DeLacey
DeLacey, Riebel& Shindell, LLP
180 Montgomery Street, Suite 1900
San Francisco, CA 94104
Telephone: 415-528-7000
Fax: (415) 528-7001
Email: kelly@drsfamilylaw.com

/s/Richard Min

Richard Min (*pro hac vice*)
Green Kaminer Min & Rockmore LLP
420 Lexington Avenue, Suite 2821
New York, New York 10170
Telephone: (212) 681-6400
Fax: (212) 681-6999
rmin@gkmrlaw.com

*Attorneys for Petitioner*
*Casimiro Jose Canha Cavaco Dias*