Kelly J. Shindell DeLacey, Esq. (SBN 236829)
Maria Garrett de Liévano, Esq. (SBN 300521)
DeLacey, Riebel & Shindell, LLP
180 Montgomery Street, Suite 1900
San Francisco, CA 94104
Tel: (415) 528-7000
Fax: (415) 528-7001

Richard Min, Esq. (Appearance *Pro Hac Vice*)
Green Kaminer Min & Rockmore LLP
420 Lexington Avenue, Suite 2821
New York, NY 10170
Tel: (212) 681-6400
Fax: (212) 681-6999

Attorney for Petitioner
CASIMIRO JOSE CANHA CAVACO DIAS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of I.D., N.D., and C.D.: <br><br> CASIMIRO JOSE CANHA CAVACO DIAS <br><br> Petitioner <br><br> and <br><br> RULA NABIL KHOURY CAVACO DIAS <br><br> Respondent | Case No. 24-cv-04471-EMC <br><br> **STIPULATION FOR ORDER DISMISSING CASE WITH PREJUDICE UNDER FED. R. CIV. P. 41(A)(2)** |

Pursuant to Civil L.R. 7-12, Petitioner, CASIMIRO JOSE CANHA CAVACO DIAS ("Petitioner") and Respondent, RULA NABIL KHOURY CAVACO DIAS ("Respondent"), by and through their undersigned attorneys, stipulate and jointly move the Court for an order detailing the following (hereinafter this "Order"):

**RECITALS**

1. On October 21, 2024, Petitioner filed an Expedited Motion for Dismissal Pursuant to Federal Rules of Procedure 41(a)(2) to dismiss the instant proceeding with prejudice, or in the alternative, continue the evidentiary hearing scheduled for October 29, 2024,

through November 4, 2024, until this proceeding is dismissed. ECF No. 155.

2. On October 22, 2024, Respondent filed an Opposition to Petitioner's Motion for Dismissal Pursuant to Federal Rules of Procedure 41(a)(2). ECF No. 160.

3. On October 24, 2024, the Parties attended a scheduled motion hearing (ECF No. 163) on Petitioner's Motion for Voluntary Dismissal with Prejudice, in front of this Court via Zoom.

## ORDERS ON DISMISSAL OF HAGUE PETITION

4. **Dismissal of Hague Petition:** Petitioner's Motion for Voluntary Dismissal with Prejudice is GRANTED in light of the following stipulated conditions and the trial on Petitioner's Hague Petition, previously set to commence October 29, 2024, is VACATED.

## STIPULATIONS

5. **Petitioner Shall Not Seek Return of Children to Armenia:** Petitioner shall not seek, either before the Northern District of California, or any other Court, to return the children to Armenia or to have Armenian courts govern custody proceedings.

6. **Custody and Visitation to be Adjudicated in California:** All proceedings related to the custody and visitation of the minor children I.D., N.D., and C.D. (the "Children") shall be adjudicated exclusively before a California State Court.

7. **Divorce Proceedings:** Petitioner has provided copies of divorce filings, including any appeals filed, in Portugal and Armenia for Attorney's Eyes Only, which shall be disclosed only to Respondent's counsel and Respondent's Family Law counsel, Michelle Jacobson-Kwok, Esq. Neither the divorce filings, nor the information contained therein, will be shared with Respondent except that Respondent's counsel and Family Law counsel may confirm whether any custody related proceedings in either country exists.

8. **Service:** Petitioner shall accept service and cooperate as to service of custody, visitation, and domestic violence pleadings.

9. **Children's Passports / Birth Certificates in Petitioner's Custody and Control**: On or before November 18, 2024, Petitioner shall surrender to this Court the remaining two expired Portuguese passports or all original Birth Certificates and any original Consular Registries of Birth in any country (i.e., Portugal, United States) of the subject Children. If Petitioner cannot locate these documents, he is to produce a declaration stating that he cannot locate the requested documents and affirm that all documents that can be used to travel internationally have been surrendered to the Court. If Petitioner finds any of these documents, he must turn them over immediately.

10. **Passports in Custody of District Court**: This Court shall work with Petitioner and Respondent to have any and all of the Children's passports, birth certificates, and other travel documents surrendered to this Court conveyed to the Alameda Superior Court, which shall retain the passports, birth certificates, and travel documents pending further order of Alameda Superior Court. The Parties understand travel documents to include any documents that may be used for the Children to gain a passport in any country in which they, Respondent, or Petitioner are citizens or which can be used to travel internationally. If Alameda Superior Court will not accept custody of the Children's passports and/or Birth Certificates all passports, birth certificates, and other travel documents shall be retained by Respondent's family law counsel until further order of the Alameda Superior Court.

11. **Access Orders:** Until a California state court issues (1) a decision on the merits of a domestic violence restraining order or issues a temporary domestic violence restraining order or (2) a California state court assumes jurisdiction over, and issues a temporary or permanent decision on, legal and physical custody over the Children, the following conditions, drawn from the Access Orders issued in this Court's Order on Petitioner's Motion for Access Pending Trial [Doc. 98] filed September 20, 2024, and Further Order re Access and Visitation [Doc 106] filed September 24, 2024, shall continue in full force and effect. At that point this Court will pass the matters to California State

Court and terminate this Court's Access Orders in favor of the State Court's Orders.

    a. **While Petitioner is in California:** Pending further order of the State Court, when Petitioner is in California, he shall have supervised visitation with the children as follows:

        i. **Weekdays:** 20-minute video visit, two (2) times a week. Additionally, three (3) hour in-person visit, one (1) time a week. [Doc 98, para. 3; Doc 161]

        ii. **Weekend:** Three (3) hour in-person visits for both Saturday and Sunday. [Doc 98, para. 3; Doc 161]

    b. **While Petitioner is not in California:** Pending further order of the State Court, when Petitioner is not in California, he shall have visitation with the children as follows: [Doc 98, para. 3]

        i. Weekday: 20-minute video visit, three (3) times a week;

        ii. Weekend: 20-minute video visit for both Saturday and Sunday;

        iii. These visits have been occurring on the following schedule:

            i. Tues: 6:10–6:30 PM PST (6:10 – 6:30 AM ARM)

            ii. Wed: 5:40–6:00 PM PST (5:40–6:00 AM ARM)

            iii. Thurs: 5:40–6:00 PM PST (6:40–6:00 AM ARM)

            iv. Sat: 12:00–12:20 PM PST (12:00-12:20 PM ARM)

            v. Sun: 12:00–12:20 PM PST (12:00-12:20 PM ARM)

12. **Supervised Visitation:**

    a. All Petitioner's Court-Order Supervised Visitations with the Children shall be supervised by Terra Firma ("Supervisor"), or other professional supervisor as agreed to by the Parties in writing. Petitioner shall advance the supervised visitation fees and costs subject to the State Court's jurisdiction to reallocate fees. [Doc 98, para 1(b) – modified]

b. Court-Ordered Supervised Visitations will be arranged by the Parties' counsel and the Supervisor, and never directly or indirectly by or between Petitioner and Respondent. To the extent possible, the schedule shall be memorialized in written Stipulation and Order to provide for consistency, certainty, and reduce unnecessary fees and conflict. The Parties' counsel may meet and confer regarding a Stipulation to modify the visitation schedule.

c. Respondent shall share a weekly update on the Children's school classes and extracurricular activities so that Petitioner can talk to them about their activities during court-ordered visitation. During any Court-Order Visitation, the Children may discuss what they did during their activities generally (i.e., "we had soccer practice today;" "we practiced painting in art class"). Petitioner may not ask the Children details about the logistics of those activities, such as who the soccer coach is, where practice takes place, or at what exact times those activities take place. [Doc 106, para 20 – missing from Resp.'s proposed order]

d. The Supervisor will be present for in-person visits and shall supervise remotely during video visits. Respondent may elect to take the Children to Terra Firma's facility for remote visitations or the facility of any other professional supervisor as agreed to in writing by the Parties. [Doc 106, para 18 – modified]

e. All Children shall appear for Court-Ordered Supervised Visitations pending further order of the Court. If one of the Children cannot join due to a doctor appointment, or due to sickness and confirmation from the pediatrician is provided, the visit with the other two Children should proceed. On the other hand, a school activity should not prevent the Child from attending a Court-Ordered Supervised Visitation with Petitioner, as visitation between

Petitioner and the Children shall take priority. [Doc 106, para 16]

    f.  Petitioner will strictly adhere to the Supervisor's guidelines, timing, and other requirements as to all exchanges during Court-Ordered Supervised Visitations. [Doc 106, para 1(b)]

    g.  Petitioner shall not raise his voice, use swear or curse words, or use any abusive language during any Court-Ordered Supervised Visitations. Petitioner agrees to only speak English during the visits. [Doc 106, para 7]

    h.  Petitioner shall not raise the issue of his relationship with Respondent or ask questions about the Children's relationship with Respondent during any Court-Ordered Supervised Visitations. Neither the Supervisor nor the Children shall be used to gather information about the other Party or caretaker or to transmit documents, information, or personal possessions. Petitioner agrees to not prompt any discussion of Respondent during Court-Ordered Supervised Visitations. If the Children discuss or mentions Respondent in relation to relaying information about their day or activities, Petitioner is permitted to ask questions about those activities without referencing Petitioner directly, but Petitioner shall not seek follow-up on anything related to Petitioner. [Doc 106, para 11]

    i.  If the Children independently raise issues or topics the Parents have agreed not to discuss, Petitioner will attempt to redirect the Children. Petitioner will not imply or suggest to the Children that things will be "worked out" between the parents. If the Children independently raise issues or topics that Petitioner is not allowed to discuss during Court-Ordered Supervised Visitations, he may tell the Children not to worry about that issue or topic and change the subject. He may also explain to the Children that he is not allowed to discuss that issue with the Children at this time. [Doc 106, para 17]

j. The Supervisor has authority to terminate any Court-Ordered Supervised Visitations pursuant to California Rules of Court Standard 5.20, in addition to authority to terminate any Court-Ordered Supervised Visitations pursuant to any prior order issued by this Court, ECF Nos. 96, 98 and this Order. [Doc 106, para 4]

k. Unless otherwise ordered, no statements made by the Children during any video or in person visit will be admissible in Court. The supervisor's reports, including any reference to the Children's behavior, demeanor, emotions, or the like, will be admissible in Court. Additionally, because Petitioner was a party to the Hague Petition and will be a party to any state court proceedings, Petitioner's statements and behavior during any visitation will be admissible in any state court proceedings. [Doc 106, para 21 – modified]

### 13. Conduct Orders:

a. **Advance Notice of Arrival**: Petitioner must not travel to or enter California without 72 hours' prior written notice to Respondent's counsel for each visit. Petitioner shall disclose the location where he is staying during each visit to California. He need not disclose the exact hotel(s) or other residence(s) where he is staying but shall provide his general location while he is in California (e.g., city and street). Such information is produced to counsel as Attorneys' Eyes Only. [Doc 153, Section VI; Doc 106, para 1]

b. For the avoidance of doubt, Petitioner will notify Respondent's counsel 72 hours before he lands in California. For example, should Petitioner's flight land in California on Saturday at 12 PM, he will notify Respondent's counsel by the previous Thursday at 12 PM. [New from Resp.]

c. **Discussing Litigation with Children**:

    i. Neither Party shall discuss pending litigation with the

Children. [Doc 106, para. 10] or make attempts to influence any child's view of the dispute. [Doc 106, para. 8.]

  ii. Neither Party shall attempt to influence testimony of the Children's view of any pending dispute, including but not limited to custody and visitation. [Doc 106, para 13 - modified]

  iii. Neither parent shall discuss court proceedings with the Children in any manner. Petitioner will not promise to "fix things" or "stop everything" or otherwise make promises to the Children about the outcome of litigation or resolution of family problems. [Doc 106, para. 15]

  iv. Neither parent shall make any statements to suggest the Children are unsafe with the other parent, that they need to be saved or rescued, that they have been kidnapped or make any statements about efforts to locate the Children following their departure from Armenia. [Doc 106, para 12]

d. **Stay-Away**: Petitioner shall not approach within 100 yards of Respondent or the Children except as permitted by the Court for Court-Ordered Supervised Visitations pursuant to this Order.

~~e.~~ Petitioner also shall not approach within 100 yards of Respondent's residence, Respondent's workplace, the children, and the children's School. The stay-away orders do not apply for Petitioner to visit with the children for court-ordered contact or visits.

f. [Doc 106, para 1(a) – modified]

g. **No Contact:**

  i. Petitioner shall not have any unsupervised contact with the Children outside Court-Ordered Supervised Visitations.

       Petitioner shall not contact the Children outside the Court-Ordered Supervised Visitations. [Doc 106, para 2]

  ii. Petitioner shall not call, text, email, or otherwise contact Respondent, the Respondent's family, the Children, or the Children's California school except as otherwise permitted by this Order. [Doc 106, para 3]

  iii. Petitioner shall not contact Respondent except via Our Family Wizard, ECF No. 98. Respondent agrees to provide at least two photos of each Child per week and will provide more if more are taken. [Doc 106, para 6]

h. **No Threats or Abuse:**

  i. Petitioner shall not make threats to, including but not limited to the Children, Respondent, Respondent's family members, and/or Respondent's friends. Petitioner will not make threats relating to the Children's therapist, anyone at the Children's school, or any person or ethnic group. [Doc 106, para 6]

  ii. Neither Party shall use profanity or insults when speaking with the Children, including the word "cockroach" which has particular resonance to all Parties involved. [Doc 106, para 14]

  iii. Neither party shall make any threat or promise regarding the Children's toys or belongings in Armenia. Petitioner may bring toys with him on supervised visits, and may have stuffies or other favored toys participate in video visits. [Doc 106, para 19]

14. The intent of this stipulation is not to advise the state court on how to rule on any restraining orders, visitation or custody disputes, or, if any, divorce

proceedings. The state court, with its expertise in family and custody disputes, shall retain its own discretion to make rulings based on the facts of the dispute presented in state court proceedings

Dated: November 11, 2024

*/s/ Kelly J. Shindell DeLacey*
Kelly J. Shindell DeLacey
DeLacey, Riebel, Shindell, LLP
180 Montgomery Street
Suite 1900
San Francisco, CA 94104
415-528-7000
Email: kelly@drsfamilylaw.com

*/s/ Richard Min*
Richard Min (pro hac vice)
Green Kaminer Min & Rockmore LLP
420 Lexington Avenue, Suite 2821
New York, New York 10170
Telephone: (212) 681-6400
Fax: (212) 681-6999
rmin@gkmrlaw.com
Attorneys for Petitioner
Casimiro Jose Canha Cavaco Dias

Dated: November 11, 2024

*/s/ Thad A. Davis*
GIBSON, DUNN & CRUTCHER LLP

Thad A. Davis
Danielle Hesse
Rommy Flores
William Feldman
Aaron J. Cheung
Nicole Waddick

One Embarcadero Center, Suite 2600
San Francisco, California 94111-3715
Tel:   (415) 393-4658
Fax:   (415) 801-7414

333 South Grand Avenue
Los Angeles, California 90071-3197
Tel:   (213) 229-7531
Fax:   (213) 229-6531

*Attorneys for Rula Nabil Khoury Cavaco Dias*