# EXHIBIT A

```
                                                     Pages 1 - 27

             UNITED STATES DISTRICT COURT

           NORTHERN DISTRICT OF CALIFORNIA

         BEFORE THE HONORABLE EDWARD M. CHEN


CASIMIRO JOSE CANHA CAVACO DIAS,   )
                                   )
           Plaintiff,              )
                                   )
  vs.                              ) No. C 24-04471 EMC
                                   )
RULA NABIL KHOURY CAVACO DIAS      )
                                   ) San Francisco, California
           Defendant.              ) Thursday
                                   ) October 24, 2024
_____) 2:00 p.m.

           TRANSCRIPT OF ZOOM VIDEO CONFERENCE
APPEARANCES:

For Plaintiff:         GREEN, KAMINER, MIN & ROCKMORE, LLP
                       420 Lexington Avenue
                       Suite 2821
                       New York, New York 10170
                 BY:   RICHARD MIN, ESQ.
                       MICHAEL BANUCHIS, ESQ.

                       DELACEY, RIEBEL, SHINDELL, LLP
                       180 Montgomery Street
                       Suite 1900
                       San Francisco, California 94104
                 BY:   KELLY SHINDELL DELACEY, ESQ.


For Defendant:         GIBSON, DUNN & CRUTCHER, LLP
                       555 Mission Street
                       Suite 3000
                       San Francisco, California 94105
                 BY:   THAD ALAN DAVIS, ESQ.
                       AARON J. CHEUNG, ESQ.

            (APPEARANCES CONTINUED ON FOLLOWING PAGE)

Reported By:    Debra L. Pas, CSR 11916, CRR, RMR, RPR
                Official Reporter - US District Court
                Computerized Transcription By Eclipse
```

*Debra L. Pas, CSR, RPR, RMR, CRR*
*Official Reporter - U.S. District Court - San Francisco*

```
 1   APPEARANCES:   (CONTINUED)

 2   For Defendant:         GIBSON, DUNN & CRUTCHER, LLP
                            333 South Grand Avenue
 3                          Suite 4600
                            Los Angeles, California 90071
 4                     BY:  ROMMY L. FLORES CONKLIN, ESQ.
                            DANIELLE ERIN HESSE, ESQ.
 5

 6                              _  _  _

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1   Thursday - October 24, 2024                          1:56 p.m.
 2                       P R O C E E D I N G S
 3                             ---oOo---
 4       THE CLERK:  This court now in session.  The Honorable
 5   Edward M. Chen presiding.
 6       Court is calling the case Dias versus Dias, Case No.
 7   24-4471.
 8       Counsel, please state your appearance for the record
 9   beginning with the petitioner.
10       MR. MIN:  Richard Min, Green Kaminer Min and Rockmore
11   on behalf of petitioner, Casimiro Dias.  Good afternoon, Your
12   Honor.  Good afternoon, everyone.
13       THE COURT:  All right.  Good afternoon Mr. Min.
14       MR. BANUCHIS:  Michael Banuchis also for the
15   petitioner Casimiro Dias.  Good afternoon, Your Honor.
16       THE COURT:  All right.  Good afternoon, Mr. Banuchis.
17       MS. DELACEY:  And Kelly Shindell DeLacey of DeLacey,
18   Riebel and Shindell in San Francisco for petitioner.
19       THE COURT:  All right.  Thank you, Ms. DeLacey.
20       MR. DAVIS:  Good afternoon, Your Honor.  Thad Davis
21   from Gibson Dunn for respondent.
22       THE COURT:  Okay, Mr. Davis:
23       MS. FLORES:  Good afternoon, Your Honor.  Rommy
24   Flores from Gibson Dunn for respondent.
25       THE COURT:  All right.  Good afternoon, Ms. Flores.
```

1    **MS. HESSE:** Good afternoon, Your Honor. Danielle
2 Hesse from Gibson, Dunn and Crutcher for respondent as well.
3    **THE COURT:** All right. Thank you, Ms. Hesse.
4    All right, so we have on -- and I wanted to do this as
5 quickly as possible -- the petitioner's motion for voluntarily
6 dismissal. I understand that the request is to dismiss with
7 prejudice; correct?
8    **MR. MIN:** That is correct, Your Honor.
9    **THE COURT:** And can I -- do I assume correctly that
10 that means that the petitioner will not be seeking, either in
11 this court or another court, return of the children under the
12 Hague Convention back to Armenia?
13    **MR. MIN:** That is absolutely correct, Your Honor.
14    I want to clarify something because I believe there was
15 some -- as we stated in our emails, some misrepresentations by
16 counsel.
17    We want to be clear. Our client is agreeing that custody
18 and litigation can go forward in California. And, yes, he's
19 not seeking the return to Armenia pursuant to the Hague
20 Convention. We are withdrawing those claims.
21    **THE COURT:** All right. And that you would be seeking
22 custodial -- or litigating custodial question and rights,
23 custodial rights, in the California courts and not in Armenia
24 or some other forum; right?
25    **MR. MIN:** That is right.

```
 1              THE COURT:  Okay.
 2       All right.  Mr. Davis?
 3              MR. MIN:  Oh, can I just -- I just want to correct
 4  something my co-counsel said so that it doesn't linger.
 5       Just because she came on the case and the case was
 6  transferred to California, there was a representation made
 7  while the case was still in Georgia as to when she arrived in
 8  California.  So I do want to just clarify that.
 9              THE COURT:  All right.  Thank you.
10       Mr. Davis.
11              MR. DAVIS:  Thank you, Your Honor.
12       I would just say we need it to be clear that they are
13  going to accept service whether he does it -- while he's here
14  the next two weeks or otherwise of both.  As Your Honor just
15  noted, the custody case and the DVRO proceeding, that we want
16  to make sure there is no ambiguity about that.
17       What we don't want, and the difficulty here and -- is that
18  we don't want a gap of protection.  I think Your Honor is
19  sensitive to that.  We just don't want any challenges to
20  service or challenges to jurisdiction.  And I don't hear
21  counsel saying there will be, but, you know, trust but verify I
22  think at this point.
23       I will also say the reason the TRO was denied was we're
24  caught in this paradox where it was about service and
25  jurisdiction.  So it wasn't on the merits, obviously.
```

1    But I would say, the other thing, Your Honor, in terms of
2 the conditions.  Now that Armenia is off the table, you know, I
3 don't know that we need a condition around habitual residence,
4 but they're -- they are waiving that explicitly.
5    I will say on spoliation, Your Honor, that is -- that has
6 been -- and the reason that's still a live issue is there's
7 going to be litigation in state court.  There's going to be
8 questions in the DVRO hearing about what evidence there is of
9 the threat of violence and so forth.  And we would ask that
10 there be a finding that there was a destruction of evidence
11 that was negative, did not reflect well on --
12    **THE COURT:**  Well, I'm not favorably exposed to that.
13 You're asking me now to adjudicate and make a finding not in
14 service of an actual issue before me in terms of the merits of
15 the underlying case.  That's what it would have been.  It would
16 have been in service of that, to determine what gets admitted
17 at trial, et cetera, et cetera.  But really it's service for
18 the state court in making an evidentiary determination for
19 them, and I -- I'm not going to do that.  That's -- I don't
20 think that's appropriate.
21    I understand you've got -- your client has time and
22 resources invested into that issue, but since the underlying
23 claim and the relief are now no longer live, frankly, it
24 doesn't make sense for me to make evidentiary rulings in a
25 vacuum.

1    I understand why your client would want that, but I don't
2 think that's appropriate for me, especially in view of the fact
3 that there are going to be state proceedings and then we begin
4 to intrude in terms of federalism issues and all that.
5    So both for almost kind of an Article III reason as well
6 as a federalism reason, I'm very hesitant to start making
7 evidentiary and sanctions and determinations, so I won't do
8 that.
9    But I will make sure that if there's going to be a
10 dismissal with prejudice of all the things we talked about,
11 taking Armenia off the table, submitting to the jurisdiction of
12 the California courts, that can all go forward.  And that will
13 include some kind of service agreement, however you all want to
14 do that.
15    I just want to make sure it's all tied up in a bundle so
16 that I can dismiss and then hold the conditions in place and
17 hand that off as soon as possible to the state courts.
18        **MR. DAVIS:**  If I could, Judge, I appreciate you
19 considering it.  I wasn't meaning to overreach.
20    It's just that had we gone forward next week, you know, we
21 believe we would have -- if we had to, we would have
22 established the grave risk finding and that would have informed
23 the state proceeding, but I hear you 100 percent.
24        **THE COURT:**  We don't even know that for sure because
25 it just could have ended in the habitual residence question.  I

1  mean, that was your first argument, and we never would have
2  gotten to the -- so that's what I mean.  We're sort of second
3  guessing ourselves here.
4      So I'd like you all -- I think we're on the same page,
5  which is why I asked the question in the first place.  I don't
6  think there's -- I'm not hearing any fundamental objections to
7  service with respect to the DV or the custody.  Maybe there's
8  conditions.
9      I'd like you all to work that up into a stipulated order
10  for me to sign, knowing that I will grant the dismissal with
11  prejudice, but making clear that the return to Armenia,
12  adjudicating custody rights in Armenia are not on the table,
13  and that -- that the hand-off will go to the California courts
14  with respect to both custody and any conditions, restraining
15  order or those sorts of things.
16      **MR. DAVIS:**  Your Honor, there is one still
17  outstanding issue; that you had ordered that by, I think,
18  Tuesday the 29th, the first day of trial, the petitioner would
19  return the Portuguese passports for two of the three children.
20  They would be put into custody at the court.  I guess we need
21  to deal with passports generally when the hand-off happens, as
22  you described it.
23      We met-and-conferred with counsel.  We understand that
24  petitioner is having some difficulty locating those.  We've
25  offered resources.  We've offered on the ground resources to

**CERTIFICATE OF OFFICIAL REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

_____

Debra L. Pas, CSR 11916, CRR, RMR, RPR

Wednesday, October 30, 2024