# EXHIBIT C

LESLIE ROBIN AZCONA (SBN 164279)
Leslie Robin Azcona, Attorney at Law
3478 Buskirk Avenue #261
Pleasant Hill, CA 94523
925.596.0107 phone 925.969.9688 facsimile
Lr_azcona@yahoo.com

Attorney making Special Appearance for Respondent
CASIMIRO JOSE CANHA CAVACO DIAS

SUPERIOR COURT, STATE OF CALIFORNIA

IN AND FOR ALAMEDA COUNTY

| | |
|---|---|
| RULA NABIL KHOURY CAVACO DIAS | Case No. 24FL097850 |
| Petitioner, | **FURTHER BRIEF IN SUPPORT OF RESPONDENT'S MOTION TO QUASH AND VACATE SERVICE OF SUMMONS** |
| vs. | |
| CASIMIRO JOSE CANHA CAVACO DIAS, | Date: 02/05/2025 |
| Respondent. | Time: 9:00 am |
| | Dept: 510 |

1.  The only issue is whether Respondent was personally served on November 4, 2024, at 4:33 pm outside of Terra Firma, located at 30086 Mission Blvd Hayward, CA as stated on the Proof of Service filed in this case.

2.  Attached for consideration is Mr. Dias' e mail notification regarding in-person visit for 4:00 pm sent at 2:18 pm on November 4, 2024 (Exhibit A); Mr. Dias's Uber receipt showing his arrival at 30086 Mission Blvd, Hayward at 4:34 pm on November 4, 2024 (Exhibit B); and the Terra Firma Supervised Visitation Report dated November 4, 2024.

3.  These exhibits show that Mr. Dias had less than 2 hours' notice for his first in-person visit, that he arrived at the visitation center after the time noted on the proof of service filed with the court, that he called the center to notify them of his eta, that he arrived at 4:35 pm stayed until the visit ended at 7:00 pm.

D24FL097850

4. This contradicts the statement made by Process Server Damon Pulido on file in this case.

5. The fact that Petitioner's Attorney used the Supervision Center in violation of their own rules in an attempt to serve legal documents is reprehensible. This is supposed to be a safe place for parties and their children. Mr. Dias stipulated to supervised visits in order to see his children without the additional delay of a custody hearing. Both parties signed a contract which stated that serving papers inside or outside the premises can result in termination of services. Serving legal papers at a supervision center interferes with court-ordered visitation. It disrupts the purpose of supervised visits – which is safety and a de-escalation of conflict. If the Court allows legal matters to invade these spaces, they cease to be safe. This is contact which should not be tolerated,

6. Mr. Dias was not served and so requests the Summons be quashed and service be vacated.

## I. Petitioner Alleges Personal Service Which Did Not Occur and Thus No Jurisdiction

7. A summons is the process by which a court acquires personal jurisdiction over a defendant in a civil action. The form of a summons is prescribed by law, and this must be substantially observed. Service of a substantially defective summons does not confer jurisdiction over a party (*MJS Enterprises, Inc. v. Superior Court* (1984) 153 Cal. App. 3d 555, 557; see *Earl W. Schott, Inc. v. Kalar* (1993) 20 Cal. App. 4th 943, 946–947 (failure to name business entity in proper capacity).

8. Notice of the litigation does not confer personal jurisdiction absent substantial compliance with the statutory requirements for service of summons. (See *Ault v. Dinner For Two, Inc.* (1972) 27 Cal.App.3d 145, 148.)

9. In California, notice of a claim against the defendant in a civil action is provided by service of summons pursuant to *Code of Civil Procedure* sections 412.20 and 413.10 through

D24FL097850

Page 2 of 3

416.90; 518.10 and 518.15). The nature of the claim against the defendant is set out in the complaint that accompanies the summons (*Code of Civil Procedure* section 415.10 through 415.45). Mere knowledge by defendant of plaintiff's complaint is neither the equivalent to nor a substitute for adequate service of summons and complaint (*Kuchins v Hawes* (1990) 226 Cal.App. 3d 535, 540).

10. California's *Code of Civil Procedure* sets forth acceptable methods of service, where applicable, on an individual. Personal service as described in *Code of Civil Procedure* section 415.10 requires the hand delivery of the summons and complaint to the person to be served. Respondent was not served.

**II. Petitioner Has Not Proven Proper Service**

11. When a respondent challenges that jurisdiction by bringing a motion to quash, the burden is on the petitioner to prove the existence of jurisdiction by proving, inter alia, the facts requisite to an effective service. (*Taylor-Rush v. Multitech Corp.* (1990) 217 Cal.App.3d 103, 110; Sheard *v. Superior Court* (1974) 40 Cal.App.3d 207, 211; *Coulston v. Cooper* (1966) 245 Cal.App.2d 866, 868.

**III. Conclusion**

There has been no service on Mr. Dias. In the interest of justice, any purported service of summons on Mr. Dias must be quashed and vacated.

Dated: February 3, 2024

Leslie Robin Azcona, Specially Appearing for
Respondent Casimiro Jose Canha Cavaco Dias

D24FL097850

Page 3 of 3

 Outlook

## RE: [EXT] FW: Return to Armenia

**From** Maria Garrett de Liévano <maria@drsfamilylaw.com>
**Date** Tue 11/5/2024 2:18 AM
**To** CANHA CAVACO DIAS, Casimiro Jose <diasc@who.int>
**Cc** Kelly Shindell DeLacey <kelly@drsfamilylaw.com>; Richard Min <rmin@gkmrlaw.com>; Michael Banuchis <MBanuchis@gkmrlaw.com>; Camilla Redmond <credmond@gkmrlaw.com>

Casimiro,

I confirmed with Bertha that she is prepared to move ahead today from 4:00 -7:00 PM.

Maria

---

**From:** CANHA CAVACO DIAS, Casimiro Jose <diasc@who.int>
**Sent:** Monday, November 4, 2024 1:59 PM
**To:** Maria Garrett de Liévano <maria@drsfamilylaw.com>
**Cc:** Kelly Shindell DeLacey <kelly@drsfamilylaw.com>; Richard Min <rmin@gkmrlaw.com>; Michael Banuchis <MBanuchis@gkmrlaw.com>; Camilla Redmond <credmond@gkmrlaw.com>
**Subject:** Re: [EXT] FW: Return to Armenia

Dear Maria,

I hope you are well.

I just got Marianne's email today at 12 pm for the visitation at 4 pm.
It will be great if this could be plan ahead.

I called Terra Firma and they confirmed there is no in-person visitation schedule for today.
Mrs Cuellar has confirmed it is only confirmed an online visitation tomorrow, Tuesday, 5 November.
I believe there is another misunderstanding regarding the visitation's plan, as per Court Order.

Thank you very much

Best wishes

Casimiro

---

**From:** Maria Garrett de Liévano <maria@drsfamilylaw.com>
**Sent:** Monday, November 4, 2024 12:05 PM
**To:** CANHA CAVACO DIAS, Casimiro Jose <diasc@who.int>
**Cc:** Kelly Shindell DeLacey <kelly@drsfamilylaw.com>; Maria Garrett de Liévano <maria@drsfamilylaw.com>; Richard Min <rmin@gkmrlaw.com>; Michael Banuchis <MBanuchis@gkmrlaw.com>; Camilla Redmond <credmond@gkmrlaw.com>
**Subject:** [EXT] FW: Return to Armenia

Casimiro,

A 112

You have an in-person visitation with the kids today between 4:00 and 7:00 PM.

Maria

---

**From:** CANHA CAVACO DIAS, Casimiro Jose <diasc@who.int>
**Sent:** Monday, November 4, 2024 11:38 AM
**To:** Kelly Shindell DeLacey <kelly@drsfamilylaw.com>; Maria Garrett de Liévano <maria@drsfamilylaw.com>
**Cc:** Richard Min <rmin@gkmrlaw.com>; Michael Banuchis <MBanuchis@gkmrlaw.com>; Camilla Redmond <credmond@gkmrlaw.com>
**Subject:** Return to Armenia

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dear Kelly and Maria,

I hope you are well.

I am sorry for coming back with the decision of returning to Armenia.
I have decided to return to Armenia because I am not feeling well.
I have been in San Francisco since 19 October 2024, and both my health condition is getting worst since I got Covid and later not having any in-person visitation since 20 October 2024, as per Court Order.

I understand there is no visitation plan for this week.
We can further talk about possible visitation's plan when I arrive to Armenia and recover my health.

I hope you can understand that I have to address my health condition to continue trying to obtain meaningful contact with my children.
Thank you very much for your understanding to such difficult decision of returning back to Armenia.

Best wishes

Casimiro

A 2/2

# Uber

November 4, 2024

## Here's your receipt for your ride, Casimiro

We hope you enjoyed your ride this afternoon.

| | |
|---|---|
| **Total** | **$53.96** |

| | |
|---|---|
| Trip fare | $29.33 |

| | |
|---|---|
| Subtotal | $29.33 |
| San Mateo Eastbound | $7.00 |
| Booking Fee | $17.21 |
| Access for All Fee | $0.10 |
| CA Driver Benefits | $0.32 |

## Payments

VISA  Visa ••••6608
11/5/24 2:34 AM                                             $53.96

Visit the trip page for more information, including invoices (where available)

You rode with LONG

UberX   24.04 miles | 50 min

- 3:43 PM | 1100 El Camino Real, Millbrae, CA 94030, US
- 4:34 PM | 30086 Mission Blvd, Hayward, CA 94544, US

Fare does not include fees that may be charged by your bank. Please contact your bank directly for inquiries.

B



## SUPERVISED VISITATION

| VISIT NAME: | Casimiro Dias | DATE OF VISIT: | 11/04/24 |
|---|---|---|---|
| CHILD(S) NAME: | Ines, Nuria, Afonso | TIME OF VISIT: | 4-7pm |
| MONITOR: | Bertha R. Cuellar | AMOUNT PAID: | |

Dad called stating he will not be here until 4:45pm. Mom is called and informed. She stated they are on their way. Mom arrives a few minutes after 4. Dad called at 4:19 stating he was 10 minutes away.

4:35 Dad walks in. He gives the kids flowers. They seem to like them. Dad asks the kids, "So how are you guys?" He gives Afonso a hug. He asks, "What did you do today?" Afonso said they went to school. Dad gives each a pastry with a candle on it. Dad sings the happy birthday song. Dad and Afonso sing the birthday song to Ines and then Nuria.

Dad says, "Thank you guys for coming." They open a gift for the birthday. It is a soccer ball. All are playing soccer.

Dad gives the kids drinks. He asks Ines to come to him. She does not. Dad seems to be asking the kids questions, and they do not respond. Dad talks to Nuria. He tells her, "I love you. I miss you very much." Dad tells Ines he loves her, but she doesn't seem to look at him. He goes back to Nuria and says, "I love you very much." He tells Afonso, "I love you very much. Are we good?" Afonso nods his head up and down.

Dad looks at Ines's shoes and says, "I like them so much." Nuria and Afonso are touching dad's hair. He asks Ines if she wants to touch his hair. She nods no to him. She moves away from him. Nuria and Afonso are checking out his neck where he has a little ball. Dad asks Ines if she wants to see the ball on her neck. She stands and looks then walks away to play with the soccer ball.

Dad starts talking to Ines. He is telling her he loves her and wants to see her. He puts his hands out for Ines. She touches his hands as he talks to her. She gets up a few times, but he asks her to sit for him to talk to her. After 3 times, she gets up and leaves.

Nuria and Afonso seem to engage with dad well. Dad keeps asking Ines to join them and she seems to decline. After a minute, she sits across dad, and they are swapping hands. Dad tells her she loves her. She gets up and plays with toys away from him.

Nuria and Afonso are looking at dad's teeth. Afonso tells Ines to come and see but she doesn't. Afonso continues to engage with dad. Afonso tells Ines and Nuria, "He has white hair. Nuria and Afonso are playing with dad. Ines is writing on the erase board. Dad pulls Ines in and is hugging her. She seems to pull away. He is telling her, "You like it. Ines is laughing. She gets up and sits to play with a doll. The other kids are playing with dad.

**Supervised Visit/ Dias & Dias**     11/04/24                              2

Ines brings a doll to dad, and all are engaging. Afonso seems to give dad a massage. Nuria is massaging dad's arm. Dad is telling Ines he loves her very much. The kids are playing with. Dad asks Ines, "Are we good? Are we good?" She doesn't respond. He gives Nuria a hug and kiss. The kids continue playing with the plastic color squares. Nuria is playing with a doll.

Dad asks Ines to sit next to him. He pads his lap for her to sit. She sits on his lap. She goes back to playing. Dad gives Nuria more hugs and kisses. She is playing with a doll. She seems to be the most open with dad. Ines walks by and dad grabs her. He is tickling her, and she is laughing. He tells her, "You are my baby." She gets up and plays with the squares.

Dad is telling the kids, "Thank you for coming. Thank you for coming." They are eating blueberries. They are eating lots of them. Dad and Afonso are wrestling and tickling. Nuria and Ines are on the erase board drawing. They are playing ball, throwing the ball to each other with mitts.

They are playing with other toys. Dad is sitting and telling the kids, "I love you so much. I miss you so much. I am happy to see you." He is putting his arms out to the kids to come to him. Afonso goes to him and dad embraces him. He calls Ines to go to him. She does not. She continues to play. He calls Nuria to come to him. She comes and she sits on his lap. He is telling her, "You are always my baby." He grabs Ines and sits her on his lap. She seems to try to break away and he holds her. This Monitor tells dad to let her go if she doesn't want to stay. He moves his hand off and she stays seated.

All are sitting on the floor. Dad, Nuria, and Afonso are holding hands. He asks to hold her hand and she nods her head. Dad, Nuria, and Afonso seem to have some conversation. Ines sits with them but doesn't talk.

Dad puts his hands out and asks the kids to all put their hands together. Dad tickles Ines's chin and she starts to laugh. The other kids are playing with dad. Ines seems to have joined in. He has her smack his hands and she does. He puts his arms out to her and asks for a hug. She stares at him and then walks away. The kids are looking at dad's white hair.

The visit is ending. All are putting toys away. Dad is asking Ines if she had a good time today. She doesn't respond. When it's time to leave, dad goes to everyone and says, "Thank you so much for coming." When it comes to Ines, he hugs her, but she leaves her hands down while dad hugs her. He says, "I love you so much."

*Bethe R. Ull* (signature)

30086 Mission Blvd., Hayward, CA 94544 • PH: (510) 675-9362 • FX: (510) 675-9468

