# EXHIBIT H

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Hayward Hall of Justice

| | |
|---|---|
| Rula Nabil Khoury Cavaco Dias<br>Plaintiff/Petitioner(s)<br>vs.<br>Casimiro Jose Canha Cavaco Dias<br>Defendant/Respondent(s) | No.     24FL092755<br><br>Date:  02/19/2025<br>Time:  12:00 PM<br>Dept:  510<br>Judge: Thomas Weathers<br><br>ORDER DVPA Jurisdiction |

On September 24, 2024, pursuant to the California Domestic Violence Protection Act (DVPA), Petitioner Rula Nabil Khoury Cavaco Dias filed for a domestic violence restraining order against Respondent Casimiro Jose Canha Cavaco Dias based primarily on physical abuse that occurred in the country of Armenia. This Court denied the request for a temporary restraining order pending a full hearing believing, among other things, that it may lack personal jurisdiction over Respondent. On December 17, 2024, Respondent filed a Request for Order (motion to dismiss) in this case pursuant to CCP 418.10 claiming lack of personal jurisdiction. The Court heard argument from counsel on February 5, 2025 and continued the matter to May 6, 2025 to conduct further legal research and allow for an evidentiary hearing in the related dissolution matter (Case No. 24FL097850).

Having heard from counsel, reviewed the paperwork, and conducted further legal research, the Court hereby DENIES the RFO/motion to dismiss this DVPA matter and finds that the Court has personal jurisdiction over Respondent for this Domestic Violence Prevention Act (DVPA) matter. The Court will also issue a Domestic Violence Temporary Restraining Order against Respondent pending the full hearing on this matter set for May 6, 2025.

California courts may exercise personal jurisdiction over a nonresident on any basis consistent with the federal or state constitutions. *See* Cal. Code Civ. Proc. sec. 410.10. A California court may have personal jurisdiction over a nonresident where the nonresident is served while physically present in the state. *In re Marriage of Thompson* (2022) 74 Cal.App.5th 481, 487. A California court may also exercise personal jurisdiction over a nonresident respondent when (1) the respondent has purposefully availed himself of forum benefits, (2) the controversy at issue arises from or is related to the respondent's forum-related contact, and (3) assertion of jurisdiction comports with fair play and substantial justice. *Pavlovich v. Superior Court* (2002) 29 Cal.4th 262, 269. This all may occur when the nonresident acting elsewhere causes effects in California of a nature that are exceptional and subject to special regulation in this state. *Quattrone v. Superior Court* (1975) 44 Cal.Appl.3d 296, 306. "The very existence of the Domestic Violence Prevention Act bespeaks California's concern with an exceptional type of conduct that it subjects to special regulation." *Hogue v. Hogue* (2017) 16 Cal.App.5th 833, 839. As such, a wrongful act under the DVPA by a nonresident acting elsewhere that causes an effect in California will trigger personal jurisdiction in California. *See Id*.

On November 4, 2024, Petitioner filed the DV-200 (Proof of Personal Service) declaring under

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
Hayward Hall of Justice

penalty of perjury that Respondent was served with this DVPA matter in San Francisco a few days earlier. This confers personal jurisdiction over Respondent. In addition, Petitioner stated in her declaration in support of her temporary restraining order that on August 7, 2024 while she was in California Respondent sent her a text stating that he "believes in the Almighty God and in his Justice . . . the shitshow will be over forever . . your family shitshow will be over forever." Petitioner stated that she believed this to be a threat to her life and the lives of her children and family members. This apparent wrongful act under the DVPA is also sufficient to grant this Court personal jurisdiction over Respondent even if the bulk of the domestic violence occurred in Armenia.

Accordingly, Respondent's request to dismiss this DVPA matter for lack of personal jurisdiction is DENIED. The evidentiary hearing on the DVRO request will go forward on May 6, 2025. A DVTRO (DV-110) shall issue forthwith.

IT IS SO ORDERED.


Dated :  02/19/2025

*[signature]*

Thomas Weathers / Judge

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | **FILED**<br>Superior Court of California<br>County of Alameda<br>03/05/2025<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _____ Deputy<br>C. Gallo |
| PLAINTIFF/PETITIONER:<br>Rula Nabil Khoury Cavaco Dias | |
| DEFENDANT/RESPONDENT:<br>Casimiro Jose Canha Cavaco Dias | |
| **CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL PROCEDURE 1010.6** | CASE NUMBER:<br>24FL092755 |

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the General Order (Court Order DVPA Jurisdiction) entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.

Leslie R Azcona
Leslie Robin Azcona, Attorney at Law
lr_azcona@yahoo.com

Michelle Marie Jacobson-Kwok
List Jacobson-Kwok Thorndal, LLP
michelle@ljtlawgroup.com

Chad Finke, Executive Officer / Clerk of the Court

Dated: 03/05/2025     By:

C. Gallo, Deputy Clerk

**CERTIFICATE OF ELECTRONIC SERVICE
CODE OF CIVIL PROCEDURE 1010.6**