UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASIMIRO JOSE CANHA CAVACO DIAS,<br><br>Petitioner,<br><br>v.<br><br>RULA NABIL KHOURY CAVACO DIAS,<br><br>Respondent. | Case No.  24-cv-04471-EMC<br><br>**ORDER RE CONDITIONAL DISCHARGE** |

Previously, the Court issued an order directing both Petitioner and his counsel, Mr. Min, to show cause as to why they should not be held in contempt for violation of the Court's minute order (Docket No. 165) and/or order of dismissal (Docket No. 185).  Petitioner and Mr. Min have responded, arguing, *inter alia*, that they did not violate either order, that they substantially complied with the orders, and that they have a good faith and reasonable interpretation of the orders.  While some of these arguments may have some merit, the Court's minute order reflected the Court's understanding that petitioner had agreed "to litigate custody before a California state court and **to work out service issues** (both for custody proceedings **and** any domestic violence proceedings) **so that the process can move forward in California state court**."  Docket No. 165 (minute order) (emphasis added).  That the dismissal order, which the parties stipulated to and the Court signed, used some different language did not alter that understanding.  It was based on that understanding that the Court allowed Petitioner to voluntarily dismiss his federal suit.

In his declaration, Petitioner states that, if he did misinterpret the Court's orders, and the Court directs him to "accept service of all future orders in California related to the domestic violence proceeding, I will, of course, comply."  Petitioner Decl. ¶ 21.  Given that representation,

the Court shall not at this juncture find either Petitioner or his counsel in contempt. The Court orders Petitioner to accept service of pleadings **or** any other papers in the California domestic violence proceedings so that the process can move forward in California state court. To be clear and so as to prevent future disputes from arising, the Court expects cooperation between the parties, and technical arguments will not be looked upon favorably.

For the foregoing reasons, the Court conditionally discharges the order to show cause. The discharge is conditioned on Petitioner's acceptance of service and cooperation with service as provided above.

With respect to Respondent's request that she is now entitled to possession of the children's identification documents currently in the Court's possession, that is a merits issue to be raised with the California state court. If she obtains a state court order, she may then inform this Court.

**IT IS SO ORDERED**.

Dated: March 21, 2025

_____
EDWARD M. CHEN
United States District Judge