UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASIMIRO JOSE CANHA CAVACO DIAS,<br><br>Petitioner,<br><br>v.<br><br>RULA NABIL KHOURY CAVACO DIAS,<br><br>Respondent. | Case No. 24-cv-04471-EMC<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>Docket No. 199 |

Previously, the Court ordered Petitioner to show cause why he should not be held in contempt for violating a prior Court order. *See* Docket No. 199 (order to show cause). Respondent asked the Court to hold Petitioner in contempt because he had filed a petition for custody in state court claiming that Respondent had abducted their minor children and asking for a return of the children to Armenia. Respondent argued that this conduct violated the Court's prior order at Docket No. 185. Respondent noted that, although Petitioner had agreed to file an amended petition in state court, no such petition had been filed. Although not entirely clear, it appears that the relief sought by Respondent was coercive, rather than remedial, in nature. *See* Docket No. 198 (Letter at 2) ("Ms. Dias can only hope that a contempt finding would *encourage compliance* with the promises he made to her and to this Court.") (emphasis added).

Petitioner has now filed a response to the order to show cause. In his response, Petitioner argues, *inter alia*, that the issue is moot because he has now filed an amended petition. *See* Pet.'s Resp. at 10. Respondent does not dispute such. *See* Docket No. 207 (letter) (acknowledging the filing of an amended petition). In light of this fact, and Respondent's request for coercive sanctions only, the Court agrees that the issue is moot. The Court therefore discharges the order to

show cause.

That being said, the Court takes this opportunity to note that it has serious concerns about Petitioner's conduct since the dismissal of this case. Although, on prior occasions, the Court has not found Petitioner to be in contempt, his conduct has, at the very least, skated, if not crossed, the line. As for the situation here, the Court's prior order, to which the Petitioner stipulated, clearly provided that "Petitioner shall not seek, either before the Northern District of California, **or any other Court**, to return the children to Armenia or to have Armenian courts govern custody proceedings." Docket No. 183 (Stip. & Order ¶ 5) (emphasis added). To the extent Petitioner suggests that enforcement of this provision would constitute interference with the state court proceedings, the Court does not agree. The provision governs his conduct only, and enforcement of the provision would be limited to contempt and sanctions against him. No injunction against the state court was sought.

Respondent has now filed a new letter contending that there are new violations of Court orders by Petitioner. *See* Docket No. 207 (letter). As a facial matter, that letter appears to have at least some merit. Thus, the record reflects that Petitioner has a pattern or practice of questionable behavior with respect to the conditions imposed by the Court in granting his motion for voluntary dismissal. Petitioner is forewarned that the Court shall bear this record in mind in assessing his future conduct.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1  With respect to the new letter filed by Respondent at Docket No. 207, it is not clear what
2  specific relief is sought by Respondent.  In other words, if Respondent is arguing that Petitioner
3  should be held in contempt for violating a Court order, what sanction should be imposed as a
4  result?  Is Respondent seeking a coercive sanction or a remedial sanction or both?  The Court
5  therefore orders Respondent to file a supplemental brief by **August 4, 2025**, clarifying what relief
6  she is seeking and authority to support such.  Petitioner shall then have until **August 25, 2026**, to
7  file a responsive brief.

8  This order disposes of Docket Nos. 198 and 199.

10  **IT IS SO ORDERED**.

12  Dated: July 21, 2025

_____
EDWARD M. CHEN
United States District Judge