1

2

3

4                        UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7    CASIMIRO JOSE CANHA CAVACO              Case No.  24-cv-04471-EMC
     DIAS,
8
                     Petitioner,             **ORDER RE CONTEMPT**
9
              v.                             Docket Nos. 207, 217
10
     RULA NABIL KHOURY CAVACO DIAS,
11
                     Respondent.
12

13

14         Previously, the Court ordered the parties to provide briefing on Respondent's claim that

15   Petitioner has violated the terms of the dismissal order.  *See* Docket No. 216 (order); *see also*

16   Docket No. 207 (letter from Respondent, claiming violations).  Having reviewed the parties'

17   briefs, the Court hereby rules as follows.

18   A.    Civil Contempt

19         "Civil contempt . . . consists of a party's disobedience to a specific and definite court order

20   by failure to take all reasonable steps within the party's power to comply."  *In re Dual-Deck Video*

21   *Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).  "The party alleging civil

22   contempt must demonstrate that the alleged contemnor violated the court's order by 'clear and

23   convincing evidence.'"  *Id.*

24         "[A] person should not be held in contempt if his action appears to be based on a good

25   faith and reasonable interpretation of the [court's order]."  *Id.* (internal quotation marks omitted).

26   In addition, "[s]ubstantial compliance with the court order is a defense to civil contempt . . . ."  *Id.*

27   (internal quotation marks omitted).  A party asserting substantial compliance "bears the burden of

28   establishing its applicability."  *Coleman v. Newsom*, 131 F.4th 948, 956 (9th Cir. 2025).

B.    <u>Alleged Violations (Docket No. 207)</u>

Respondent asserts that Petitioner has violated the terms of the dismissal order in two ways: (1) in state court proceedings related to marriage dissolution, he submitted an Income and Expense Declaration that included statements such as "[t]he children were abducted from Armenia to the US . . . by the mother," Docket No. 207 (Ex. A), and (2) in state court proceedings related to marriage dissolution, he served responses to document requests that consisted of blanket objections on the basis that each request "seeks information that is not relevant to the subject matter of the dissolution action since jurisdiction has not been decided." Docket No. 207 (Ex. B).

The Court does not find that Petitioner violated the terms of the dismissal order with respect to (1). The dismissal order contains the condition that "Petitioner shall not seek, either before the Northern District of California, or any other Court, to return the children to Armenia or to have Armenian courts govern custody proceedings." Docket No. 185 (¶ 5). There is no term that prohibits Petitioner from claiming that the children were taken from him without his consent.

The Court acknowledges that there are other statements in the Income and Expense Declaration that are troubling – *e.g.*, the suggestion that the children have had no contact with Petitioner (which is not true) and that the children were taken so as to subject them to sexual abuse by Respondent and male family members (no claim of this kind was made before this Court). But as above, there is no term in the dismissal order that bars Petitioner from making such claims, even if false.

However, the Court does find that Petitioner violated the terms of the dismissal order, and/or a related order that followed, with respect to (2). The dismissal order clearly stated that "[a]ll proceedings related to the custody and visitation of the minor children . . . shall be adjudicated exclusively before a California State Court." Docket No. 185 (¶ 6). In a subsequent order that followed, the Court stated:

> [S]o that the record is clear, moving forward, Petitioner shall submit to the jurisdiction of all proceedings related in any way to and shall adjudicate substantively all custody, visitation, domestic violence, and/or any other related proceedings in California state court. The Court's dismissal of the instant action (at Petitioner's request) was based on the understanding that Petitioner agreed to substantively litigate all such proceedings in California state court. He therefore

2

> agreed to forego raising procedural challenges in state court, such as
> a lack of jurisdiction. Petitioner is forewarned that failure to comply
> with this order could give rise to contempt proceedings.

Docket No. 195 (Order at 1-2).

In his papers, Petitioner suggests that the marriage dissolution proceedings are not covered by the above terms because the proceedings are not expressly identified and/or because they are too ancillary to custody and visitation. The Court does not agree, particularly in light of the broad language in its order at Docket No. 195. Furthermore, the order at Docket No. 185 indicated that marriage dissolution proceedings are proceedings related to custody and visitation, as reflected by ¶ 14. *See* Docket No. 185 (¶ 14) ("The intent of this stipulation is not to advise the state court on how to rule on any restraining orders, visitation or custody disputes, or, if any, divorce proceedings. The state court, with its expertise in family and custody disputes, shall retain its own discretion to make rulings based on the facts of the dispute presented in state court proceedings.").

The Court therefore finds Petitioner in contempt.

C. <u>Relief</u>

In terms of relief, Respondent has asked for coercive sanctions and remedial sanctions. The Court grants the request for relief in part.

The Court issues the following coercive sanction. By **September 11, 2025**, Respondent shall identify for Petitioner the state court pleadings, state court discovery responses, or other state court documents that contain jurisdictional objections. Petitioner shall then have until **September 25, 2025**, to amend all such documents – *i.e.*, to omit the jurisdictional objections – and to file the amended documents in state court if necessary. If Petitioner does not do so, then he shall be fined $50 for each day of noncompliance commencing from the date amendments should have been made and filed. *See Shell Offshore, Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) (noting that "coercive civil sanctions, intended to deter, generally take the form of conditional fines"); *see also Int'l Union v. Bagwell*, 512 U.S. 821, 829 (1994) (noting that a fine is civil in nature if it gives the contemnor "an opportunity to purge" – *i.e.*, an "opportunity to reduce or avoid the fine through compliance"). The fine is to be paid to the Clerk of the Court. Respondent shall provide a weekly update, beginning on **October 2, 2025**, to update the Court on the status of

1   Petitioner's compliance.

2           In addition, the Court issues the following remedial sanction. By **September 11, 2025**,

3   Respondent shall file a declaration from her state court attorney testifying as to (1) her hourly rate

4   and (2) the time she spent on addressing the improper jurisdictional objections. *See Shell*

5   *Offshore*, 815 F.3d at 629 (noting that a remedial sanction compensates the complainant for losses

6   sustained). To be clear, the declaration shall include only the time spent with respect to the

7   jurisdictional issue raised in Respondent's letter of July 10, 2025 (Docket No. 207). The Court

8   does not intend to compensate for prior conduct given that the Court did not make any contempt

9   finding in conjunction with such conduct. Petitioner shall then have until **September 25, 2025**, to

10  file a response as to whether the fees sought are reasonable. After reviewing the declaration from

11  state court counsel and Petitioner's response, the Court shall issue an order awarding Respondent

12  all or part of her attorney fees.

13          To the extent Respondent seeks a forward-looking sanction (coercive or remedial), the

14  Court does not award such relief because the Court cannot prejudge what will take place in the

15  future. However, Petitioner is forewarned that, especially given his "pattern or practice of

16  questionable behavior," Docket No. 216 (Order at 3), the Court may well issue a remedial sanction

17  in the form of attorneys' fees should there be a new failure to comply with the terms of the

18  dismissal order.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

United States District Court
Northern District of California

4

1

D.      Alleged New Violations (Docket No. 217)

2

Finally, the Court notes that, in her letter at Docket No. 217, Respondent claims additional

3

violations of the terms of the dismissal order.  All alleged violations are related to assertions by

4

Petitioner that Respondent abducted their children.  As discussed above, there is no term in the

5

dismissal order that prevents Petitioner from claiming that Respondent took the children from him

6

without his consent.  Thus, the Court finds no violation of the dismissal order here and does not

7

issue any contempt finding.

8

This order disposes of Docket Nos. 207 and 217.

9

10

**IT IS SO ORDERED**.

11

12

Dated: August 28, 2025

13

14

_____

15

EDWARD M. CHEN
United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

5