UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASIMIRO JOSE CANHA CAVACO DIAS,<br><br>Petitioner,<br><br>v.<br><br>RULA NABIL KHOURY CAVACO DIAS,<br><br>Respondent. | Case No. 24-cv-04471-EMC<br><br>**ORDER RE CONTEMPT SANCTIONS**<br><br>Docket Nos. 221, 222, 224-25, 228 |

Previously, the Court found Petitioner in civil contempt for disobedience to Court orders and issued coercive and remedial sanctions. *See* Docket No. 221 (order). The Court also ordered the parties to file supplemental papers related to the sanctions. *See* Docket No. 221, 223, 226 (orders). Having now reviewed the parties' supplemental filings, the Court orders as follows.

A.   Coercive Sanctions

In its prior order, the Court stated that, if Petitioner did not amend his state court documents containing jurisdictional objections, he would be fined $50 for each day of noncompliance. *See* Docket No. 221 (Order at 3). Based on Respondent's papers, it appears that Petitioner has amended his state court documents. *See* Docket No. 227 (letter from Respondent). Accordingly, Petitioner shall not be issued any fines for noncompliance.

To the extent Respondent now points to a divorce proceeding that took place or is taking place in Portugal, proceedings in Portugal were not addressed in any of the Court's prior orders.

B.   Remedial Sanctions

With respect to remedial sanctions, Petitioner first argues that the Court should not have issued such sanctions in the first place. Such arguments essentially constitute a motion for

1  reconsideration. However, Petitioner has not demonstrated that he should be given leave to file a
2  motion to reconsider. *See* Civ. L.R. 7-9(b).
3        Even if the Court were to consider Petitioner's arguments on the merits, he would fare no
4  better. For example, the Court never considered custody and divorce proceedings to be the same
5  or dependent on one another. Furthermore, the Court's order on contempt pointed out that the
6  order of dismissal did contemplate divorce proceedings. *See* Docket No. 221 (Order at 3 (noting
7  that "the [dismissal] order at Docket No. 185 indicated that marriage dissolution proceedings are
8  proceedings related to custody and visitation, as reflected by ¶ 14 [of that order]"). To the extent
9  Petitioner suggests that his jurisdictional objections were made in good faith, that is belied by the
10  record. The Court's relevant orders issued in November 2024 (Docket No. 185) and April 2025
11  (Docket No. 195). Petitioner's conduct that led to the issuance of a finding of contempt took place
12  in July 2025. *See* Docket No. 222 (Exs. A-B). Moreover, even if Petitioner did have
13  jurisdictional objections that might have some merit, he gave up those objections as a condition of
14  obtaining a voluntary dismissal of his federal suit. Finally, even if fees incurred in state court
15  would ordinarily be addressed by a state court, the situation here is somewhat unique: Respondent
16  should never have had to incur those fees because of what Petitioner agreed to in federal court. If
17  anything, Respondent is seeking less in fees than she could have. *See* Reply at 2 (asserting that
18  Respondent's counsel representing her in federal court have incurred hundreds of thousands in
19  fees since the dismissal order issued).
20        The only issue remaining before the Court is whether the attorneys' fees sought by
21  Respondent are reasonable. Petitioner asserts the fees sought are duplicative, but Respondent has
22  demonstrated that the fees are not – *i.e.*, the fees were incurred *after* she made her request for fees
23  from the state court.
24        The Court finds that most, but not all, of the fees requested by Respondent are reasonable.

- The paralegal time related to Petitioner's discovery responses shall be reduced. The time appears in part duplicative of attorney time or not sufficiently related to the discovery responses. The Court shall permit 0.2 hours of paralegal time instead of 0.4 hours.

- The Court shall not permit any of the paralegal time related to the Portugal issue (1.5 hours total). The time appears in part duplicative of attorney time or not sufficiently related to Petitioner's position that proceedings should take place in Portugal.

Taking into account the above, the Court awards remedial sanctions in the amount of **$2,515**.

- Time related to Petitioner's discovery responses: 0.4 hours of partner time at the rate of $500/hour ($200); 0.4 hours of associate time at the rate of $400/hour ($160); and 0.2 hours of paralegal time at the rate of $275/hour ($55). Total = $415.
- Time related to the Portugal issue: 3.0 hours of partner time at the rate of $500/hour ($1,500). Total = $1,500.
- Time related to contempt sanctions: 1.2 hours of partner time at the rate of $500/hour ($600). Total = $600.

Petitioner is ordered to pay Respondent $2,515 as a remedial sanction within three weeks of the date of this order. Petitioner shall meet and confer with counsel for Respondent to determine how the funds shall be transferred. The parties shall report back within four weeks of the date of this order to provide an update.

**IT IS SO ORDERED**.

Dated: October 17, 2025

_____
EDWARD M. CHEN
United States District Judge

3